IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARY E. CARRANZA, Individually and       §
As Next Friend of ANGEL MATTHEW          §
GONZALEZ, GUSTAVO GONZALEZ,              §
JR., and ALYSSA LAUREN GONZALEZ,        §
Minor Children, et.al.                   §
     *Plaintiffs*                          §
                                         §
VS.                                      §
                                         §
CITY OF LA FERIA, TEXAS,                 §
LA FERIA POLICE DEPARTMENT,              §
OFFICER GERARDO "JERRY"                  §
RAMIREZ, Individually and in his         §
Official Capacity; and                   §
VALLEY BAPTIST MEDICAL CENTER            §
     *Defendant*                           §

                               CIVIL ACTION NO. **B-02-180**
                               (JURY REQUESTED)

GUSTAVO GONZALEZ, Individually           §
Pursuant to the Texas Wrongful Death Act §
for the death of GUSTAVO GONZALEZ,       §
Deceased                                 §
     *Intervenor*                          §
                                         §
VS.                                      §
                                         §
CITY OF LA FERIA, TEXAS,                 §
OFFICER GERARDO "JERRY"                  §
RAMIREZ, Individually and in his         §
Official Capacity; and                   §
VALLEY BAPTIST MEDICAL CENTER            §
     *Defendant*                           §

United States District Court
Southern District of Texas
FILED

SEP 2 0 2002

Michael N. Milby
Clerk of Court

---

## NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    NOW COME DEFENDANTS CITY OF LA FERIA, TEXAS, LA FERIA POLICE

DEPARTMENT AND OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official

Capacity in the above styled and numbered matter, and files this their Notice of Removal of the

present cause from the 103rd Judicial District Court of Cameron County, Texas, pursuant to 28

U.S.C. §§ 1441 (b) and 1446 (a), in which it is now pending to the United States District Court for

the Southern District of Texas, Brownsville Division, and would respectfully show unto the Court

as follows:

## I.

On September 13, 2002, Plaintiffs filed Plaintiffs' Original Complaint against Defendants,

City of La Feria, Texas, La Feria Police Department, Officer Gerardo "Jerry" Ramirez, Individually

and in his Official Capacity; and Valley Baptist Medical Center in the 103rd Judicial District Court

of Cameron County, Texas, styled Cause No. 2002-09-003631-D;Mary E. Carranza, Individually

And as Next Fried of Angel Matthew Gonzalez, Gustavo Gonzalez, Jr., and Alyssa Lauren Gonzalez,

Minor Children and on behalf of all of those entitled to recover for death of Gustavo Gonzalez,

Deceased, Under the Texas Wrongful Death Act and Celia Muniz Gonzalez, Individually and as

personal representative of the Estate of Gustavo Gonzalez, Deceased vs. City of La Feria, Texas, La

Feria Police Department, Officer Gerardo "Jerry" Ramirez, Individually and in his Official Capacity

and Valley Baptist Medical Center.  A copy of Plaintiff's Original Petition is attached as part of the

Index of Exhibits.

On September 13, 2002, Intervenor filed Plaintiff, Gustavo Gonzalez' Plea of Intervention

in the case styled MARY E. CARANZA, Individually and AS NEXT FRIEND OF ANGEL

MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., and ALYSSA LAUREN GONZALEZ,

Minor Children and on Behalf of All of Those Entitled to Recover for Death of GUSTAVO

GONZALEZ, Deceased, Under the Texas Wrongful Death Act, and CELIA MUNIZ GONZALEZ,

Individually and As personal Representative of the ESTATE OF GUSTAVO GONZALEZ, Deceased vs. CITY LA FERIA, TEXAS, OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER, CAUSE NO. 2002-09-3631-D IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS, JUDICIAL DISTRICT; in the 103rd Judicial District Court, Cameron County, Texas, styled <u>Gustavo Gonzalez, Individually Pursuant to the Texas Wrongful Death Act for the death of Gustavo Gonzalez, Deceased vs. City of La Feria, Texas, Officer Gerardo "Jerry" Ramirez, Individually and in his Official Capacity; and Valley Baptist Medical Center</u>. A copy of intervenor's petition in intervention is attached as part of the Index of Exhibits.

## II.

Because plaintiffs have alleged violations of federal law in their original complaint and plea of intervention, including, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, this case may be removed to this court by defendants on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b).

## III.

Defendants City of La Feria, Texas, La Feria Police Department and Officer Gerardo "Jerry" Ramirez were served with Plaintiff's Original Complaint on September 17, 2002. No other defendant has been served with process at the time this removal was filed. Defendants have not yet been served with Plaintiff's Plea of Intervention nor has any other defendant been served. This Notice of Removal was timely filed within thirty (30) days from receipt by these defendants of Plaintiff's Original Complaint and Plaintiff's Plea of Intervention in accordance with the provision of 28 U.S.C. § 1446(b).

Signed on September 20, 2002.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By:_____
    Charles Willette, Jr.
    USDC No. 1937

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Removal has on September 20, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Joseph Barrientos
Watts Law Firm, L.L.P.
555 N. Carancahua, Ste. 1400
Corpus Christi, Texas 78478

Mr. Phillip J. Stein
the Law Office of Phillip J. Stein, P.C.
14-A Palm Village Center
Brownsville, Texas 78520

_____
Charles Willette, Jr.

4

CAUSE NO. *2002-09-3631-D*

| | |
|---|---|
| MARY E. CARRANZA, Individually | § |
| And as Next Friend of ANGEL | § |
| MATTHEW GONZALEZ, GUSTAVO | § |
| GONZALEZ, JR. and ALYSSA LAUREN | § |
| GONZALEZ, Minor Children | § |
| And on Behalf of All of Those Entitled | § |
| To Recover for Death of GUSTAVO | § |
| GONZALEZ, Deceased, Under the | § |
| Texas Wrongful Death Act, and | § |
| CELIA MUNIZ GONZALEZ, | § |
| Individually and As Personal | § |
| Representative of the ESTATE OF | § |
| GUSTAVO GONZALEZ, Deceased | § |
| | § |
| **Plaintiffs** | § |
| | § |
| vs. | § |
| | § |
| CITY OF LA FERIA, TEXAS, | § |
| LA FERIA POLICE DEPARTMENT, | § |
| OFFICER GERARDO "JERRY" | § |
| RAMIREZ, Individually and in his | § |
| Official Capacity; and | § |
| VALLEY BAPTIST MEDICAL CENTER | § |

IN THE DISTRICT COURT OF

FILED ___ __:30 O'CLOCK ___ M
AURORA DE LA GARZA, COUNTY CLERK
SEP 1 3 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

_103_ JUDICIAL DISTRICT

CAMERON COUNTY, TEXAS

## <u>PLAINTIFFS' ORIGINAL COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARY E. CARRANZA, Individually And As Next Friend of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR. and ALYSSA LAUREN GONZALEZ, Minor Children and On Behalf of all of Those Entitled to Recover For Death of GUSTAVO GONZALEZ, Deceased; Under the Texas Wrongful Death Act, and CELIA MUNIZ GONZALEZ, Individually and As Personal Representative of the ESTATE OF GUSTAVO GONZALEZ, Deceased, ("Plaintiffs") herein and file claims under the Texas Wrongful Death Act, the Texas Tort Claims Act and 28 U.S. C. §1983 against the CITY OF LA FERIA, TEXAS; THE CITY OF LA FERIA, TEXAS POLICE DEPARTMENT, (hereinafter referred to as "LFPD") OFFICER GERARDO "JERRY"

RAMIREZ, Individually and In His Official Capacity, and VALLEY BAPTIST MEDICAL CENTER, (hereinafter referred to as "VBMC") ("Defendants") herein.

