IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY E. CARRANZA, Individually and § <br> As Next Friend of ANGEL MATTHEW § <br> GONZALEZ, GUSTAVO GONZALEZ, § <br> JR., and ALYSSA LAUREN GONZALEZ, § <br> Minor Children, et.al. § <br>     *Plaintiffs* § <br> § <br> VS. § <br> § <br> CITY OF LA FERIA, TEXAS, § <br> LA FERIA POLICE DEPARTMENT, § <br> OFFICER GERARDO "JERRY" § <br> RAMIREZ, Individually and in his § <br> Official Capacity; and § <br> VALLEY BAPTIST MEDICAL CENTER § <br>     *Defendant* § <br> <br> GUSTAVO GONZALEZ, Individually § <br> Pursuant to the Texas Wrongful Death Act § <br> for the death of GUSTAVO GONZALEZ, § <br> Deceased § <br>     *Intervenor* § <br> § <br> VS. § <br> § <br> CITY OF LA FERIA, TEXAS, § <br> OFFICER GERARDO "JERRY" § <br> RAMIREZ, Individually and in his § <br> Official Capacity; and § <br> VALLEY BAPTIST MEDICAL CENTER § <br>     *Defendant* § | | United States District Court <br> Southern District of Texas <br> FILED <br> <br> SEP 2 0 2002 <br> <br> Michael N. Milby <br> Clerk of Court <br> <br> <br> B-02-180 <br> <br> <br> CIVIL ACTION NO. _____ <br> (JURY REQUESTED) |

---

**DEFENDANTS CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT, AND OFFICER GERARDO "JERRY" RAMIREZ' RULE 12(b)(6) MOTION TO DISMISS AND OFFICER GERARDO "JERRY" RAMIREZ' ALTERNATIVE MOTION TO COMPEL RULE 7(a) REPLY TO PLAINTIFFS' ORIGINAL COMPLAINT**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME DEFENDANTS CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT AND OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity in the above styled and numbered matter, and files this their Rule 12(b)(6) Motion to Dismiss and Defendant Officer Gerardo "Jerry" Ramirez' Alternative Motion to Compel Rule 7(a) Reply to Plaintiffs' Original Complaint and in support thereof shows the following:

## I.
## STATEMENT OF THE CASE

On or about September 17, 2000, and as set forth in Plaintiffs' Original Complaint, Gustavo Gonzalez, Deceased was arrested by members of the La Feria Police Department for evading arrest and during the arrest was injured and subsequently taken to the Valley Baptist Medical Center for treatment. While in custody and under armed guard at Valley Baptist Medical Center, Defendant Officer Gerardo "Jerry" Ramirez and Gustavo Gonzalez, Deceased became involved in an altercation which resulted in Defendant Officer Ramirez using deadly force in the form of his firearm which resulted in Gonzalez' death.

Not in contradiction to the allegations set forth in Plaintiffs' Original Complaint but as additional information for the Court, at approximately 8:15 p.m., on September 17, 2000, a City of La Feria police officer was advised of a possible drunk driver traveling southbound on FM 506 towards La Feria from Santa Rosa. When the officer stopped the vehicle he saw the driver, later identified as Gustavo Gonzalez, Deceased, get out of his vehicle. The officer ordered Gonzalez to get back in his vehicle at which time he noticed that Gonzalez was holding a large kitchen knife to his throat and he was bleeding. Gonzalez refused to get back in his vehicle and charged the officer with the knife swinging the knife from left to right in a threatening manner. Another officer arrived and

2

Gonzalez told the officer to kill him. After threatening the other officer, with the knife, Gonzalez got back into his vehicle, leaving the scene at a high rate of speed with his lights turned off. After losing control of his vehicle he was later apprehended without incident and was transported to Valley Baptist Medical Center due to his self-inflicted wounds to the neck. Gonzalez was charged with criminal attempted capital murder and two counts of evading arrest. During the search of Gonzalez' vehicle, an unusual amount of what appeared to be blood was found in the front seat of the passenger side and also found in the vehicle was a wallet belonging to a Yolanda Valdez. Later that evening Ms. Valdez' body was found lying in a field with multiple knife wounds, whereupon Gonzalez also became a suspect in Ms. Valdez' death.

