IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY E. CARRANZA, Individually and § <br> As Next Friend of ANGEL MATTHEW § <br> GONZALEZ, GUSTAVO GONZALEZ, § <br> JR., and ALYSSA LAUREN GONZALEZ, § <br> Minor Children, et.al. § <br> *Plaintiffs* § <br> § <br> VS. § <br> § <br> CITY OF LA FERIA, TEXAS, § <br> LA FERIA POLICE DEPARTMENT, § <br> OFFICER GERARDO "JERRY" § <br> RAMIREZ, Individually and in his § <br> Official Capacity; and § <br> VALLEY BAPTIST MEDICAL CENTER § <br> *Defendant* § | | United States District Court <br> Southern District of Texas <br> FILED <br><br> SEP 2 0 2002 <br><br> Michael N. Milby <br> Clerk of Court <br><br><br> B-02-180 <br><br> CIVIL ACTION NO. _____ <br> (JURY REQUESTED) |
| GUSTAVO GONZALEZ, Individually § <br> Pursuant to the Texas Wrongful Death Act § <br> for the death of GUSTAVO GONZALEZ, § <br> Deceased § <br> *Intervenor* § <br> § <br> VS. § <br> § <br> CITY OF LA FERIA, TEXAS, § <br> OFFICER GERARDO "JERRY" § <br> RAMIREZ, Individually and in his § <br> Official Capacity; and § <br> VALLEY BAPTIST MEDICAL CENTER § <br> *Defendant* § | | |

**DEFENDANTS CITY OF LA FERIA, TEXAS, AND OFFICER GERARDO "JERRY" RAMIREZ' RULE 12(b)(6) MOTION TO DISMISS AND OFFICER GERARDO "JERRY" RAMIREZ' ALTERNATIVE MOTION TO COMPEL RULE 7(a) REPLY TO PLAINTIFF GUSTAVO GONZALEZ' PLEA OF INTERVENTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME DEFENDANTS CITY OF LA FERIA, TEXAS, AND OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity in the above styled and numbered matter, and files this their Rule 12(b)(6) Motion to Dismiss and Defendant Officer Gerardo "Jerry" Ramirez' Alternative Motion to Compel Rule 7(a) Reply to Plaintiff Gustavo Gonzalez' Plea of Intervention and in support thereof shows the following:

## I.
## STATEMENT OF THE CASE

On or about September 17, 2000, and as set forth in Plaintiff's Plea of Intervention, Gustavo Gonzalez, Deceased was arrested by members of the La Feria Police Department for evading arrest and during the arrest was injured and subsequently taken to the Valley Baptist Medical Center for treatment. While in custody and under armed guard at Valley Baptist Medical Center, Defendant Officer Gerardo "Jerry" Ramirez and Gustavo Gonzalez, Deceased became involved in an altercation which resulted in Defendant Officer Ramirez using deadly force in the form of his firearm which resulted in Gonzalez' death.

Not in contradiction to the allegations set forth in Plaintiff's Plea of Intervention but as additional information for the Court, at approximately 8:15 p.m. on September 17, 2000, a City of La Feria police officer was advised of a possible drunk driver traveling southbound on FM 506 towards La Feria from Santa Rosa. When the officer stopped the vehicle he saw the driver, later identified as Gustavo Gonzalez, Deceased, get out of his vehicle. The officer ordered Gonzalez to get back in his vehicle at which time he noticed that Gonzalez was holding a large kitchen knife to his throat and he was bleeding. Gonzalez refused to get back in his vehicle and charged the officer with the knife swinging the knife from left to right in a threatening manner. Another officer arrived and Gonzalez told the officer to kill him. After threatening the other officer, with the knife, Gonzalez

got back into his vehicle, leaving the scene at a high rate of speed with his lights turned off. After losing control of his vehicle he was later apprehended without incident and was transported to Valley Baptist Medical Center due to his self-inflicted wounds to the neck. Gonzalez was charged with criminal attempted capital murder and two counts of evading arrest. During the search of Gonzalez' vehicle an unusual amount of what appeared to be blood was found in the front seat of the passenger side and also found in the vehicle was a wallet belonging to a Yolanda Valdez. Later that evening Ms. Valdez' body was found lying in a field with multiple knife wounds, whereupon Gonzalez also became a suspect in Ms. Valdez' death.