## I. DISCOVERY LEVEL

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190.

## II. PARTIES

1. Plaintiff, MARY E. CARRANZA is an individual residing in Hidalgo County, Texas. She is the spouse of GUSTAVO GONZALEZ, Deceased and the mother of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR. and ALYSSA LAUREN GONZALEZ, minor children. Said minor children are also the biological children of GUSTAVO GONZALEZ, Deceased. Plaintiff MARY E. CARRANZA, brings suit herein individually and on behalf of the minor Plaintiffs.

2. Plaintiff CELIA MUNIZ GONZALEZ is an individual residing in Hidalgo County, Texas, and the mother of GUSTAVO GONZALEZ, Deceased.

3. Defendant CITY OF LA FERIA, TEXAS is a governmental Defendant and an incorporated municipality organized and existing under the laws of the State of Texas located in Cameron County, Texas and may be served with citation by serving *the City Manager of the City of La Feria, Texas, Sunny Phillip by personal service at 115 E. Commercial Ave, La Feria, Texas 78559.*

4. Defendant CITY OF LA FERIA POLICE DEPARTMENT is a governmental entity and governmental Defendant to this suit. Defendant CITY OF LA FERIA POLICE DEPARTMENT is located in La Feria, Cameron County, Texas and Service of Process

may be perfected by serving the *Chief of Police, Donato Garcia, by personal service at the La Feria Police Department, 128 East Commercial Ave, La Feria, Texas.*

5. Defendant OFFICER GERARDO "JERRY" RAMIREZ is an individual residing in Cameron County, Texas. Said Defendant may be served in both his individual and official capacities by personally serving *GERARDO "JERRY" RAMIREZ with citation at 128 East Commercial Ave, La Feria, Texas.*

6. Defendant VALLEY BAPTIST MEDICAL CENTER (hereinafter referred to as "VBMC") is a Texas corporation with its principal place of business in Cameron County, Texas. Said Defendant may be served by serving its agent for service of process, *Ben M. McKibbens at 2101 Pease Street, Harlingen, Cameron County, Texas 78550.*

## II. JURISDICTION AND VENUE

7. The Court has jurisdiction of this matter as it is an action filed under the Texas Tort Claims Act and the Texas Wrongful Death Act. Furthermore, the Court has supplemental jurisdiction over Plaintiffs claims against Defendants based on Federal Law because the claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is proper in Cameron County, Texas as Defendant VBMC has its principal place of business in Cameron County, Texas and, because the incidents which are the subject of this pleading occurred in Cameron County, Texas.

## III. DEATH OF GUSTAVO GONZALEZ

17. On or about September 17, 2000, GUSTAVO GONZALEZ, Deceased, was arrested by members of the LFPD for evading arrest. During the arrest procedure

P's Orig. Compaint
GJB
Page 3

GUSTAVO GONZALEZ was injured and was subsequently taken to VBMC for treatment.

18. GUSTAVO GONZALEZ, Decedent, remained at the VBMC under police guard by members of the LFPD on September 18th and September 19th.

19. While in custody at the VBMC, Decedent, GUSTAVO GONZALEZ was restrained to his bed by handcuffs.

20. Early in the morning hours of September 19, 2000, Defendant OFFICER GERARDO "JERRY" RAMIREZ was assigned to guard decedent, GUSTAVO GONZALEZ in his hospital room at the VBMC.

21. At the time he was taken to VBMC, Decedent GUSTAVO GONZALEZ had a long and well documented history of mental illness known to the LFPD.

22. In the early morning hours of September 19, 2000, as OFFICER GERARDO "JERRY" RAMIREZ was "guarding" GUSTAVO GONZALEZ, the two became involved in an altercation. As a result of the altercation, Defendant OFFICER GERARDO "JERRY" RAMIREZ used deadly force in the form of his firearm and shot GONZALEZ numerous times, resulting in GONZALEZ' death.

23. Defendant OFFICER GERARDO "JERRY" RAMIREZ was in the course and scope of his employment as a police officer for the CITY OF LA FERIA, TEXAS when he used deadly force by shooting and killing GUSTAVO GONZALEZ on September 19, 2000.

24. OFFICER GERARDO "JERRY" RAMIREZ, the CITY OF LA FERIA, TEXAS and the LFPD used unreasonable, unnecessary and excessive force in shooting and killing GUSTAVO GONZALEZ, Deceased.

**IV.**

25.  Plaintiff's claims against the various governmental Defendants are not solely based upon respondeat superior.  The governmental Defendants themselves violated GUSTAVO GONZALEZ' civil rights and constitutional rights because the constitutional deprivations were so well known, widespread, and pervasive that they amounted to a pattern, practice, and de facto policy of the governmental entities.   The deprivations of GUSTAVO GONZALEZ' constitutional rights occurred as a result of the implementation by the governmental entities and their subordinates of wrongful policies that permitted police guards to use unlimited force, including deadly force, in inappropriate circumstances.

**V.**

26.  In order for the agents and/or officers of the governmental Defendants to use deadly force against GUSTAVO GONZALEZ, various tangible property at the CITY OF LA FERIA, TEXAS and/or the LA FERIA POLICE DEPARTMENT was involved. On information and belief, this included the handgun which Defendant Gerardo "Jerry" Ramirez used to shoot Gustavo Gonzalez' numerous times.

**VI.**

27.  At all times relevant to this suit, GUSTAVO GONZALEZ was in the custody of the LFPD, and a being held in custody for medical purposes at the VBMC. While in custody at VBMC, on or about September, 19, 2000, GUSTAVO GONZALEZ was shot numerous times and killed by officers and/or subordinates of the governmental Defendants.

28.  The Governmental Defendants have a custom, pattern, and practice of assaults of persons in custody like GUSTAVO GONZALEZ by their uniformed officers, in violation of their constitutional rights, which is so widespread, pervasive, and well-settled that it amounts to an official county custom or policy, which was the moving

force behind the deprivation of GUSTAVO GONZALEZ' Constitutional rights. It further appears that governmental Defendants did not adequately train and supervise their officers, which also proximately caused the deprivation of GUSTAVO GONZALEZ' Constitutional rights.

**CAUSES OF ACTION**

**VII.**

**Count One: Violations of Constitutional and Civil Rights
and 28 U.S.C. § 1983 et. seq.**

29. The Governmental Defendants' assault of GUSTAVO GONZALEZ violated GONZALEZ' Fourth, Eighth, and Fourteenth Amendment Rights under the United States Constitution, in addition to the Federal Civil Rights Act, 28 U.S.C. § 1983 *et. seq.* No reasonable governmental body, its subordinates, agents, officers, or representatives, could have misunderstood that the Defendants' actions previously described clearly violated established federal law; therefore, Defendants are not entitled to immunity.

30. Considering the previously described conduct of the governmental Defendants, acting within the course and scope of their employment, all governmental Defendants have violated GONZALEZ' Fourth, Eighth, and Fourteenth Amendment Rights. The governmental Defendants have, as a matter of policy and practice, and with deliberate indifference to the rights of GONZALEZ, failed to adequately select, screen, educate, train, supervise, or otherwise direct the officers and/or guards working at the LFPD and/or assigned to the VBMC concerning the rights of its arrestees. This includes, but is not limited to the right of GONZALEZ to be free from the use of excessive force, including deadly force, and cruel and unusual punishment, thereby causing and/or allowing the governmental Defendants' officers and/or subordinates to engage in the unlawful conduct described above. At all relevant times, the

governmental Defendants were acting in their official capacities and under the authority given them by Texas law.