On or about September 18, 2000, Defendant Officer Gerardo "Jerry" Ramirez was assigned to be an armed guard in Gonzalez' room at Valley Baptist Hospital. During the course of the late evening and early morning hours, and while Gonzalez was handcuffed to the bed, Gonzalez woke up and got out of bed and started walking toward Officer Ramirez dragging the bed behind him. Officer Ramirez ordered him to get back to the other side of the room and when he refused, Officer Ramirez used his police baton striking Gonzalez on the shoulder blade and legs in an effort to stop Gonzalez from advancing towards him. Gonzalez, unfazed by the baton, continued to advance towards Ramirez and pulled the bed in front of Officer Ramirez blocking his exit from the room. Ramirez then sprayed Gonzalez with pepper spray which seemed to have no effect on him. Officer Ramirez was yelling for help and again struck Gonzalez with the baton several times but to no avail. In the hospital room was a set of shackles which were to be used when Gonzalez got out of bed. Gonzalez grabbed the shackles and started swinging at Officer Ramirez. Gonzalez struck Officer Ramirez with the shackles several times in the face and body. Officer Ramirez, pinned in the corner of the room

and breathing pepper spray, fearing he was going to lose consciousness and at that point, in fear of his life, drew and fired his service weapon multiple times until Gonzalez stopped advancing towards Officer Ramirez, thus causing his death.

Again, not to contradict any of the statements or allegations in Plaintiffs' Original Complaint, since for the purposes of this Rule 12 (b)(6) motion to dismiss, all of plaintiffs' pleadings must be accepted as true, the defendants are only providing this information to the court as additional background as it relates to facts not included in Plaintiffs' Original Complaint.

Plaintiffs bring suit against Defendants City of La Feria, Texas, La Feria Police Department and Officer Gerardo "Jerry" Ramirez, individually and in his official capacity, under the Texas Tort Claims Act, Texas Wrongful Death Act, and 42 U.S.C. § 1983 and § 1988 et. seq., for alleged violations of constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

## II.
## MOTION TO DISMISS UNDER RULE 12(b)(6)

### A.   Standard for Dismissal under Rule 12(b)(6)

Plaintiffs have failed to state a claim for which relief can be granted. Accordingly, their lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although

the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 927 (5th Cir. 1988).

### B. Plaintiffs have no Eighth Amendment claims

The Plaintiffs have brought suit against Defendants alleging violations of their Eighth Amendment rights guaranteed by the United States Constitution. Eighth Amendment protection is given only to convicted inmates. See *Bell v. Wolfish*, 441 U.S. 520, 531, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The Eighth Amendment's prohibition against cruel and unusual punishment is inapplicable to pre-trial detainees. See *Ortega v. Rowe*, 796 F.2d 765, 767 (5th Cir.1986), *cert. denied*, 481 U.S. 1013, 107 S.Ct. 1887, 95 L.Ed.2d 495 (1987) (explaining that because a detainee's imprisonment did not result from a conviction the Eighth Amendment is inapplicable). Pretrial detainees look to the procedural and substantive due process guarantees of the Fourteenth Amendment to ensure the provisions of basic human needs and not the Eighth Amendment. As shown on the face of the Plaintiffs' Original Complaint, they allege the deceased was arrested, and in custody under armed guard, but not convicted. As a result, the Eighth Amendment is not applicable. Therefore, all Eighth Amendment claims against the Defendants should be dismissed.

### C. Plaintiffs' claims against the La Feria Police Department should be dismissed

The plaintiffs have brought suit against the La Feria Police Department; however, the La Feria Police Department is not an entity, in and of itself, and has no capacity to sue or be sued. It is nothing more than a department of the City of La Feria and therefore is not subject to suit and is not a proper defendant. Accordingly, defendants would request that the court dismiss all of plaintiffs' claims against the La Feria Police Department.