On or about September 18, 2000, Defendant Officer Gerardo "Jerry" Ramirez was assigned to be an armed guard in Gonzalez' room at Valley Baptist Hospital. During the course of the late evening and early morning hours, and while Gonzalez was handcuffed to the bed, Gonzalez woke up and got out of bed and started walking toward Officer Ramirez dragging the bed behind him. Officer Ramirez ordered him to get back to the other side of the room and when he refused, Officer Ramirez used his police baton striking Gonzalez on the shoulder blade and legs in an effort to stop Gonzalez from advancing towards him. Gonzalez, unfazed by the baton, continued to advance towards Ramirez and pulled the bed in front of Officer Ramirez blocking his exit from the room. Ramirez then sprayed Gonzalez with pepper spray which seemed to have no effect on him. Officer Ramirez was yelling for help and again struck Gonzalez with the baton several times but to no avail. In the hospital room was a set of shackles which were to be used when Gonzalez got out of bed. Gonzalez grabbed the shackles and started swinging at Officer Ramirez. Gonzalez struck Officer Ramirez with the shackles several times in the face and body. Officer Ramirez, pinned in the corner of the room and breathing pepper spray, fearing he was going to lose consciousness and at that point, in fear of

his life, drew and fired his service weapon multiple times until Gonzalez stopped advancing towards Officer Ramirez, thus causing his death.

Again, not to contradict any of the statements or allegations in Plaintiff's Plea of Intervention since for the purposes of this Rule 12(b)(6) motion to dismiss, all of plaintiffs' pleadings must be accepted as true, the defendants are only providing this information to the court as additional background as it relates to facts not included in Plaintiff's Plea of Intervention.

Plaintiff in his Plea of Intervention brings suit against Defendants City of La Feria, Texas, and Officer Gerardo "Jerry" Ramirez, individually and in his official capacity, for negligence, Texas Tort Claims Act violations, and for alleged violations of constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## II.
## MOTION TO DISMISS UNDER RULE 12(b)(6)

### A. Standard for Dismissal under Rule 12(b)(6)

Plaintiffs have failed to state a claim for which relief can be granted. Accordingly, their lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 927 (5th

Cir. 1988).

B. <u>The plaintiff failed to properly allege a policy, practice or custom claim against the City of La Feria</u>

The Plaintiff in his Plea of Intervention has brought suit against the City of La Feria, Texas under 42 U.S.C. § 1983. A governmental entity such as Defendant City of La Feria can only be held liable under § 1983 if some official policy, custom or practice "causes" the alleged constitutional violation. *Monell v. New York City Dep't of Social Services*, 436 U.S. 685, 690 (1978). Such official policy, custom or practice is evident if there are "<u>numerous</u> prior incidents" showing "systemic" violations of constitutional rights. *Hererra v. Valentine*, 653 F.2d 1220 (8th Cir. 1981) (emphasis added); *see also Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984) (en banc). In addition, this systemic and widespread pattern of numerous prior incidents must have <u>affirmatively</u> caused the constitutional injury of which the Plaintiff has complained. *Reimer v. Smith*, 663 F.2d 1316 (5th Cir. 1981). The Fifth Circuit has also stated that to properly state a claim under 42 U.S.C. § 1983, Plaintiffs must allege specific facts, not merely conclusory allegations of such a pattern. *Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985).

All of plaintiff's allegations in his plea of intervention are nothing more than conclusory statements and allegations without any specificity of actual proof or facts, including, but not limited to, claims that the City of La Feria had a policy or procedure of failing to provide training to its police officers regarding the appropriate use of deadly force; that the city has a policy or procedure of failing to supervise its police officers that further enable to allow its agents and employees to act with deliberate indifference and that the exercise of established policies or customs promulgated by the City of La Feria regarding the use of deadly force violated clearly established rights to freedom from

the use of reasonable, unnecessary and excessive force under the United States Constitution. Again, plaintiffs must allege specific facts, not make mere conclusory allegations of such policies and procedures. *Id.*