## VIII.

31.    The actions of governmental Defendants, all acting under color of law, deprived GONZALEZ of his rights, privileges, and immunities under the laws and Constitution of the United States; in particular, the right of an arrestee to be secure in his person and property, to be free from harassment and assault and battery, to be free from the use of excessive and deadly force, to be free from cruel and unusual punishment, the right to due process, and the rights protected by 42 U.S.C. §1983, et. seq. Furthermore, under State law, the governmental Defendants were charged with the non-delegable duty of exercising supervision and control over GONZALEZ while he was in their custody.  TEX. LOCAL GOV'T CODE art. §351.041(b) (Vernon 1988). They had a statutory duty to safely keep all arrestees committed to their care.  TEX. LOCAL GOV'T CODE art. §351.041(a) (Vernon 1988). They were specifically prohibited from using any cruel and unusual means to confine a person committed to their custody.  TEX. CODE CRIM. ANN. art. 16.21 (Vernon 1977). The governmental Defendants failed to carry out these non-delegable duties.  The deprivation of GONZALEZ' constitutional rights occurred as a result of the implementation by the governmental Defendants of wrongful policies that permitted police officers to have unlimited discretion to use deadly force against arrestees.  The deprivation of GONZALEZ' constitutional rights also occurred because the governmental Defendants wrongfully breached their affirmative duties specifically imposed upon them by state law: (1) to provide safe and secure facilities for arrestees while in their custody; and (2) to exercise supervision and control over the VBMC, in that they permitted guards, not properly trained, to have unlimited discretion to use deadly force against arrestees.

Furthermore, the governmental Defendants acted with deliberate indifference to the welfare of Gonzalez.

## IX.

32. As a further direct and proximate result of the above-described unlawful and malicious acts and omissions of the governmental Defendants, all of which were committed under color of law by the Defendants acting in their official capacity, GONZALEZ suffered injuries and damages far in excess of this Court's minimum jurisdictional limits. At all relevant times, the governmental Defendants were acting in their official capacity and under the authority given them by Texas law.

## X. TEXAS TORT CLAIMS ACT

33. Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth.

34. Defendants CITY OF LA FERIA, TEXAS and the LFPD are directly liable and responsible for the acts of Defendant OFFICER GERARDO "JERRY" RAMIREZ because they repeatedly, and with deliberate indifference, failed to enforce the laws of the State of Texas and regulations of the City and Police Department pertinent to the proper use of deadly force; or, alternatively, observed a policy or policies which encouraged and/or allowed the unreasonable use of deadly force by its police officers, thereby creating within the police force of the CITY OF LA FERIA, TEXAS, the belief that improper use of deadly force would be condoned, tolerated and/or ignored by superiors and officials of the city. As such, the CITY OF LA FERIA, TEXAS and the LFPD knew or should have been aware of such unlawful acts and practices prior to the shooting of GUSTAVO GONZALEZ, Deceased. **Under state law, the governmental Defendants are charged with the non-delegable duty of exercising supervision and**

control over the correctional facilities, including VBMC. TEX. LOCAL GOV'T CODE art. §351.041(b) (Vernon 1988). The governmental Defendants had a statutory duty to safely keep all arrestees committed to their care. TEX. LOCAL GOV'T CODE art. §351.041(a) (Vernon 1988). They were specifically prohibited from using any cruel and unusual means to confine a person committed to their custody. TEX. CODE CRIM. ANN. art. 16.21 (Vernon 1977). The governmental Defendants failed to carry out these non-delegable duties. Deprivation of GUSTAVO GONZALEZ, Deceased, constitutional rights occurred as a result of the implementation by the CITY OF LA FERIA, TEXAS and the LFPD and their subordinates of wrongful policies that permitted the use of deadly force under inappropriate circumstances. Furthermore, the CITY OF LA FERIA, TEXAS and the LFPD and their subordinates acted with deliberate indifference to the welfare of GUSTAVO GONZALEZ, Deceased.  The deprivation of GUSTAVO GONZALEZ' constitutional rights also occurred because the governmental Defendants wrongfully breached their affirmative duties specifically imposed upon them by state law:  (1) to provide safe and secure facilities in which to maintain custody of arrestees; and (2) to exercise supervision and control over their arrestees, in that they permitted guards to have unlimited discretion to use force, including deadly force, against arrestees.  Furthermore, the governmental Defendants and their subordinates acted with deliberate indifference to the welfare of GUSTAVO GONZALEZ.

35.  The failure of Defendants CITY OF LA FERIA, TEXAS and the LA FERIA POLICE DEPARTMENT to sufficiently investigate the background and qualifications of Defendant OFFICER GERARDO "JERRY" RAMIREZ or other law enforcement personnel and to provide proper training and supervision for Defendant OFFICER GERARDO "JERRY" RAMIREZ and other law enforcement personnel, amounts to a deliberate indifference to the safety of persons detained and/or placed under arrest by

P's Orig. Compaint
GJB
Page 9

the LFPD. Such failure was a direct and proximate cause of the bodily harm and injury and subsequent death suffered by GUSTAVO GONZALEZ. As such, the CITY OF LA FERIA, TEXAS and the LFPD are liable to the Plaintiffs for their negligence giving rise to the incidents complained of in this suit.

36. Defendants CITY OF LA FERIA, TEXAS and the LFPD failed to properly select, screen, educate, train, supervise or otherwise direct their employees, including Defendant OFFICER GERARDO "JERRY" RAMIREZ, with regard to the proper use of deadly force against persons detained or under arrest. These acts constitute negligence on the part of Defendants CITY OF LA FERIA, TEXAS and the LFPD and Defendant OFFICER GERARDO "JERRY" RAMIREZ. Defendants CITY OF LA FERIA, TEXAS and the LFPD are also responsible for the actions of Defendant OFFICER GERARDO "JERRY" RAMIREZ, as at all times during the above described incidents and conduct, Defendant OFFICER GERARDO "JERRY" RAMIREZ was acting within the course and scope of his employment and official duties.

## XI.

37. The governmental Defendants are also responsible for the actions of the individuals who, at all times during the above-described incidents and conduct, were acting within the course and scope of their employment and official duties. The Texas Tort Claims Act provides governmental liability, and waives sovereign immunity for the governmental Defendants, as the Plaintiff's claims arise from a personal injury and death so caused by a condition or use of tangible personal or real property by the Defendants, and their employees operating on their behalf. Additionally, the governmental Defendants allowed personal and real property to be employed in the shooting. The Act provides for governmental liability and waives sovereign immunity for the governmental Defendants as the claims arise from the use of personal or real property, which resulted in the death of GUSTAVO GONZALEZ.

## XII.  NEGLIGENCE

41. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

42. At the time of the incident in question, Defendants OFFICER GERARDO "JERRY" RAMIREZ, CITY OF LA FERIA, TEXAS, the LA FERIA POLICE DEPARTMENT and VALLEY BAPTIST MEDICAL CENTER committed acts of omission and commission, which collectively and severally, constituted negligence. Such negligence was the proximate cause of the occurrence in question, the severe injuries, pain and suffering and eventual death of GUSTAVO GONZALEZ, Deceased, as well as the damages to the Plaintiffs herein, for which these Defendants are legally responsible and for which Plaintiffs now bring suit under the Texas Wrongful Death Act.

## XIII.  PLAINTIFFS DAMAGES

43. Plaintiffs affirmatively pleads that they seek monetary relief aggregating more than $50,000.00 pursuant to Texas Rule of Civil Procedure 190.

44. As a proximate result of the occurrence made the basis of this suit, GUSTAVO GONZALEZ sustained the following damages:

    a.      Severe bodily injuries and death;

    b.      Before dying, GUSTAVO GONZALEZ suffered a period of conscious pain and suffering;

    c.      Violation of his constitutional rights under the fourth and fourteenth amendments to the United State Constitution to be free from unreasonable search and seizure of his person; and

38. The incidents described above were a direct and proximate result of the acts, omissions and wrongful conduct and negligence of Defendants CITY OF LA FERIA, TEXAS and the LFPD and Defendant OFFICER GERARDO "JERRY" RAMIREZ and such actions directly and proximate caused the grievous injuries and subsequent death of GUSTAVO GONZALEZ and damages suffered by the Plaintiffs.