D. **The plaintiffs failed to properly allege a policy, practice or custom claim against the City of La Feria**

The Plaintiffs have brought suit against the City of La Feria, Texas under 42 U.S.C. § 1983. A governmental entity such as Defendant City of La Feria can only be held liable under § 1983 if some official policy, custom or practice "causes" the alleged constitutional violation. *Monell v. New York City Dep't of Social Services*, 436 U.S. 685, 690 (1978). Such official policy, custom or practice is evident if there are "numerous prior incidents" showing "systemic" violations of constitutional rights. *Hererra v. Valentine*, 653 F.2d 1220 (8th Cir. 1981) (emphasis added); *see also Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984) (en banc). In addition, this systemic and widespread pattern of numerous prior incidents must have affirmatively caused the constitutional injury of which the Plaintiff has complained. *Reimer v. Smith*, 663 F.2d 1316 (5th Cir. 1981). The Fifth Circuit has also stated that to properly state a claim under 42 U.S.C. § 1983, Plaintiffs must allege specific facts, not merely conclusory allegations of such a pattern. *Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985).

All of plaintiffs' allegations in their original complaint are nothing more than conclusory statements and allegations without any specificity of actual proof or facts, including, but not limited to, claims that the alleged custom, pattern, and practice of assaults of persons in custody like the deceased is so widespread, pervasive and well settled that it amounts to an official county [sic] custom or policy which was the moving force behind the deprivation of deceased's constitutional rights. Likewise, plaintiffs' conclusory allegations that the defendants did not adequately train and supervise their officers which also allegedly proximately caused a deprivation of Gonzalez'

6

constitutional rights are nothing more than conclusory allegations. Again, plaintiffs must allege specific facts, not make mere conclusory allegations of such patterns. *Id.*

### E.  Plaintiffs failed to properly allege a claim under the Fourth Amendment

Based on plaintiffs' own pleadings, at the time of Gustavo Gonzalez' death, he was a pretrial detainee and not an arrestee. While the Fourth Amendment protects arrestees, once an arrest is complete, pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment. *Brothers v. Klevenhagen*, 28 F.3d 452 (5th Cir. 1994); *Gutierrez v. City of San Antonio*, 139 F.3d 441 (5th Cir. 1998). Plaintiff was clearly a pretrial detainee and not an arrestee and has alleged no facts which would trigger the protections of the Fourth Amendment. Accordingly, defendants would request that the plaintiffs' Fourth Amendment claims be dismissed.

### F.  Plaintiffs failed to properly allege a claim under the Fourteenth Amendment

The Fifth Circuit has clearly determined that pretrial detainees receive the protection of the Due Process Clause of the Fourteenth Amendment. *Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir. 1994), *cert. denied*, 513 U.S. 1045, 115 S.Ct. 639, 130 L.Ed. 2d 545 (1994). Under *Valencia* the appropriate inquire is "whether the measure taken inflicted a necessary and wanton pain and suffering" and " 'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm.' " *Id.* 1446. Nowhere in plaintiffs' allegations bringing federal claims do the plaintiffs make any such allegations. Accordingly, defendants ask that plaintiffs' Fourteenth Amendment claims be dismissed.

### G.  Plaintiffs failed to properly allege a claim under the Texas Tort Claims Act

The plaintiffs have brought suit under the Texas Tort Claims Act but have failed to properly allege a cause of action falling within the strict requirement of the Texas Tort Claims Act. While

plaintiffs make conclusory and vague allegations that the claims arise from the use of personal or real property, the majority, if not all of their Texas Tort Claims Act allegations are completely and wholly outside the limited waiver of the Texas Tort Claims Act. Accordingly, plaintiffs' claims alleging a cause of action under the Texas Tort Claims Act should be dismissed.

### H.     Plaintiffs have no negligence claims

In Plaintiffs' Original Complaint they bring a separate paragraph entitled **"NEGLIGENCE."** The defendants are entitled to all the protection, rights, immunities, and defenses pursuant to the Texas Tort Claims Act and the only types of negligence claims that can be brought against these defendants are pursuant to the Texas Tort Claims Act. All the claims under plaintiffs' allegations of **"NEGLIGENCE"** fail to properly allege a cause of action under the strict requirements of the Texas Tort claims Act and accordingly all of plaintiffs' claims for negligence should be dismissed.