    C.    <u>**Plaintiff failed to properly allege a claim under the Fourth Amendment**</u>

Based on plaintiffs' own pleadings, at the time of Gustavo Gonzalez' death, he was a pretrial detainee and not an arrestee. While the Fourth Amendment protects arrestees, once an arrest is complete, pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment. *Brothers v. Klevenhagen*, 28 F.3d 452 (5th Cir. 1994); *Gutierrez v. City of San Antonio*, 139 F.3d 441 (5th Cir. 1998). Plaintiff was clearly a pretrial detainee and not an arrestee and has alleged no facts which would trigger the protections of the Fourth Amendment. Accordingly, defendants would request that the plaintiffs' Fourth Amendment claims be dismissed.

    D.    <u>**Plaintiff failed to properly allege a claim under the Fourteenth Amendment**</u>

The Fifth Circuit has clearly determined that pretrial detainees receive the protection of the Due Process Clause of the Fourteenth Amendment. *Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir. 1994), *cert. denied*, 513 U.S. 1045, 115 S.Ct. 639, 130 L.Ed. 2d 545 (1994). Under *Valencia* the appropriate inquire is "whether the measure taken inflicted a necessary and wanton pain and suffering" and " 'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm.' " *Id.* 1446. In Plaintiff's Plea of Intervention, plaintiff makes nothing more than conclusory allegations that these defendants acted willfully, deliberately, maliciously, or with reckless disregard and state no other facts or details to support such conclusory allegations. Accordingly, defendants ask that plaintiff's Fourteenth Amendment claims be dismissed.

E.　**Plaintiff failed to properly allege a claim under the Texas Tort Claims Act**

The plaintiff has brought suit under the Texas Tort Claims Act but has failed to properly allege a cause of action falling within the strict requirement of the Texas Tort Claims Act. Plaintiff makes no claims or allegations of any type which fall within the limited waiver of the Texas Tort Claims Act and in fact, all of plaintiff's allegations are completely and wholly outside the limited waiver of the Texas Tort Claims Act. Defendants hereby assert their entitlement to sovereign immunity. A governmental unit waives its immunity from suit in negligence actions only as the Texas Tort Claims Act permits. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.025 (Vernon 1996). The Texas Tort Claims Act's limited waiver of sovereign immunity includes only:

(1) property damage, personal injury and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-drive equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* at § 101.021.

Nowhere does plaintiff allege in his plea of intervention hat his injuries arose from operation of a motor-vehicle, the use of tangible personal or real property, or from a condition of real property. Plaintiff has thus not alleged facts showing waiver of the defendant's sovereign immunity.

Accordingly, plaintiff's claims alleging a cause of action under the Texas Tort Claims Act should be dismissed.

### F. <u>Plaintiff has no negligence claims</u>

In Plaintiff's Petition of intervention he brings a separate paragraph entitled **"NEGLIGENCE."** The defendants are entitled to all the protection, rights, immunities, and defenses pursuant to the Texas Tort Claims Act and the only types of negligence claims that can be brought against these defendants are pursuant to the Texas Tort Claims Act. All the claims under plaintiff's allegations of **"NEGLIGENCE"** fail to properly allege a cause of action under the strict requirements of the Texas Tort claims Act and accordingly all of plaintiff's claims for negligence should be dismissed.

### G. <u>Suing Defendant Officer Gerardo "Jerry" Ramirez in his official capacity is equivalent to suing the City of La Feria</u>

Plaintiff has brought his civil rights action against Defendant Officer Gerardo "Jerry" Ramirez in both his official and individual capacities. A section 1983 damages suit against a local government official in his or her official capacity is a suit against the local governmental entity itself. *Brandon v. Holt*, 469 U.S. 464 (1985). Thus, to the extent that plaintiff has brought a section 1983 action against Defendant Officer Gerardo "Jerry" Ramirez in his official capacity, he is really bringing suit against the City of La Feria, Texas which has already been named as a separate defendant in this action. Plaintiff can not recover damages from Defendant Officer Gerardo "Jerry" Ramirez in his official capacity, as claims for these damages, if any, properly lie solely with the City of La Feria, Texas. Plaintiff's claims against Defendant Officer Gerardo "Jerry" Ramirez in his official capacity should accordingly be dismissed.