39. Defendant OFFICER GERARDO "JERRY" RAMIREZ had a duty to act reasonably and responsibly while guarding GUSTAVO GONZALEZ, a person in the custody of the LFPD. By choosing to use deadly force, in the form of its firearm at a time when GUSTAVO GONZALEZ was in custody, receiving medical care and restrained, Defendant OFFICER GERARDO "JERRY" RAMIREZ acted wantonly and with malice. Defendant OFFICER GERARDO "JERRY" RAMIREZ shot and killed GUSTAVO GONZALEZ in a situation when GONZALEZ was defenceless and under the custody and control of the LFPD. Defendant OFFICER GERARDO "JERRY" RAMIREZ'S use of deadly force against GUSTAVO GONZALEZ, Deceased, was in bad faith, in violation of law and, therefore, Defendant OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS are not immune to suit.

40. Pursuant to the Texas Tort Claims Act, proper notice was given to the Defendants. This notice was provided within six (6) months after the date that the incidents given rise to this claim occurred. Additionally, the Defendants had actual notice that the incidents given rise to this suit including the injuries suffered and subsequent death, the governmental entities fault producing or contributing to the injury and the death of GUSTAVO GONZALEZ and the identities of the parties involved due to investigations occurring contemporaneously with the incident.

     d.          GUSTAVO GONZALEZ' ESTATE has paid or incurred liability to pay the reasonable and customary charge for a funeral and burial expenses.

45. By reason of all of the above and foregoing, Defendants OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS have damaged the ESTATE OF GUSTAVO GONZALEZ in an amount in excess of the minimal jurisdictional limits of this Court.

46. As a proximate result of the occurrence made the basis of this suit, Plaintiff MARY E. CARRANZA has sustained the following damages:

     a.          Physical pain and mental anguish in the past and in the future;

     b.          Loss of society and companionship;

     c.          Reasonable and necessary psychological expenses, both in the past and in the future, which may be recovered as part of compensation for pecuniary losses suffered as a result of GUSTAVO GONZALEZ' wrongful death; and

     d.          Loss of inheritance.

47. By reason of all of the above and foregoing, Defendants OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS have damaged MARY E. CARRANZA in an amount in excess of the minimum jurisdictional limits of this Court.

48. As a proximate result of the occurrence made the basis of this suit, ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR. and ALYSSA LAUREN GONZALEZ, Minor Children have each sustained the following damages:

     a.  Physical pain and mental anguish in the past and in the future;

     b.  Loss of society and companionship;

    c. Reasonable and necessary psychological expenses, both in the past and in the future, which may be recovered as part of compensation for pecuniary losses suffered as a result of GUSTAVO GONZALEZ'S wrongful death; and

    d. Loss of inheritance.

49. By reason of all of the above and foregoing, Defendants OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS have damaged ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR. and ALYSSA LAUREN GONZALEZ each in an amount in excess of the minimum jurisdictional limits of this Court.

50. As a proximate result of the occurrence made the basis of this suit, Plaintiff CELIA MUNIZ GONZALEZ has sustained the following damages:

    a. Physical pain and mental anguish in the past and in the future;

    b. Loss of society and companionship;

    c. Reasonable and necessary psychological expenses, both in the past and in the future, which may be recovered as part of compensation for pecuniary losses suffered as a result of GUSTAVO GONZALEZ' wrongful death; and

    d. Loss of inheritance.

51. By reason of all of the above and foregoing, Defendants OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS have damaged CELIA MUNIZ GONZALEZ in an amount in excess of the minimum jurisdictional limits of this Court.

## ATTORNEY'S FEES

### XIV.

52. Defendants' conduct as described in this petition, the resulting death of GUSTAVO GONZALEZ and damages to Plaintiffs has required Plaintiffs to retain attorneys whose names are subscribed to this petition. As such, Plaintiffs are entitled to the recovery of reasonable and necessary attorney's fees. Further, pursuant to 42 U.S.C. §1988, et. seq., Plaintiffs are entitled to recover from Defendants an additional sum to compensate them for reasonable and necessary attorney's fees for such attorney's services in the preparation and prosecution of this action, as well as reasonable fees for any and all appeals to other courts.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby demand a jury trial and that the Court;

a.      Award compensatory damages in an amount in excess of the Court's minimum jurisdictional limits and as supported by the evidence against the Defendants jointly and severally;

b.      Award costs of this action to Plaintiffs;

c.      Award interest as provided by law;

d.      Award such other and further relief as the Plaintiffs may justly show themselves entitled and the evidence may support.

Mikal C. Watts
State Bar No. 20981820
Joseph Barrientos
State Bar No. 01816495
Ray R. Marchan
State Bar No. 12969050
WATTS LAW FIRM, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, TX 78478
Phone: (361) 887-0500
Fax: (361) 887-0055

By:  _Joseph Barrientos_
Joseph Barrientos
State Bar No. 01816495

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARY E. CARRANZA, Individually and<br>As Next Friend of ANGEL MATTHEW<br>GONZALEZ, GUSTAVO GONZALEZ,<br>JR., and ALYSSA LAUREN GONZALEZ,<br>Minor Children, et.al.<br>     *Plaintiffs* | § § § § § § |
| VS. | § § |
| CITY OF LA FERIA, TEXAS,<br>LA FERIA POLICE DEPARTMENT,<br>OFFICER GERARDO "JERRY"<br>RAMIREZ, Individually and in his<br>Official Capacity; and<br>VALLEY BAPTIST MEDICAL CENTER<br>     *Defendant* | § § § § § § § |

CIVIL ACTION NO. **B-0 2-180 -1**
(JURY REQUESTED)

| | |
|---|---|
| GUSTAVO GONZALEZ, Individually<br>Pursuant to the Texas Wrongful Death Act<br>for the death of GUSTAVO GONZALEZ,<br>Deceased<br>     *Intervenor* | § § § § § § |
| VS. | § § |
| CITY OF LA FERIA, TEXAS,<br>OFFICER GERARDO "JERRY"<br>RAMIREZ, Individually and in his<br>Official Capacity; and<br>VALLEY BAPTIST MEDICAL CENTER<br>     *Defendant* | § § § § § § |

## LIST OF PARTIES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    NOW COME DEFENDANTS CITY OF LA FERIA, TEXAS, LA FERIA POLICE

DEPARTMENT AND OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official

Capacity, herein, and, in accordance with the Local Rules for the United States District Court for

the Southern District of Texas governing removal of civil actions, file this their List of Parties and

would submit the following with the Court:

## PLAINTIFFS

Mary E. Carranza, Individually and as next friend of Angel Matthew Gonzalez, Gustavo Gonzalez, Jr., and Alyssa Lauren Gonzalez, minor children and on behalf of all of those entitled to recover for death of Gustavo Gonzalez, deceased, under the Texas Wrongful Death Act, and Celia Muniz Gonzalez, Individually and as personal representative of the Estate of Gustavo Gonzalez deceased c/o Mr. Joseph Barrientos
Watts Law Firm, L.L.P.
555 N. Carancahua, Ste. 1400
Corpus Christi, Texas 78478
Telephone: 361-887-0500
Facsimile: 361-887-0055

## PLAINTIFFS' COUNSEL

Mr. Joseph Barrientos
Watts Law Firm, L.L.P.
555 N. Carancahua, Ste. 1400
Corpus Christi, Texas 78478
Telephone: 361-887-0500
Facsimile: 361-887-0055