### I.     Plaintiffs are not entitled to recover attorneys fees

Plaintiffs allege in their original complaint that they are entitled to attorneys fees pursuant to 42 U.S.C. § 1988, et. seq.; however, since plaintiffs can not and will not be the prevailing party, they are not entitled to any attorneys fees as plead.

### J.     Suing Defendant Officer Gerardo "Jerry" Ramirez in his official capacity is equivalent to suing the City of La Feria

Plaintiffs have brought their section 1983 action against Defendant Officer Gerardo "Jerry" Ramirez in both his official and individual capacities. A section 1983 damages suit against a local government official in his or her official capacity is a suit against the local governmental entity itself. *Brandon v. Holt*, 469 U.S. 464 (1985). Thus, to the extent that plaintiffs have brought a section 1983 action against Defendant Officer Gerardo "Jerry" Ramirez in his official capacity, they are really

bringing suit against the City of La Feria, Texas which has already been named as a separate defendant in this action. Plaintiffs can not recover damages from Defendant Officer Gerardo "Jerry" Ramirez in his official capacity, as claims for these damages, if any, properly lie solely with the City of La Feria, Texas. Plaintiffs' claims against Defendant Officer Gerardo "Jerry" Ramirez in his official capacity should accordingly be dismissed.

K. **Defendant Officer Gerardo "Jerry" Ramirez asserts his right to qualified immunity**

Qualified immunity is available to individuals sued under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976). The doctrine of qualified immunity shields a government official performing discretionary functions from civil damages liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). In the instant case, Defendant Ramirez is being sued in his individual capacity. By this pleading, Defendant Ramirez raising his defense of qualified immunity. The United States Fifth Circuit has specifically held that "to merely make a charge [under §1983] is insufficient; the complaint must state with factual detail and particularity the basis for the claim which necessarily includes why the Defendant official cannot successfully maintain the defense of qualified immunity." *Wicks v Mississippi State Employment Services*. 41 F.3d 991, 996 (5th Cir. 1995). As a public official, Defendant Ramirez is entitled to qualified immunity from suit unless it is shown by specific allegations that he violated clearly established law. *Schultea v Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc). The facts Plaintiffs allege are not sufficient to overcome Defendant Ramirez' right to qualified immunity with respect to claims brought against him for violation of Plaintiffs' rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Accordingly, Defendant Ramirez is entitled to qualified immunity.

## III.
## <u>OFFICER GERARDO "JERRY" RAMIREZ' ALTERNATIVE MOTION TO COMPEL RULE 7(a) REPLY</u>

In *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)(en banc), the United States Court of Appeals for the Fifth Circuit had occasion to consider the continued validity of the heightened pleading requirement previously associated with the qualified immunity defense in this circuit in the aftermath of *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, ___ U.S. ___, 113 S. Ct. 1160 (1993). In *Schultea*, Judge Higgenbotham, writing for the court, revived the Federal Rule 7(a) "reply" as a means by which the district court could require a plaintiff asserting claims against a public official to go beyond mere conclusory allegations and state specific claims which abrogate the qualified immunity defense. As the court stated,

> [w]hen an public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense <u>in detail</u>.

*Schultea*, 47 F.3d at 1433 (emphasis added). In fact, the court suggests that the utilization of the Rule 7(a) reply should become normal practice in this federal circuit in future qualified immunity practice. Judge Higgenbotham adds, "[v]indicating the immunity doctrine will ordinarily <u>require</u> such a reply, and a district court's discretion not to do so is <u>narrow</u> indeed when greater detail might assist." *Id*. at 1434 (emphasis added). Plaintiffs here have failed to plead specific facts which, if true, would overcome Defendant Ramirez' right to qualified immunity. More particularly, this defendant, while not waiving his above and foregoing motion to dismiss plaintiffs' claims under the Fourth, Eighth and Fourteenth Amendments, has specifically pointed out that plaintiffs' Fourth and Eighth Amendment claims should surely be dismissed. As to the Fourteenth Amendment claims, plaintiffs

have failed to allege sufficient and detailed facts which would show that this defendant is subject to individual liability under the Fourteenth Amendment. Subject to the court ruling on the motion to dismiss, and in the alternative, Defendant Ramirez would request that the court order plaintiffs to file a Rule 7(a) reply to this motion.