H.  <u>Defendant Officer Gerardo "Jerry" Ramirez asserts his right to qualified immunity</u>

Qualified immunity is available to individuals sued under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976). The doctrine of qualified immunity shields a government official performing discretionary functions from civil damages liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). In the instant case, Defendant Ramirez is being sued in his individual capacity. By this pleading, Defendant Ramirez raising his defense of qualified immunity. The United States Fifth Circuit has specifically held that "to merely make a charge [under §1983] is insufficient; the complaint must state with factual detail and particularity the basis for the claim which necessarily includes why the Defendant official cannot successfully maintain the defense of qualified immunity." *Wicks v Mississippi State Employment Services*. 41 F.3d 991, 996 (5th Cir. 1995). As a public official, Defendant Ramirez is entitled to qualified immunity from suit unless it is shown by specific allegations that he violated clearly established law. *Schultea v Wood*, 47 F.3d 1427 (5th Cir. 1995)(en banc). The facts plaintiff alleges are not sufficient to overcome Defendant Ramirez' right to qualified immunity with respect to claims brought against him for violation of plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Accordingly, Defendant Ramirez is entitled to qualified immunity.

## III.
## OFFICER GERARDO "JERRY" RAMIREZ' ALTERNATIVE MOTION TO COMPEL RULE 7(a) REPLY

In *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)(en banc), the United States Court of Appeals for the Fifth Circuit had occasion to consider the continued validity of the heightened pleading requirement previously associated with the qualified immunity defense in this circuit in the

aftermath of *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, ___ U.S. ___, 113 S. Ct. 1160 (1993). In *Schultea*, Judge Higgenbotham, writing for the court, revived the Federal Rule 7(a) "reply" as a means by which the district court could require a plaintiff asserting claims against a public official to go beyond mere conclusory allegations and state specific claims which abrogate the qualified immunity defense. As the court stated,

> [w]hen an public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense <u>in detail</u>.

*Schultea*, 47 F.3d at 1433 (emphasis added). In fact, the court suggests that the utilization of the Rule 7(a) reply should become normal practice in this federal circuit in future qualified immunity practice. Judge Higgenbotham adds, "[v]indicating the immunity doctrine will ordinarily <u>require</u> such a reply, and a district court's discretion not to do so is <u>narrow</u> indeed when greater detail might assist." *Id.* at 1434 (emphasis added). Plaintiff here has failed to plead specific facts which, if true, would overcome Defendant Ramirez' right to qualified immunity. More particularly, this defendant, while not waiving his above and foregoing motion to dismiss plaintiff's claims under the Fourth, and Fourteenth Amendments, has specifically pointed out that plaintiff's Fourth Amendment claim should surely be dismissed. As to the Fourteenth Amendment claims, plaintiff has failed to allege sufficient and detailed facts which would show that this defendant is subject to individual liability under the Fourteenth Amendment. Subject to the court ruling on the motion to dismiss, and in the alternative, Defendant Ramirez would request that the court order plaintiff to file a Rule 7(a) reply to this motion.

WHEREFORE, PREMISES CONSIDERED, Defendants, City of La Feria, Texas and Officer

Gerardo "Jerry" Ramirez, pray that upon final trial and hearing, their Rule 12(b)(6) Motion to Dismiss Plaintiff's Plea in Intervention be granted. Subject thereto, Defendant Officer Gerardo "Jerry" Ramirez' prays that his Alternative Motion for Rule 7(a) Reply to Plaintiff's Plea of Intervention be granted; that plaintiff take nothing by his suit, that these defendants recover all costs incurred herein and that these defendants have such other and further relief at law or in equity, which they may show themselves to be justly entitled.

Signed on September 20, 2002.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Charles Willette, Jr.
USDC No. 1937

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Removal has on September 20, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Joseph Barrientos
Watts Law Firm, L.L.P.
555 N. Carancahua, Ste. 1400
Corpus Christi, Texas 78478

Mr. Phillip J. Stein
the Law Office of Phillip J. Stein, P.C.
14-A Palm Village Center
Brownsville, Texas 78520

_____
Charles Willette, Jr.