## INTERVENOR

Gustavo Gonzalez
c/o Mr. Phillip J. Stein
the Law Office of Phillip J. Stein, P.C.
14-A Palm Village Center
Brownsville, Texas 78520
Telephone: 956-541-9243
Facsimile: 956-541-9244

**INTERVENOR'S COUNSEL**

Mr. Phillip J. Stein
the Law Office of Phillip J. Stein, P.C.
14-A Palm Village Center
Brownsville, Texas 78520
Telephone: 956-541-9243
Facsimile: 956-541-9244

**DEFENDANT**

City of La Feria, Texas
c/o WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: 956-541-1846
Facsimile: 956-541-1893

La Feria Police Department
c/o WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

Officer Gerardo "Jerry" Ramirez
c/o WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

**DEFENDANT'S COUNSEL**

Mr. Charles Willette, Jr.
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846

Facsimile: (956) 541-1893

Signed on September 20, 2002.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
        Charles Willette, Jr.
        USDC No. 1937

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this List of Parties has on September 20, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Joseph Barrientos
Watts Law Firm, L.L.P.
555 N. Carancahua, Ste. 1400
Corpus Christi, Texas 78478

Mr. Phillip J. Stein
the Law Office of Phillip J. Stein, P.C.
14-A Palm Village Center
Brownsville, Texas 78520

_____
Charles Willette, Jr.

4

CAUSE NO. 2002-09-003631-D

| | | |
|---|---|---|
| MARY E. CARRANZA, Individually and | § | IN THE DISTRICT COURT OF |
| As Next Friend of ANGEL MATTHEW | § | |
| GONZALEZ, GUSTAVO GONZALEZ, | § | |
| JR., and ALYSSA LAUREN GONZALEZ, | § | |
| Minor Children, et. al. | § | |
| Deceased | § | |
|     *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF LA FERIA, TEXAS, | § | |
| LA FERIA POLICE DEPARTMENT, | § | |
| OFFICER GERARDO "JERRY" | § | 103RD JUDICIAL DISTRICT |
| RAMIREZ, Individually and in his | § | |
| Official Capacity; and | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | |
|     *Defendant* | § | |
| | | |
| GUSTAVO GONZALEZ, Individually | § | |
| Pursuant to the Texas Wrongful Death Act | § | |
| for the death of GUSTAVO GONZALEZ, | § | |
| Deceased | § | |
|     *Intervenor* | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF LA FERIA, TEXAS, | § | |
| OFFICER GERARDO "JERRY" | § | |
| RAMIREZ, Individually and in his | § | |
| Official Capacity; and | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | |
|     *Defendant* | § | CAMERON COUNTY, TEXAS |

---

## NOTICE TO DISTRICT CLERK OF REMOVAL OF CIVIL ACTION

---

TO:   Ms. Aurora De La Garza
       CAMERON COUNTY DISTRICT CLERK
       974 E. Harrison
       Brownsville, Texas 78520

Please take notice that DEFENDANTS CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT AND OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity, in the above-referenced matter, have filed in the United States District Court for the Southern District of Texas, Brownsville Division, a Notice of Removal of the cause styled <u>Mary E. Carranza, Individually And as Next Fried of Angel Matthew Gonzalez, Gustavo Gonzalez, Jr., and Alyssa Lauren Gonzalez, Minor Children and on behalf of all of those entitled to recover for death of Gustavo Gonzalez, Deceased, Under the Texas Wrongful Death Act and Celia Muniz Gonzalez, Individually and as personal representative of the Estate of Gustavo Gonzalez, Deceased vs. City of La Feria, Texas, La Feria Police Department, Officer Gerardo "Jerry" Ramirez, Individually and in his Official Capacity and Valley Baptist Medical Center;</u> and <u>Gustavo Gonzalez, Individually Pursuant to the Texas Wrongful Death Act for the death of Gustavo Gonzalez, Deceased vs. City of La Feria, Texas, Officer Gerardo "Jerry" Ramirez, Individually and in his Official Capacity; and Valley Baptist Medical Center</u>, originally filed in the 103rd Judicial District Court of Cameron County, Texas, Cause Number 2002-09-003631-D, and that a true and correct copy of said Notice of Removal, is being filed with the Clerk of the said United States District Court for the Southern District of Texas, Brownsville Division, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said Notice of Removal, without copies of attachments, is attached to this notice.

Signed on September 20, 2002.

2

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Charles Willette, Jr.
USDC No. 1937

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice to District Clerk of Removal of Civil Action has on September 20, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Joseph Barrientos
Watts Law Firm, L.L.P.
555 N. Carancahua, Ste. 1400
Corpus Christi, Texas 78478

Mr. Phillip J. Stein
the Law Office of Phillip J. Stein, P.C.
14-A Palm Village Center
Brownsville, Texas 78520

_____
Charles Willette, Jr.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARY E. CARRANZA, Individually and §<br>As Next Friend of ANGEL MATTHEW §<br>GONZALEZ, GUSTAVO GONZALEZ, §<br>JR., and ALYSSA LAUREN GONZALEZ, §<br>Minor Children, et.al. §<br>         *Plaintiffs* §<br>         §<br>VS. §<br>         §<br>CITY OF LA FERIA, TEXAS, §<br>LA FERIA POLICE DEPARTMENT, §<br>OFFICER GERARDO "JERRY" §<br>RAMIREZ, Individually and in his §<br>Official Capacity; and §<br>VALLEY BAPTIST MEDICAL CENTER §<br>         *Defendant* §| |

CIVIL ACTION NO. _____
(JURY REQUESTED)

**B-02-180**

| | |
|---|---|
| GUSTAVO GONZALEZ, Individually §<br>Pursuant to the Texas Wrongful Death Act §<br>for the death of GUSTAVO GONZALEZ, §<br>Deceased §<br>         *Intervenor* §<br>         §<br>VS. §<br>         §<br>CITY OF LA FERIA, TEXAS, §<br>OFFICER GERARDO "JERRY" §<br>RAMIREZ, Individually and in his §<br>Official Capacity; and §<br>VALLEY BAPTIST MEDICAL CENTER §<br>         *Defendant* §| |

---

**NOTICE TO PLAINTIFFS AND INTERVENOR OF REMOVAL OF CIVIL ACTION**

---

TO:   Mary E. Carranza, et. al.
       by and through their attorneys of record.

Mr. Joseph Barrientos
Watts Law Firm, L.L.P.
555 N. Carancahua, Ste. 1400
Corpus Christi, Texas 78478

TO:    Gustavo Gonzalez
       by and through his attorney of record.

Mr. Phillip J. Stein
the Law Office of Phillip J. Stein, P.C.
14-A Palm Village Center
Brownsville, Texas 78520

Pursuant to Title 28 U.S.C. § 1446(b), as amended, you are notified that on September 20, 2002, in the above entitled and numbered cause (being Cause Number 2002-09-003631-D in the 103RD Judicial District Court of Cameron County, Texas) DEFENDANTS CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT AND OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity, filed its Notice of Removal in the United States District Court for the Southern District of Texas, Brownsville Division.  Copies of such Notice and other papers so filed are enclosed herewith.