WHEREFORE, PREMISES CONSIDERED, Defendants, City of La Feria, La Feria Police Department and Officer Gerardo "Jerry" Ramirez, pray that upon final trial and hearing, their Rule 12(b)(6) Motion to Dismiss be granted. Subject thereto, Defendant Officer Gerardo "Jerry" Ramirez' prays that his Alternative Motion for Rule 7(a) Reply be granted; that plaintiffs take nothing by their suit, that these defendants recover all costs incurred herein and that these defendants have such other and further relief at law or in equity, which they may show themselves to be justly entitled.

Signed on September 20, 2002.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Charles Willette, Jr.
USDC No. 1937

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this Notice of Removal has on September 20, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Joseph Barrientos
Watts Law Firm, L.L.P.
555 N. Carancahua, Ste. 1400
Corpus Christi, Texas 78478

Mr. Phillip J. Stein
the Law Office of Phillip J. Stein, P.C.
14-A Palm Village Center
Brownsville, Texas 78520

_____
Charles Willette, Jr

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARY E. CARRANZA, Individually and § <br> As Next Friend of ANGEL MATTHEW § <br> GONZALEZ, GUSTAVO GONZALEZ, § <br> JR., and ALYSSA LAUREN GONZALEZ, § <br> Minor Children, et.al. § <br> *Plaintiffs* § <br> § <br> VS. § <br> § <br> CITY OF LA FERIA, TEXAS, § <br> LA FERIA POLICE DEPARTMENT, § <br> OFFICER GERARDO "JERRY" § <br> RAMIREZ, Individually and in his § <br> Official Capacity; and § <br> VALLEY BAPTIST MEDICAL CENTER § <br> *Defendant* § | <br><br><br><br><br><br><br><br><br><br><br><br><br><br> CIVIL ACTION NO. _____ <br> (JURY REQUESTED) |
| GUSTAVO GONZALEZ, Individually § <br> Pursuant to the Texas Wrongful Death Act § <br> for the death of GUSTAVO GONZALEZ, § <br> Deceased § <br> *Intervenor* § <br> § <br> VS. § <br> § <br> CITY OF LA FERIA, TEXAS, § <br> OFFICER GERARDO "JERRY" § <br> RAMIREZ, Individually and in his § <br> Official Capacity; and § <br> VALLEY BAPTIST MEDICAL CENTER § <br> *Defendant* § | |

**ORDER GRANTING DEFENDANT OFFICER GERARDO "JERRY" RAMIREZ'
ALTERNATIVE MOTION TO COMPEL RULE 7(a) REPLY TO PLAINTIFFS'
ORIGINAL COMPLAINT**

On this the _____ day of _____, 2002, came on for consideration

Defendant Officer Gerardo "Jerry" Ramirez' Motion to Compel Rule 7(a) Reply to Plaintiffs' Original Complaint. Having examined same and considered the arguments of counsel, this Court is of the opinion that said motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendant Officer Gerardo "Jerry" Ramirez' Motion to Compel Rule 7(a) Reply to Plaintiffs' Original Complaint is GRANTED. It is further ORDERED that the plaintiffs are to replead with particularity and conformity with this order.

SIGNED on the _____ day of _____, 2002.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARY E. CARRANZA, Individually and § <br> As Next Friend of ANGEL MATTHEW § <br> GONZALEZ, GUSTAVO GONZALEZ, § <br> JR., and ALYSSA LAUREN GONZALEZ, § <br> Minor Children, et.al. § <br>     *Plaintiffs* § <br> § <br> VS. § <br> § <br> CITY OF LA FERIA, TEXAS, § <br> LA FERIA POLICE DEPARTMENT, § <br> OFFICER GERARDO "JERRY" § <br> RAMIREZ, Individually and in his § <br> Official Capacity; and § <br> VALLEY BAPTIST MEDICAL CENTER § <br>     *Defendant* § <br> <br> GUSTAVO GONZALEZ, Individually § <br> Pursuant to the Texas Wrongful Death Act § <br> for the death of GUSTAVO GONZALEZ, § <br> Deceased § <br>     *Intervenor* § <br> § <br> VS. § <br> § <br> CITY OF LA FERIA, TEXAS, § <br> OFFICER GERARDO "JERRY" § <br> RAMIREZ, Individually and in his § <br> Official Capacity; and § <br> VALLEY BAPTIST MEDICAL CENTER § <br>     *Defendant* § | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO. _____ <br>(JURY REQUESTED) |