Signed on September 20, 2002.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By:_____
      Charles Willette, Jr.
      USDC No. 1937

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice to Plaintiff of Removal of Civil Action has on September 20, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Joseph Barrientos
Watts Law Firm, L.L.P.
555 N. Carancahua, Ste. 1400
Corpus Christi, Texas 78478

Mr. Phillip J. Stein
the Law Office of Phillip J. Stein, P.C.
14-A Palm Village Center
Brownsville, Texas 78520

_____
Charles Willette, Jr.

CAUSE NO. 2002 09363l

| | | |
|---|---|---|
| GUSTAVO GONZALEZ, Individually | § | IN THE DISTRICT COURT OF |
| Pursuant to the Texas Wrongful Death Act | § | |
| for the death of GUSTAVO GONZALEZ, | § | |
| Deceased | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| CITY OF LA FERIA, TEXAS, OFFICER | § | |
| GERARDO "JERRY" RAMIREZ, Individually | § | |
| and in his Official Capacity; and | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | 103 JUDICIAL DISTRICT |

FILED 2:10 O'CLOCK ___ M
AURORA DE LA GARZA, CLERK
SEP 13 2002
DISTRICT COURT OF CAM...
DEPUTY

**PLAINTIFF, GUSTAVO GONZALEZ'
PLEA OF INTERVENTION IN THE CASE STYLED
*MARY E. CARRANZA, Individually and AS NEXT FRIEND OF
ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR. and ALYSSA LAUREN
GONZALEZ, Minor Children and on Behalf of All of Those Entitled to Recover for Death of
GUSTAVO GONZALEZ, Deceased, Under the Texas Wrongful Death Act, and
CELIA MUNIZ GONZALEZ, Individually and As Personal Representative of the
ESTATE OF GUSTAVO GONZALEZ, Deceased vs. CITY OF LA FERIA, TEXAS,
OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity;
and VALLEY BAPTIST MEDICAL CENTER, CAUSE NO. 2002 09363l D
IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS,      JUDICIAL DISTRICT***

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GUSTAVO GONZALEZ, Individually herein and files claims under the Texas

Wrongful Death Act, the Texas Torts Claims Act and 28 U.S.C. §1983 against the City of La Feria,

Texas, Officer Gerardo "Jerry" Ramirez, Individually and in his Official Capacity, and Valley Baptist

Medical Center, ("Defendants") herein.

**PARTIES**

1. Plaintiff, Gustavo Gonzalez, is an individual residing in Cameron County, Texas and is

the father of Gustavo Gonzalez, deceased.  Plaintiff, Gustavo Gonzalez herein intervenes and

brings suit individually against Defendants.

2. Defendant, City of La Feria, Texas is an incorporated municipality organized and existing

under the laws of the State of Texas located in Cameron County, Texas and may be served with

citation by serving Carlos Cantu, the Mayor of the City of La Feria, Texas at 115 E. Commercial

Ave., La Feria, Texas 78559.

3. Defendant, Officer Gerardo "Jerry" Ramirez is an individual residing in Cameron County, Texas. Said Defendant may be served in both his individual and official capacities by personally serving Gerardo "Jerry" Ramirez with citation at 128 East Commercial Ave., La Feria, Texas 78559.

4. Defendant, Valley Baptist Medical Center (hereinafter referred to as "VBMC") is a Texas corporation with its principal place of business in Cameron County, Texas. Said Defendant may be served by serving its agent for service of process, Ben M. McKibbens at 2101 Pease Street, Harlingen, Cameron County, Texas 78550.

5. Venue is proper in Cameron County, Texas as Defendant Valley Baptist Medical Center has its principal place of business in Cameron County, Texas and, because the incidents which are the subject of this pleading occurred in Cameron County, Texas.

### JURISDICTION

6. The Court has jurisdiction of this matter as it is an action filed under the Texas Tort Claims Act and the Texas Wrongful Death Act. Furthermore, the Court has supplemental jurisdiction over Plaintiff's claims against Defendants based on Federal Law because the claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

### FACTS CONCERNING DEATH OF GUSTAVO GONZALEZ

7. At the time of his death, Gustavo Gonzalez was the father of Gustavo Gonzalez, Deceased.

8. Officer Gerardo "Jerry" Ramirez was, at the time of the events given rise to this suit, a police officer with the City of La Feria, Texas.

9. City of La Feria, Texas, is an incorporated municipality located in Hidalgo County, Texas. It maintained a police department which employed Gerardo "Jerry" Ramirez as a police officer on the 19th day of September, 2000.

10. The City of La Feria, Texas has a policy or procedure of failing to provide training to its police officer employees regarding the appropriate use of deadly force that enables and allows its agents and employees to act with deliberate indifference to the constitutional rights of individuals.

11. The City of La Feria, Texas also has a policy or procedure of failing to supervise its police officers that further enable to allow its agents and employees to act with deliberate indifference to the constitutional rights of individuals.

12. At all times relevant to this suit, Officer Gerardo "Jerry" Ramirez was acting as an employee of the City of La Feria, Texas and used his powers as a police officer to further the interest of the City of La Feria, Texas.

13. Officer Gerardo "Jerry" Ramirez and the City of La Feria, Texas were, at all times material to the incident made the basis of this suit, acting under color of state law.

### DEATH OF GUSTAVO GONZALEZ

14. On or about September 17, 2000, Gustavo Gonzalez, Deceased, was arrested by members of the La Feria, Texas Police Department for evading arrest. During the arrest procedure Gustavo Gonzalez was injured and was subsequently taken to Valley Baptist Medical Center for treatment.

15. Gustavo Gonzalez, Decedent, remained at the Valley Baptist Medical Center, under police guard by members of the La Feria, Texas Police Department on September 18th and September 19th, 2000.

16. While in custody at the Valley Baptist Medical Center, Decedent, Gustavo Gonzalez was restrained during his stay.

17. Plaintiff believes that early in the morning hours of September 19, 2000, Defendant, Officer Gerardo "Jerry" Ramirez was assigned to guard Decedent, Gustavo Gonzalez in his hospital room at the Valley Baptist Medical Center.

18. At the time he was taken to Valley Baptist Medical Center, Decedent, Gustavo Gonzalez had a long and well documented history of mental disorders known to the La Feria, Texas Police Department.

19. In the early morning hours of September 19, 2000, as Officer Gerardo "Jerry" Ramirez was "guarding" Gustavo Gonzalez, Deceased, the two became involved in an altercation. As a result of the altercation, Defendant, Officer Gerardo "Jerry" Ramirez used deadly force in the form of his firearm and shot Gonzalez numerous times, resulting in Gonzalez's death.

20. Defendant, Officer Gerardo "Jerry" Ramirez was in the course and scope of his employment as a police officer for the City of La Feria, Texas when he used deadly force by shooting and killing Gustavo Gonzalez on September 19, 2000.

21. Officer Gerardo "Jerry" Ramirez and the City of La Feria, Texas used unreasonable, unnecessary and excessive force in shooting and killing Gustavo Gonzalez, Deceased.

### THE UNREASONABLENESS OF GERARDO "JERRY" RAMIREZ's ACTIONS

22. The use of deadly force by Defendant, Officer Gerardo "Jerry" Ramirez was unreasonable in light of the circumstances as Gustavo Gonzalez, Deceased, was in custody, receiving medical attention and restrained at the time he was shot and killed by Defendant Officer Gerardo "Jerry" Ramirez.

23. Defendant, Officer Gerardo "Jerry" Ramirez's use of excessive force in the form of shooting and killing Gustavo Gonzalez, Deceased was done in conformity with established policy of the City of La Feria, Texas and its police department, which subsequently ratified his actions as falling within established policy of the City of La Feria, Texas.

24. Defendant, Officer Gerardo "Jerry" Ramirez's conduct in shooting and killing Gustavo Gonzalez, Decedent was under color of state law as Defendant, Officer Gerardo "Jerry" Ramirez was clothed with the authority of the State of Texas and was acting thereunder.