**ORDER SETTING HEARING ON DEFENDANT OFFICER GERARDO "JERRY"
RAMIREZ' ALTERNATIVE MOTION TO COMPEL RULE 7(a) REPLY TO
PLAINTIFFS' ORIGINAL COMPLAINT**

On this the _____ day of _____ 2002, came on to be considered Defendant

Officer Gerardo "Jerry" Ramirez' Alternative Motion to Compel Rule 7(a) Reply to Plaintiffs' Original Complaint. After considering same, the Court is of the opinion that a hearing should be held.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendant Officer Gerardo "Jerry" Ramirez' Alternative Motion to Compel Rule 7(a) Reply to Plaintiffs' Original Complaint be and is hereby set for hearing on the _____ day of _____, 2002 at _____.m., in this Honorable Court.

SIGNED FOR ENTRY on this the _____ day of _____, 2002.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY E. CARRANZA, Individually and As Next Friend of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., and ALYSSA LAUREN GONZALEZ, Minor Children, et.al.<br>　　　*Plaintiffs*<br><br>VS.<br><br>CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT, OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER<br>　　　*Defendant*<br><br>GUSTAVO GONZALEZ, Individually Pursuant to the Texas Wrongful Death Act for the death of GUSTAVO GONZALEZ, Deceased<br>　　　*Intervenor*<br><br>VS.<br><br>CITY OF LA FERIA, TEXAS, OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER<br>　　　*Defendant* | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. _____<br>(JURY REQUESTED) |

**ORDER GRANTING DEFENDANT CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT, AND OFFICER GERARDO "JERRY" RAMIREZ' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT**

On this the _____ day of _____, 2002, came on for consideration

Defendant City of La Feria, Texas, La Feria Police Department, and Officer Gerardo "Jerry" Ramirez' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Original Complaint. Having examined same and considered the arguments of counsel, this Court is of the opinion that said motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendant City of La Feria, Texas, La Feria Police Department, and Officer Gerardo "Jerry" Ramirez' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Original Complaint is GRANTED. It is further ORDERED that this action be DISMISSED with prejudice.

SIGNED on the _____ day of _____. 2002.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY E. CARRANZA, Individually and As Next Friend of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., and ALYSSA LAUREN GONZALEZ, Minor Children, et.al.<br>   *Plaintiffs* | § § § § § § § | |
| VS. | § § | |
| CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT, OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER<br>   *Defendant* | § § § § § § § | CIVIL ACTION NO. _____<br>(JURY REQUESTED) |
| GUSTAVO GONZALEZ, Individually Pursuant to the Texas Wrongful Death Act for the death of GUSTAVO GONZALEZ, Deceased<br>   *Intervenor* | § § § § § | |
| VS. | § § | |
| CITY OF LA FERIA, TEXAS, OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER<br>   *Defendant* | § § § § § § | |

**ORDER SETTING HEARING ON DEFENDANT CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT, AND OFFICER GERARDO "JERRY" RAMIREZ' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT**

On this the _____ day of _____ 2002, came on to be considered Defendant

City of La Feria, Texas, La Feria Police Department and Officer Gerardo "Jerry" Ramirez' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Original Complaint. After considering same, the Court is of the opinion that a hearing should be held.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendant City of La Feria, Texas, La Feria Police Department and Officer Gerardo "Jerry" Ramirez' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Original Complaint be and is hereby set for hearing on the \_\_\_\_\_ day of _____, 2002 at \_\_\_\_ \_.m., in this Honorable Court.

SIGNED FOR ENTRY on this the \_\_\_\_ day of _____, 2002.

_____
UNITED STATES DISTRICT JUDGE