## NEGLIGENCE

25. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

26. At the time of the incident in question, Defendants, Officer Gerardo "Jerry" Ramirez, City of La Feria, Texas and Valley Baptist Medical Center committed acts of omission and commission which, collectively and severally, constituted negligence. Such negligence was the proximate cause of the occurrence in question, the severe injuries, pain and suffering and eventual death of Gustavo Gonzalez, Deceased, as well as the damages to the Plaintiff herein, for which these Defendants are legally responsible and for which Plaintiff now brings suit under the Texas Wrongful Death Act.

## TEXAS TORT CLAIMS ACT

27. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

28. Defendant, City of La Feria, Texas is directly liable and responsible for the acts of Defendant, Officer Gerardo "Jerry" Ramirez because it repeatedly, and with deliberate indifference, failed to enforce the laws of the State of Texas and regulations of the city pertinent to the proper use of deadly force; or, alternatively, observed a policy which encouraged and/or allowed the unreasonable use of deadly force by its police officers, thereby creating within the police force of the City of La Feria, Texas, the belief that improper use of deadly force would be condoned, tolerated and/or ignored by superiors and officials of the city. As such, the City of La Feria, Texas knew or should have been aware of such unlawful acts and practices prior to the shooting of Gustavo Gonzalez, Deceased. Deprivation of Gustavo Gonzalez, Deceased, constitutional rights occurred as a result of the implementation by the City of La Feria, Texas and its subordinates of wrongful policies that permitted the use of deadly force under inappropriate circumstances. Furthermore, the City of La Feria, Texas and its subordinates acted with deliberate indifference to the welfare of Gustavo Gonzalez, Deceased.

29. The failure of Defendant, City of La Feria, Texas to sufficiently investigate the background and qualifications of Defendant, Officer Gerardo "Jerry" Ramirez or other law enforcement personnel and to provide proper training and supervision for Defendant, Officer Gerardo "Jerry" Ramirez and the law enforcement personnel, amounts to a deliberate indifference to the safety of persons detained and/or placed under arrest by the City of La Feria, Texas Police Department. Such failure was a direct and proximate cause of the bodily harm and injury and subsequent death suffered by Gustavo Gonzalez, Deceased. As such, the City of La Feria, Texas is liable to the Plaintiff for their negligence given rise to the incidents complained of in this suit.

30. Defendant, City of La Feria, Texas failed to properly select, screen, educate, train, supervise or otherwise direct their employees, including Defendant, Officer Gerardo "Jerry" Ramirez, with regard to the proper use of deadly force against persons detained or under arrest. These acts constitute negligence on the part of Defendant, City of La Feria, Texas and Defendant, Officer Gerardo "Jerry" Ramirez. Defendant, City of La Feria, Texas is also responsible for the actions of Defendant, Officer Gerardo "Jerry" Ramirez, as at all times during the above described incidents and conduct, Defendant, Officer Gerardo "Jerry" Ramirez was acting within the course and scope of his employment and official duties.

31. The incidents described above were a direct and proximate result of the acts, omissions and wrongful conduct and negligence of Defendant, City of La Feria, Texas and Defendant, Officer Gerardo "Jerry" Ramirez and such actions directly and proximate caused the grievous injuries and subsequent death of Gustavo Gonzalez, deceased and damages suffered by the Plaintiff.

32. Defendant, Officer Gerardo "Jerry" Ramirez had a duty to act reasonably and responsibly while guarding Gustavo Gonzalez, Deceased, a person in the custody of the City of La Feria, Texas Police Department. By choosing to use deadly force, in the form of its firearm at a time when Gustavo Gonzalez, Deceased was in custody, receiving medical care and restrained,

Defendant, Officer Gerardo "Jerry" Ramirez acted wantonly and with malice. Defendant, Officer Gerardo "Jerry" Ramirez shot and killed Gustavo Gonzalez, Deceased, in a situation when Gonzalez was defenseless and under the custody and control of the City of La Feria, Texas Police Department. Defendant, Officer Gerardo "Jerry" Ramirez's use of deadly force against Gustavo Gonzalez, Deceased, was in bad faith, in violation of law and, therefore, Defendant, Officer Gerardo "Jerry" Ramirez and the City of La Feria, Texas are not immune to suit.

33. Pursuant to the Texas Tort Claims Act, proper notice was given to the Defendants. This notice was provided within six (6) months after the date that the incidents given rise to this claim occurred. Additionally, the Defendants had actual notice that the incidents given rise to this suit including the injuries suffered and subsequent death, the governmental entities fault producing or contributing to the injury and the death of Gustavo Gonzalez and the identities of the parties involved due to investigations occurring contemporaneously with the incident.

## VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT RIGHTS

34. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

35. Defendant, City of La Feria, Texas, and Defendant, Officer Gerardo "Jerry" Ramirez, acted wilfully, deliberately, maliciously, or with reckless disregard for the constitutional rights of Gustavo Gonzalez, Deceased.

36. The exercise of established policies or customs promulgated by the City of La Feria, Texas, its police department, and its officers regarding the use of deadly force violated Gustavo Gonzalez, Deceased, clearly established rights to freedom from the use of unreasonable, unnecessary and excessive force under the United States Constitution.

## PLAINTIFF'S DAMAGES

37. As a proximate result of the occurrence made the basis of this suit, Plaintiff Gustavo Gonzalez has sustained the following damages:

a.    Physical pain and mental anguish in the past and in the future;

b.    Loss of society and companionship;

c.    Reasonable and necessary psychological expenses, both in the past and in the future, which may be recovered as part of compensation for pecuniary losses suffered as a result of Gustavo Gonzalez's wrongful death; and

d.    Loss of inheritance.

38. By reason of all of the above and foregoing, Defendants, Officer Gerardo "Jerry" Ramirez and the City of La Feria, Texas have damaged Gustavo Gonzalez in an amount in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby demands a jury trial and that the Court;

a.    Award compensatory damages in an amount in excess of the Court's minimum jurisdictional limits and as supported by the evidence against the Defendants jointly and severally;

b.    Award costs of this action to Plaintiff;

c.    Award interest as provided by law;

d.    Award such other and further relief as the Plaintiff may justly show himself entitled and the evidence may support.

Respectfully submitted,

THE LAW OFFICE OF PHILLIP J. STEIN, P.C.
14-A Palm Village Center
Brownsville, TX 78520
Phone (956) 541-9243
Fax   (956) 541-9244

By:    _Phillip J. Stein_

Phillip J. Stein
State Bar No. 19129600

ATTORNEY FOR PLAINTIFF

Citation for Personal Service  - GENERAL            Lit. Seq. # 5.003.01

No. 2002-09-003631-D

T H E   S T A T E   O F   T E X A S



NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CITY OF LA FERIA, TEXAS
    SERVING THE CITY MANAGER OF
    CITY OF LA FERIA
    115 E. COMMERCIAL AVE.
    LA FERIA, TEXAS 78559

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL COMPLAINT

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on SEPTEMBER 13, 2002.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003631-D.

The style of the case is:

MARY E. CARRANZA, IND. AND AS NEXT FRIEND OF ANGEL
VS.
CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMEN

Said petition was filed in said court by        JOSEPH BARRIENTOS
(Attorney for        PLAINTIFF        ), whose address is
555 N. CARANCAHUA, SUITE 1630  CORPUS CHRISTI, TX    78478        .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 16th day of SEPTEMBER, A.D. 2002.

### R E T U R N   O F   O F F I C E R

Came to hand the *16TH* day of *Sept.*, *2002*, at *5:00* o'clock *P*.M., and

executed (not executed) on the *17TH* day of *Sept.*, *2002* by delivering to

*City of La Feria, Tx.*

*Serving the City Manager of* in person a true copy of this Citation,

*City of La Feria*

upon which I endorsed the date of delivery, together with the accompanying copy

of the *Plaintiffs Original Petition* .

Cause of failure to execute this citation is: _____

_____.


FEES serving 1 copy

Total....... $ _____    Sheriff/constable *Cameron* County, TEXAS

Fees paid by: _____    By _____ Deputy

*C. P.*

FILED *2.00*
AURORA DE LA GARZA
SEP 17 2002
DISTRICT COURT

Citation for Personal Service  - GENERAL            Lit. Seq. # 5.004.01

No. 2002-09-003631-D

T H E    S T A T E    O F    T E X A S

ORIGINAL

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.


TO: LA FERIA POLICE DEPARTMENT
    SERVING CHIEF OF POLICE
    DONATO GARCIA
    128 E. COMMERCIAL AVE.
    LA FERIA, TEXAS

the          DEFENDANT          , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL COMPLAINT

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said          PETITION          was filed on SEPTEMBER 13, 2002.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003631-D.

The style of the case is:


            MARY E. CARRANZA, IND. AND AS NEXT FRIEND OF ANGEL
                              VS.
            CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMEN


Said petition was filed in said court by          JOSEPH BARRIENTOS
(Attorney for          PLAINTIFF          ), whose address is
555 N. CARANCAHUA, SUITE 1630  CORPUS CHRISTI, TX     78478          .


    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.


    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.


    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 16th day of SEPTEMBER, A.D. 2002.

R  T U R N   O F   O F F I C _ R

Came to hand the _16th_ day of _Sept._ _2002_, at _5:00_ o'clock _P_.M., and executed (not executed) on the _17th_ day of _Sept_, _2002_, by delivering to _La Feria Police Dept_ _Serving Chief of Police_ _Donato Garcia_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _Plaintiff Original Petition_ .

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $_____          Sheriff/constable _Camen_ County, TEXAS

Fees paid by: _____     By _____ ~~Deputy~~

                                 C.P

FILED _2:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST CLERK

SEP 17 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

Citation for Personal Service  - GENERAL                    Lit. Seq. # 5.005.01

No. 2002-09-003631-D



T H E   S T A T E   O F   T E X A S

 NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: OFFICER GERARDO "JERRY" RAMIREZ
  128 E. COMMERCIAL AVE.
  LA FERIA, TEXAS


the _____DEFENDANT_____, GREETING:

 You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL COMPLAINT

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on SEPTEMBER 13, 2002.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003631-D.

The style of the case is:

   MARY E. CARRANZA, IND. AND AS NEXT FRIEND OF ANGEL
             VS.
   CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMEN

Said petition was filed in said court by _____JOSEPH BARRIENTOS
(Attorney for _____PLAINTIFF_____), whose address is
555 N. CARANCAHUA, SUITE 1630  CORPUS CHRISTI, TX   78478

 The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

 The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

 Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 16th day of SEPTEMBER, A.D. 2002.

RETURN OF OFFICER

Came to hand the _16th_ day of _Sept._, _2002_, at _5:00_ o'clock _P_.M., and

executed (~~not executed~~) on the _17th_ day of _Sept._, _2002_, by delivering to

_Officer Eduardo "Jerry" Ramirez_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiffs Original Petition_ .

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $ _____

Fees paid by: _____

~~Sheriff~~/constable _Cameron_ County, TEXAS

By _____ ~~Deputy~~

C.P.

FILED 2:00 O'CLOCK P
AURORA DE LA GARZA

SEP 17 2002

DISTRICT COURT OF CAMERON COUNTY

RUN DATE 09/19/02
RUN TIME 8:51 AM

CERTIFI

* * * C L E R K ' S   E N T R I E S * * * *

MARY E. CARRANZA, IND. AND AS NEXT FRIEND OF ANGEL

VS

CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMEN

00410902
JOSEPH BARRIENTOS
555 N. CARANCAHUA, SUITE 1630
CORPUS CHRISTI, TX 78478 0000

(01)
WRONGFUL DEATH

09/13/02 ORIGINAL PETITI
09/13/02 INTERVENTION:
09/13/02 PLTF, GUSTAVO
09/13/02 INTERVENTION I
09/13/02 MARY E. CAR
         FRIEND OF ANGE
09/13/02 GONZALEZ, G
         ALYSSA LAWREN
09/13/02 MINOR CHILD
         OF THOSE ENTIT
09/13/02 RECOVER FOR
         GONZALEZ, DECE
09/13/02 TEXAS WRONG
09/13/02 MUNIZ GONZALEZ
         PERSONAL RE
09/13/02 ESTATE OF GUS
         DECEASED VS
09/13/02 TEXAS, OFFICER
         "JERRY", IND
         CAPACITY; & VA
09/13/02 MEDICAL CEN
         NO.2002-09-363
09/13/02 COURT OF CA
         JUDICIAL DISTR
09/16/02 CITATION: CITY
         SERVED: 09/
09/16/02 CITATION: LA F
         SERVED: 09/
09/16/02 CITATION: OFFI

RUN DATE  09/19/02
RUN TIME  8:51 AM

*  *  *   C L E R K ' S   E N T R I E S   *  *

CERTIFIED CO
*

MARY E. CARRANZA, IND. AND AS NEXT FRIEND OF ANGEL

VS

CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMEN

00410902
JOSEPH BARRIENTOS
555 N. CARANCAHUA, SUITE 1630
CORPUS CHRISTI, TX    78478 0000

(01)
WRONGFUL DEATH

RAMIREZ
09/16/02    SERVED: 09/
09/16/02    CITATION: VALI
09/16/02    SERVED:
09/17/02    JURY FEE: Pd.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY E. CARRANZA, Individually and | § | |
| As Next Friend of ANGEL MATTHEW | § | |
| GONZALEZ, GUSTAVO GONZALEZ, | § | |
| JR., and ALYSSA LAUREN GONZALEZ, | § | |
| Minor Children, et.al. | § | |
| _Plaintiffs_ | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF LA FERIA, TEXAS, | § | |
| LA FERIA POLICE DEPARTMENT, | § | |
| OFFICER GERARDO "JERRY" | § | |
| RAMIREZ, Individually and in his | § | |
| Official Capacity; and | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | |
| _Defendant_ | § | CIVIL ACTION NO. _____ |
| | | (JURY REQUESTED) |
| GUSTAVO GONZALEZ, Individually | § | |
| Pursuant to the Texas Wrongful Death Act | § | |
| for the death of GUSTAVO GONZALEZ, | § | |
| Deceased | § | |
| _Intervenor_ | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF LA FERIA, TEXAS, | § | |
| OFFICER GERARDO "JERRY" | § | |
| RAMIREZ, Individually and in his | § | |
| Official Capacity; and | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | |
| _Defendant_ | § | |

---

## INDEX OF EXHIBITS

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT AND

OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity, Defendants

herein, and, in accordance with the Local Rules for the United States District Court for the Southern

District of Texas governing removal of civil actions, file this their Index of Exhibits and would submit

the following with the Court the following:

1.      Plaintiffs; Original Complaint;

2.      Plaintiff, Gustavo Gonzalez' Plea of Intervention, et. al.;

3.      Citation issued to City f La Feria, Texas;

4.      Citation issued to City of La Feria Police Department;

5.      Citation issued to Officer Gerardo "Jerry" Ramirez;

6.      Certified Docket Sheet; and

7.      List of Parties.

Signed on September 20, 2002.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By:_____
      Charles Willette, Jr.
      USDC No. 1937

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Index of Exhibits has on September 20, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Joseph Barrientos
Watts Law Firm, L.L.P.
555 N. Carancahua, Ste. 1400
Corpus Christi, Texas 78478

Mr. Phillip J. Stein
the Law Office of Phillip J. Stein, P.C.
14-A Palm Village Center
Brownsville, Texas 78520

Charles Willette, Jr.