IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 8 2002

Michael N. Milby
Clerk of Court

MARY E. CARRANZA, Individually §
And as Next Friend of ANGEL §
MATTHEW GONZALEZ, GUSTAVO §
GONZALEZ, JR. and ALYSSA LAUREN§
GONZALEZ, Minor Children §
And on Behalf of All of Those Entitled §
To Recover for Death of GUSTAVO §
GONZALEZ, Deceased, Under the §
Texas Wrongful Death Act, and §
CELIA MUNIZ GONZALEZ, §
Individually and As Personal §
Representative of the ESTATE OF §
GUSTAVO GONZALEZ, Deceased §
§
       Plaintiffs §
§
vs. §
§
CITY OF LA FERIA, TEXAS, §
LA FERIA POLICE DEPARTMENT, §
OFFICER GERARDO "JERRY" §
RAMIREZ, Individually and in his §
Official Capacity; and §
VALLEY  BAPTIST MEDICAL CENTER§
§
       Defendants

                    CIVIL ACTION. NO. B-02-180

GUSTAVO GONZALEZ, Individually §
Pursuant to the Texas Wrongful Death §
Act for the death of GUSTAVO §
GONZALEZ, Deceased §
§
       Intervenor §
§
vs. §
§
CITY OF LA FERIA, TEXAS §
OFFICER GERARDO "JERRY" §
RAMIREZ, Individually and in his §
Official Capacity; and §
VALLEY BAPTIST MEDICAL CENTER §
§
       Defendants

### PLAINTIFFS' MOTION TO REMAND AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW, Plaintiffs, MARY E. CARRANZA, Individually And as Next Friend of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR. and ALYSSA LAUREN GONZALEZ, Minor Children And on Behalf of All of Those Entitled To Recover for Death of GUSTAVO GONZALEZ, Deceased, Under the Texas Wrongful Death Act, and CELIA MUNIZ GONZALEZ, Individually and As Personal Representative of the ESTATE OF GUSTAVO GONZALEZ, Deceased,  in the above styled and numbered cause, and file this their Motion to Remand as this case was improvidently removed, and in support thereof would show as follows:

### I. FACTS AND PROCEDURAL BACKGROUND

1.     This case involves the death of GUSTAVO GONZALEZ which occurred on September 19, 2000.  GUSTAVO GONZALEZ was shot repeatedly until dead by officer GERARDO "JERRY" RAMIREZ, a police officer with the LA FERIA, TEXAS POLICE DEPARTMENT, who was guarding GONZALEZ.

2.     At the time of the shooting, GONZALEZ was in the custody of the LA FERIA POLICE DEPARTMENT and a patient at the VALLEY BAPTIST MEDICAL CENTER in Harlingen, Texas.  GONZALEZ was handcuffed to a hospital bed at the time that he was shot a total of 12 times by RAMIREZ.

3.     MARY E. CARRANZA brought claims individually and on behalf of her minor children along with CELIA MUNIZ GONZALEZ, the decedent's mother, under the Texas Wrongful Death Act, Texas Tort Claims Act and under Section 28 U.S.C., §1983 against the CITY OF LA FERIA, TEXAS, THE CITY OF LA FERIA POLICE DEPARTMENT, OFFICER GERARDO "JERRY RAMIREZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY and VALLEY BAPTIST MEDICAL CENTER.

4.     Plaintiffs' Original Petition was filed in State District Court in Cameron County, Texas on the 13th day of September, 2002. (See Exhibit "A" which is a file-stamped copy of Plaintiffs' Original Petition).

5.     Defendant VALLEY BAPTIST MEDICAL CENTER was served with citation on September 23, 2002. (See Exhibit "B" which is a copy of the citation and return on VALLEY BAPTIST MEDICAL CENTER).

6.     Defendants CITY OF LA FERIA, TEXAS, CITY OF LA FERIA POLICE DEPARTMENT and GERARDO "JERRY" RAMIREZ, Individually and in His Official Capacity, were all served with citation on September 17, 2002. (See Exhibits "C, D and E" which are the citations and returns for each of those Defendants).

7.     Defendants CITY OF LA FERIA, TEXAS, CITY OF LA FERIA POLICE DEPARTMENT and GERARDO "JERRY" RAMIREZ, Individually and in His Official Capacity filed no Answer to the lawsuit, but instead filed a Notice of Removal to The United States District Court For The Southern District of Texas, Brownsville, Division on September 20, 2002.

8.     Defendant VALLEY BAPTIST MEDICAL CENTER, a Texas corporation with its principal place of business in Cameron County, Texas, was not a party to the removal action, nor have the removing Defendants obtained a consent to remove from the Defendant VALLEY BAPTIST MEDICAL CENTER.

## II. PLAINTIFFS' OBJECTIONS TO THE REMOVAL

9.     The Notice of Removal was procedurally flawed in that the removing Defendants have failed to obtain the consent for removal from Defendant VALLEY BAPTIST MEDICAL CENTER as required by 28 U.S.C. §1446(b); *Balazik v. County of*

*Dauphin*, 44 F3rd 209, 213 (3rd Cir. 1995); *Rowe v. O'Donahue*, 38 F3rd 298, 301 (7th Cir. 1994).

10.     Furthermore, Defendant VALLEY BAPTIST MEDICAL CENTER is a Texas corporation and therefore a *resident* of the State of Texas.  The consent of the in state  Defendant VALLEY BAPTIST MEDICAL CENTER, is required for removal and no exception applies. *Lewis v. Rego Co.,* 757 F2d 66, 68 (3rd Cir. 1985).

11.     Plaintiffs have made claims based on Federal Constitutional Law and, in addition, claims based upon Texas State Law.  While 28 U.S.C. §1331 and §1441 allow removal at discretion of the District Court, nothing therein *requires* that such cases be held in Federal Court.  State Courts are not prohibited from hearing Federal Law claims should Federal Courts decline jurisdiction.

### III. CONCLUSION

12.     28 U.S.C. §1447(c) provides that Motion to Remand may be based upon a defect in the removal procedure.  As noted above, removing Defendants failed to obtain the consent of a proper Defendant to this cause, Defendant VALLEY BAPTIST MEDICAL CENTER, prior to filing their Notice of Removal in this case. As such, the case was improvidently removed and should be remanded to the State District Court, Cameron County, Texas from which it was removed.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court remand this case to the Honorable 103rd Judicial District Court of Cameron County, Texas and for such other and further relief to which Plaintiffs may justly show themselves entitled on the grounds that this case was improvidently removed.

Mikal C. Watts
State Bar No. 20981820
Federal I.D. No. 12419
Joseph Barrientos
State Bar No. 01816495
Federal I.D. No. 15032
Ray R. Marchan
State Bar No. 12969050
Federal I.D. No.  9522
WATTS LAW FIRM, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, TX  78478
Phone:  (361) 887-0500
Fax:  (361) 887-0055

By: _____
　　　Joseph Barrientos
　　　State Bar No. 01816495
　　　Federal I.D. No. 15032

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I here certify that a true and correct copy of the foregoing has been provided by

**Certified Mail Return Receipt Requested**, in accordance with the Federal Rules of

Civil Procedure, on the __17th__ day of October, 2002.

Charles Willette, Jr.
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas  78521

Phillip J. Stein
THE LAW OFFICE OF PHILLIP J. STEIN, P.C.
14-A Palm Village Center
Brownsville, Texas  78520

William L. Pope
ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas  78551-1429

_____
Joseph Barrientos

# EXHIBIT "A"

CAUSE NO. 2002-09-3631-D

| | |
|---|---|
| MARY E. CARRANZA, Individually § | IN THE DISTRICTCOURT OF |
| And as Next Friend of ANGEL § | |
| MATTHEW GONZALEZ, GUSTAVO § | |
| GONZALEZ, JR. and ALYSSA LAUREN§ | |
| GONZALEZ, Minor Children § | |
| And on Behalf of All of Those Entitled § | |
| To Recover for Death of GUSTAVO § | |
| GONZALEZ, Deceased, Under the § | |
| Texas Wrongful Death Act, and § | |
| CELIA MUNIZ GONZALEZ, § | |
| Individually and As Personal § | |
| Representative of the ESTATE OF § | |
| GUSTAVO GONZALEZ, Deceased § | |



Plaintiffs §

vs.       §

CITY OF LA FERIA, TEXAS,      §
LA FERIA POLICE DEPARTMENT,   §       ___ JUDICIAL DISTRICT
OFFICER GERARDO "JERRY"       §
RAMIREZ, Individually and in his §
Official Capacity; and         §
VALLEY BAPTIST MEDICAL CENTER§       CAMERON COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARY E. CARRANZA, Individually And As Next Friend of

ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR. and ALYSSA LAUREN

GONZALEZ, Minor Children and On Behalf of all of Those Entitled to Recover For

Death of GUSTAVO GONZALEZ, Deceased; Under the Texas Wrongful Death Act, and

CELIA MUNIZ GONZALEZ, Individually and As Personal Representative of the

ESTATE OF GUSTAVO GONZALEZ, Deceased, ("Plaintiffs") herein and file claims

under the Texas Wrongful Death Act, the Texas Tort Claims Act and 28 U.S. C. §1983

against the CITY OF LA FERIA, TEXAS; THE CITY OF LA FERIA, TEXAS POLICE

DEPARTMENT, (hereinafter referred to as "LFPD") OFFICER GERARDO "JERRY"

RAMIREZ, Individually and In His Official Capacity, and VALLEY BAPTIST MEDICAL CENTER, (hereinafter referred to as "VBMC") ("Defendants") herein.

## I. DISCOVERY LEVEL

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190.

## II. PARTIES

1. Plaintiff, MARY E. CARRANZA is an individual residing in Hidalgo County, Texas. She is the spouse of GUSTAVO GONZALEZ, Deceased and the mother of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR. and ALYSSA LAUREN GONZALEZ, minor children. Said minor children are also the biological children of GUSTAVO GONZALEZ, Deceased. Plaintiff MARY E. CARRANZA, brings suit herein individually and on behalf of the minor Plaintiffs.

2. Plaintiff CELIA MUNIZ GONZALEZ is an individual residing in Hidalgo County, Texas, and the mother of GUSTAVO GONZALEZ, Deceased.

3. Defendant CITY OF LA FERIA, TEXAS is a governmental Defendant and an incorporated municipality organized and existing under the laws of the State of Texas located in Cameron County, Texas and may be served with citation by serving *the City Manager of the City of La Feria, Texas, Sunny Phillip by personal service at 115 E. Commercial Ave, La Feria, Texas 78559*.

4. Defendant CITY OF LA FERIA POLICE DEPARTMENT is a governmental entity and governmental Defendant to this suit. Defendant CITY OF LA FERIA POLICE DEPARTMENT is located in La Feria, Cameron County, Texas and Service of Process

may be perfected by serving the *Chief of Police, Donato Garcia, by personal service at the La Feria Police Department, 128 East Commercial Ave, La Feria, Texas.*

5. Defendant OFFICER GERARDO "JERRY" RAMIREZ is an individual residing in Cameron County, Texas. Said Defendant may be served in both his individual and official capacities by personally serving *GERARDO "JERRY" RAMIREZ with citation at 128 East Commercial Ave, La Feria, Texas.*

6. Defendant VALLEY BAPTIST MEDICAL CENTER (hereinafter referred to as "VBMC") is a Texas corporation with its principal place of business in Cameron County, Texas. Said Defendant may be served by serving its agent for service of process, *Ben M. McKibbens at 2101 Pease Street, Harlingen, Cameron County, Texas 78550.*

## II. JURISDICTION AND VENUE

7. The Court has jurisdiction of this matter as it is an action filed under the Texas Tort Claims Act and the Texas Wrongful Death Act. Furthermore, the Court has supplemental jurisdiction over Plaintiffs claims against Defendants based on Federal Law because the claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is proper in Cameron County, Texas as Defendant VBMC has its principal place of business in Cameron County, Texas and, because the incidents which are the subject of this pleading occurred in Cameron County, Texas.

## III. DEATH OF GUSTAVO GONZALEZ

17. On or about September 17, 2000, GUSTAVO GONZALEZ, Deceased, was arrested by members of the LFPD for evading arrest. During the arrest procedure

GUSTAVO GONZALEZ was injured and was subsequently taken to VBMC for treatment.

18.  GUSTAVO GONZALEZ, Decedent, remained at the VBMC under police guard by members of the LFPD on September 18th and September 19th.

19.  While in custody at the VBMC, Decedent, GUSTAVO GONZALEZ was restrained to his bed by handcuffs.

20.  Early in the morning hours of September 19, 2000, Defendant OFFICER GERARDO "JERRY" RAMIREZ was assigned to guard decedent, GUSTAVO GONZALEZ in his hospital room at the VBMC.

21.  At the time he was taken to VBMC, Decedent GUSTAVO GONZALEZ had a long and well documented history of mental illness known to the LFPD.

22.  In the early morning hours of September 19, 2000, as OFFICER GERARDO "JERRY" RAMIREZ was "guarding" GUSTAVO GONZALEZ, the two became involved in an altercation.  As a result of the altercation, Defendant OFFICER GERARDO "JERRY" RAMIREZ used deadly force in the form of his firearm and shot GONZALEZ numerous times, resulting in GONZALEZ' death.

23.  Defendant OFFICER GERARDO "JERRY" RAMIREZ was in the course and scope of his employment as a police officer for the CITY OF LA FERIA, TEXAS when he used deadly force by shooting and killing GUSTAVO GONZALEZ on September 19, 2000.

24. OFFICER GERARDO "JERRY" RAMIREZ, the CITY OF LA FERIA, TEXAS and the LFPD used unreasonable, unnecessary and excessive force in shooting and killing GUSTAVO GONZALEZ, Deceased.

IV.

25. Plaintiff's claims against the various governmental Defendants are not solely based upon respondeat superior. The governmental Defendants themselves violated GUSTAVO GONZALEZ' civil rights and constitutional rights because the constitutional deprivations were so well known, widespread, and pervasive that they amounted to a pattern, practice, and de facto policy of the governmental entities. The deprivations of GUSTAVO GONZALEZ' constitutional rights occurred as a result of the implementation by the governmental entities and their subordinates of wrongful policies that permitted police guards to use unlimited force, including deadly force, in inappropriate circumstances.

V.

26. In order for the agents and/or officers of the governmental Defendants to use deadly force against GUSTAVO GONZALEZ, various tangible property at the CITY OF LA FERIA, TEXAS and/or the LA FERIA POLICE DEPARTMENT was involved. On information and belief, this included the handgun which Defendant Gerardo "Jerry" Ramirez used to shoot Gustavo Gonzalez' numerous times.

VI.

27. At all times relevant to this suit, GUSTAVO GONZALEZ was in the custody of the LFPD, and a being held in custody for medical purposes at the VBMC. While in custody at VBMC, on or about September, 19, 2000, GUSTAVO GONZALEZ was shot numerous times and killed by officers and/or subordinates of the governmental Defendants.

28. The Governmental Defendants have a custom, pattern, and practice of assaults of persons in custody like GUSTAVO GONZALEZ by their uniformed officers, in violation of their constitutional rights, which is so widespread, pervasive, and well-settled that it amounts to an official county custom or policy, which was the moving

force behind the deprivation of GUSTAVO GONZALEZ' Constitutional rights. It further appears that governmental Defendants did not adequately train and supervise their officers, which also proximately caused the deprivation of GUSTAVO GONZALEZ' Constitutional rights.

## CAUSES OF ACTION

### VII.
### Count One: Violations of Constitutional and Civil Rights and 28 U.S.C. § 1983 et. seq.

29.  The Governmental Defendants' assault of GUSTAVO GONZALEZ violated GONZALEZ' Fourth, Eighth, and Fourteenth Amendment Rights under the United States Constitution, in addition to the Federal Civil Rights Act, 28 U.S.C. § 1983 *et. seq.* No reasonable governmental body, its subordinates, agents, officers, or representatives, could have misunderstood that the Defendants' actions previously described clearly violated established federal law; therefore, Defendants are not entitled to immunity.

30.  Considering the previously described conduct of the governmental Defendants, acting within the course and scope of their employment, all governmental Defendants have violated GONZALEZ' Fourth, Eighth, and Fourteenth Amendment Rights. The governmental Defendants have, as a matter of policy and practice, and with deliberate indifference to the rights of GONZALEZ, failed to adequately select, screen, educate, train, supervise, or otherwise direct the officers and/or guards working at the LFPD and/or assigned to the VBMC concerning the rights of its arrestees. This includes, but is not limited to the right of GONZALEZ to be free from the use of excessive force, including deadly force, and cruel and unusual punishment, thereby causing and/or allowing the governmental Defendants' officers and/or subordinates to engage in the unlawful conduct described above.   At all relevant times, the

governmental Defendants were acting in their official capacities and under the authority given them by Texas law.

## VIII.

31.   The actions of governmental Defendants, all acting under color of law, deprived GONZALEZ of his rights, privileges, and immunities under the laws and Constitution of the United States; in particular, the right of an arrestee to be secure in his person and property, to be free from harassment and assault and battery, to be free from the use of excessive and deadly force, to be free from cruel and unusual punishment, the right to due process, and the rights protected by 42 U.S.C. §1983, et. seq. Furthermore, under State law, the governmental Defendants were charged with the non-delegable duty of exercising supervision and control over GONZALEZ while he was in their custody.   TEX. LOCAL GOV'T CODE art. §351.041(b) (Vernon 1988). They had a statutory duty to safely keep all arrestees committed to their care.   TEX. LOCAL GOV'T CODE art. §351.041(a) (Vernon 1988). They were specifically prohibited from using any cruel and unusual means to confine a person committed to their custody.   TEX. CODE CRIM. ANN. art. 16.21 (Vernon 1977). The governmental Defendants failed to carry out these non-delegable duties.   The deprivation of GONZALEZ' constitutional rights occurred as a result of the implementation by the governmental Defendants of wrongful policies that permitted police officers to have unlimited discretion to use deadly force against arrestees.   The deprivation of GONZALEZ' constitutional rights also occurred because the governmental Defendants wrongfully breached their affirmative duties specifically imposed upon them by state law:  (1) to provide safe and secure facilities for arrestees while in their custody; and (2) to exercise supervision and control over the VBMC, in that they permitted guards, not properly trained, to have unlimited discretion to use deadly force against arrestees.

Furthermore, the governmental Defendants acted with deliberate indifference to the welfare of Gonzalez.

IX.

32. As a further direct and proximate result of the above-described unlawful and malicious acts and omissions of the governmental Defendants, all of which were committed under color of law by the Defendants acting in their official capacity, GONZALEZ suffered injuries and damages far in excess of this Court's minimum jurisdictional limits. At all relevant times, the governmental Defendants were acting in their official capacity and under the authority given them by Texas law.

## X. TEXAS TORT CLAIMS ACT

33. Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth.

34. Defendants CITY OF LA FERIA, TEXAS and the LFPD are directly liable and responsible for the acts of Defendant OFFICER GERARDO "JERRY" RAMIREZ because they repeatedly, and with deliberate indifference, failed to enforce the laws of the State of Texas and regulations of the City and Police Department pertinent to the proper use of deadly force; or, alternatively, observed a policy or policies which encouraged and/or allowed the unreasonable use of deadly force by its police officers, thereby creating within the police force of the CITY OF LA FERIA, TEXAS, the belief that improper use of deadly force would be condoned, tolerated and/or ignored by superiors and officials of the city. As such, the CITY OF LA FERIA, TEXAS and the LFPD knew or should have been aware of such unlawful acts and practices prior to the shooting of GUSTAVO GONZALEZ, Deceased. **Under state law, the governmental Defendants are charged with the non-delegable duty of exercising supervision and**

control over the correctional facilities, including VBMC.  TEX. LOCAL GOV'T CODE art. §351.041(b) (Vernon 1988). The governmental Defendants had a statutory duty to safely keep all arrestees committed to their care.  TEX. LOCAL GOV'T CODE art. §351.041(a) (Vernon 1988). They were specifically prohibited from using any cruel and unusual means to confine a person committed to their custody.  TEX. CODE CRIM. ANN. art. 16.21 (Vernon 1977). The governmental Defendants failed to carry out these non-delegable duties. Deprivation of GUSTAVO GONZALEZ, Deceased, constitutional rights occurred as a result of the implementation by the CITY OF LA FERIA, TEXAS and the LFPD and their subordinates of wrongful policies that permitted the use of deadly force under inappropriate circumstances.  Furthermore, the CITY OF LA FERIA, TEXAS and the LFPD and their subordinates acted with deliberate indifference to the welfare of GUSTAVO GONZALEZ, Deceased.   The deprivation of GUSTAVO GONZALEZ' constitutional rights also occurred because the governmental Defendants wrongfully breached their affirmative duties specifically imposed upon them by state law:  (1) to provide safe and secure facilities in which to maintain custody of arrestees; and (2) to exercise supervision and control over their arrestees, in that they permitted guards to have unlimited discretion to use force, including deadly force, against arrestees.  Furthermore, the governmental Defendants and their subordinates acted with deliberate indifference to the welfare of GUSTAVO GONZALEZ.

35. The failure of Defendants CITY OF LA FERIA, TEXAS and the LA FERIA POLICE DEPARTMENT to sufficiently investigate the background and qualifications of Defendant OFFICER GERARDO "JERRY" RAMIREZ or other law enforcement personnel and to provide proper training and supervision for Defendant OFFICER GERARDO "JERRY" RAMIREZ and other law enforcement personnel, amounts to a deliberate indifference to the safety of persons detained and/or placed under arrest by

the LFPD. Such failure was a direct and proximate cause of the bodily harm and injury and subsequent death suffered by GUSTAVO GONZALEZ. As such, the CITY OF LA FERIA, TEXAS and the LFPD are liable to the Plaintiffs for their negligence giving rise to the incidents complained of in this suit.

36. Defendants CITY OF LA FERIA, TEXAS and the LFPD failed to properly select, screen, educate, train, supervise or otherwise direct their employees, including Defendant OFFICER GERARDO "JERRY" RAMIREZ, with regard to the proper use of deadly force against persons detained or under arrest. These acts constitute negligence on the part of Defendants CITY OF LA FERIA, TEXAS and the LFPD and Defendant OFFICER GERARDO "JERRY" RAMIREZ. Defendants CITY OF LA FERIA, TEXAS and the LFPD are also responsible for the actions of Defendant OFFICER GERARDO "JERRY" RAMIREZ, as at all times during the above described incidents and conduct, Defendant OFFICER GERARDO "JERRY" RAMIREZ was acting within the course and scope of his employment and official duties.

## XI.

37. The governmental Defendants are also responsible for the actions of the individuals who, at all times during the above-described incidents and conduct, were acting within the course and scope of their employment and official duties. The Texas Tort Claims Act provides governmental liability, and waives sovereign immunity for the governmental Defendants, as the Plaintiff's claims arise from a personal injury and death so caused by a condition or use of tangible personal or real property by the Defendants, and their employees operating on their behalf. Additionally, the governmental Defendants allowed personal and real property to be employed in the shooting. The Act provides for governmental liability and waives sovereign immunity for the governmental Defendants as the claims arise from the use of personal or real property, which resulted in the death of GUSTAVO GONZALEZ.

38. The incidents described above were a direct and proximate result of the acts, omissions and wrongful conduct and negligence of Defendants CITY OF LA FERIA, TEXAS and the LFPD and Defendant OFFICER GERARDO "JERRY" RAMIREZ and such actions directly and proximate caused the grievous injuries and subsequent death of GUSTAVO GONZALEZ and damages suffered by the Plaintiffs.

39. Defendant OFFICER GERARDO "JERRY" RAMIREZ had a duty to act reasonably and responsibly while guarding GUSTAVO GONZALEZ, a person in the custody of the LFPD. By choosing to use deadly force, in the form of its firearm at a time when GUSTAVO GONZALEZ was in custody, receiving medical care and restrained, Defendant OFFICER GERARDO "JERRY" RAMIREZ acted wantonly and with malice. Defendant OFFICER GERARDO "JERRY" RAMIREZ shot and killed GUSTAVO GONZALEZ in a situation when GONZALEZ was defenceless and under the custody and control of the LFPD. Defendant OFFICER GERARDO "JERRY" RAMIREZ'S use of deadly force against GUSTAVO GONZALEZ, Deceased, was in bad faith, in violation of law and, therefore, Defendant OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS are not immune to suit.

40. Pursuant to the Texas Tort Claims Act, proper notice was given to the Defendants. This notice was provided within six (6) months after the date that the incidents given rise to this claim occurred. Additionally, the Defendants had actual notice that the incidents given rise to this suit including the injuries suffered and subsequent death, the governmental entities fault producing or contributing to the injury and the death of GUSTAVO GONZALEZ and the identities of the parties involved due to investigations occurring contemporaneously with the incident.

## XII.  NEGLIGENCE

41.  Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

42.  At the time of the incident in question, Defendants OFFICER GERARDO "JERRY" RAMIREZ, CITY OF LA FERIA, TEXAS, the LA FERIA POLICE DEPARTMENT and VALLEY BAPTIST MEDICAL CENTER committed acts of omission and commission, which collectively and severally, constituted negligence. Such negligence was the proximate cause of the occurrence in question, the severe injuries, pain and suffering and eventual death of GUSTAVO GONZALEZ, Deceased, as well as the damages to the Plaintiffs herein, for which these Defendants are legally responsible and for which Plaintiffs now bring suit under the Texas Wrongful Death Act.

## XIII.  PLAINTIFFS DAMAGES

43.  Plaintiffs affirmatively pleads that they seek monetary relief aggregating more than $50,000.00 pursuant to Texas Rule of Civil Procedure 190.

44.  As a proximate result of the occurrence made the basis of this suit, GUSTAVO GONZALEZ sustained the following damages:

    a.        Severe bodily injuries and death;

    b.        Before dying, GUSTAVO GONZALEZ suffered a period of conscious pain and suffering;

    c.        Violation of his constitutional rights under the fourth and fourteenth amendments to the United State Constitution to be free from unreasonable search and seizure of his person; and

d.      GUSTAVO GONZALEZ' ESTATE has paid or incurred liability to pay the reasonable and customary charge for a funeral and burial expenses.

45.    By reason of all of the above and foregoing, Defendants OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS have damaged the ESTATE OF GUSTAVO GONZALEZ in an amount in excess of the minimal jurisdictional limits of this Court.

46.    As a proximate result of the occurrence made the basis of this suit, Plaintiff MARY E. CARRANZA has sustained the following damages:

a.      Physical pain and mental anguish in the past and in the future;

b.      Loss of society and companionship;

c.      Reasonable and necessary psychological expenses, both in the past and in the future, which may be recovered as part of compensation for pecuniary losses suffered as a result of GUSTAVO GONZALEZ' wrongful death; and

d.      Loss of inheritance.

47.    By reason of all of the above and foregoing, Defendants OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS have damaged MARY E. CARRANZA in an amount in excess of the minimum jurisdictional limits of this Court.

48.    As a proximate result of the occurrence made the basis of this suit, ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR. and ALYSSA LAUREN GONZALEZ, Minor Children have each sustained the following damages:

a.  Physical pain and mental anguish in the past and in the future;

b.  Loss of society and companionship;

   c. Reasonable and necessary psychological expenses, both in the past and in the future, which may be recovered as part of compensation for pecuniary losses suffered as a result of GUSTAVO GONZALEZ'S wrongful death; and

   d. Loss of inheritance.

49. By reason of all of the above and foregoing, Defendants OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS have damaged ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR. and ALYSSA LAUREN GONZALEZ each in an amount in excess of the minimum jurisdictional limits of this Court.

50. As a proximate result of the occurrence made the basis of this suit, Plaintiff CELIA MUNIZ GONZALEZ has sustained the following damages:

   a. Physical pain and mental anguish in the past and in the future;

   b. Loss of society and companionship;

   c. Reasonable and necessary psychological expenses, both in the past and in the future, which may be recovered as part of compensation for pecuniary losses suffered as a result of GUSTAVO GONZALEZ' wrongful death; and

   d. Loss of inheritance.

51. By reason of all of the above and foregoing, Defendants OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS have damaged CELIA MUNIZ GONZALEZ in an amount in excess of the minimum jurisdictional limits of this Court.

## ATTORNEY'S FEES

## XIV.

52.  Defendants' conduct as described in this petition, the resulting death of GUSTAVO GONZALEZ and damages to Plaintiffs has required Plaintiffs to retain attorneys whose names are subscribed to this petition.  As such, Plaintiffs are entitled to the recovery of reasonable and necessary attorney's fees.  Further, pursuant to 42 U.S.C. §1988, et. seq., Plaintiffs are entitled to recover from Defendants an additional sum to compensate them for reasonable and necessary attorney's fees for such attorney's services in the preparation and prosecution of this action, as well as reasonable fees for any and all appeals  to other courts.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby demand a jury trial and that the Court;

a.             Award compensatory damages in an amount in excess of the Court's minimum jurisdictional limits and as supported by the evidence against the Defendants jointly and severally;

b.             Award costs of this action to Plaintiffs;

c.             Award interest as provided by law;

d.             Award such other and further relief as the Plaintiffs may justly show themselves entitled and the evidence may support.

Mikal C. Watts
State Bar No. 20981820
Joseph Barrientos
State Bar No. 01816495
Ray R. Marchan
State Bar No. 12969050
WATTS LAW FIRM, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, TX 78478
Phone: (361) 887-0500
Fax: (361) 887-0055

By: _____
Joseph Barrientos
State Bar No. 01816495

ATTORNEYS FOR PLAINTIFFS

# EXHIBIT "B"

Citation for Personal Service - GENERAL      Lit. Seq. # 5.006.01

No. 2002-09-003631-D

THE STATE OF TEXAS *ORIGINAL*

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: VALLEY BAPTIST MEDICAL CENTER
SERVING ITS AGENT FOR SERVICE
BEN M. MCKIBBENS
2101 PEASE STREET
HARLINGEN, TEXAS 78550

the      DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL COMPLAINT

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said      PETITION      was filed on SEPTEMBER 13, 2002. A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003631-D.

The style of the case is:

MARY E. CARRANZA, IND. AND AS NEXT FRIEND OF ANGEL
VS.
CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMEN

Said petition was filed in said court by      JOSEPH BARRIENTOS (Attorney for      PLAINTIFF      ), whose address is 555 N. CARANCAHUA, SUITE 1630 CORPUS CHRISTI, TX 78478

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 16th day of SEPTEMBER, A.D. 2002.

AURORA DE LA GARZA , DISTRICT CLER

R E T U R N   O F   O F F I C E R

Came to hand the _16 th_ day of _Sept. 2002_, at _5:00_ o'clock _P_.M., and

executed (not executed) on the _23 RD_ day of _Sept_, _2002_ by delivering to

_Valley Baptist Medical Center_

_Serving its Agent for Service_ in person a true copy of this Citation,

_Ben M. McKibbens_

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff's Original Petition_.

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $ _____        Sheriff/constable _Cameron_ County, TEXAS

Fees paid by: _____        By _McCallan_ _____ Deputy

                                            C.P.

FILED _4:00_ ___ P_M
AT _____ O'CLOCK ___ CLERK

SEP 23 2002

_Aurora Salinas_

# EXHIBIT "C"

Citation for Personal Service  - GENERAL _____    Lit. Seq. # 5.006.01

## No. 2002-09-003631-D

### T H E  S T A T E  O F  T E X A S *ORIGINAL*

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.
you or your attorney do not file a written answer with the clerk who issued th
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may
taken against you.

TO: VALLEY BAPTIST MEDICAL CENTER _____
    SERVING ITS AGENT FOR SERVICE _____
    BEN M. MCKIBBENS _____
    2101 PEASE STREET _____
    HARLINGEN, TEXAS 78550 _____

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL COMPLAINT _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 103rd Judicial District of Cameron County, Texas at the Courthouse of s
county in Brownsville, Texas.  Said _____ PETITION _____ was filed on
SEPTEMBER 13, 2002.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003631-D.

The style of the case is:

       MARY E. CARRANZA, IND. AND AS NEXT FRIEND OF ANGEL
                              VS.
       CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMEN

Said petition was filed in said court by _____ JOSEPH BARRIENTOS
(Attorney for _____ PLAINTIFF _____ ), whose address is
555 N. CARANCAHUA, SUITE 1630  CORPUS CHRISTI. TX ____ 78478

The nature of the demand is fully shown by a true and correct copy of th
Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according
requirements of law, and the mandates thereof, and make due return as the la
directs.

Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 16th day of SEPTEMBER, A.D. 2002.

                              AURORA DE LA GARZA _____ , DISTRICT CL
                              Cameron County, Texas

RETURN OF OFFICER

Came to hand the _16th_ day of _Sept._ _2002_, at _5 00_ o'clock _P_.M., and

executed (not executed) on the _23RD_ day of _Sept_, _2002_ by delivering t

_Valley Baptist Medical Center_

_Selvig its Agent for Suit_ in person a true copy of this Citatio

_Ben M. McKibbens_

upon which I endorsed the date of delivery, together with the accompanying cop

of the _Plaintiffs Original Petition_

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $ _____        Sheriff/constable _Cameron_ County, TEXAS

Fees paid by: _____        By _____        Dep

FEES 4.00

SEP 23 2002

# EXHIBIT "D"

Citation for Personal Service  - GENERAL            Lit. Seq. # 5.004.01

No. 2002-09-003631-D

THE  STATE  OF  TEXAS

ORIGINAL

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: LA FERIA POLICE DEPARTMENT
    SERVING CHIEF OF POLICE
    DONATO GARCIA
    128 E. COMMERCIAL AVE.
    LA FERIA, TEXAS

the        DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL COMPLAINT

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on SEPTEMBER 13, 2002.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003631-D.

The style of the case is:

MARY E. CARRANZA, IND. AND AS NEXT FRIEND OF ANGEL
VS.
CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMEN

Said petition was filed in said court by        JOSEPH BARRIENTOS
(Attorney for        PLAINTIFF        ), whose address is
555 N. CARANCAHUA, SUITE 1630   CORPUS CHRISTI, TX   78478

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 16th day of SEPTEMBER, A.D. 2002.

AURORA DE LA GARZA        , DISTRICT CLERK
Cameron County, Texas

R E T U R N   O F   O F F I C E R

Came to hand the _16th_ day of _Sept._ _2002_, at _5 00_ o'clock _P_.M., and

executed (~~not executed~~) on the _17th_ day of _Sept_ , _2002_, by delivering to

_La Feria Police Dept._ _Donato Garcia_

_Serving Chief of Police_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff Original Petition_ .

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy

Total....... $ _____          Sheriff/constable _Cameron_ County, TEXAS

Fees paid by:_____          By_____ ~~Deputy~~

C. P.

FILED _2:00_ O'CLOCK _P_ M
AURORA DE LA GARZA, DIST. CLERK

SEP 17 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

# EXHIBIT "E"

Citation for Personal Service  - GENERAL _____   Lit. Seq. # 5.005.01

No. 2002-09-003631-D



THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: OFFICER GERARDO "JERRY" RAMIREZ _____
    128 E. COMMERCIAL AVE. _____
    LA FERIA, TEXAS _____

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL COMPLAINT _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on SEPTEMBER 13, 2002.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003631-D.

The style of the case is:

MARY E. CARRANZA, IND. AND AS NEXT FRIEND OF ANGEL
VS.
CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMEN

Said petition was filed in said court by _____ JOSEPH BARRIENTOS (Attorney for _____ PLAINTIFF _____), whose address is 555 N. CARANCAHUA, SUITE 1630  CORPUS CHRISTI, TX  78478

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 16th day of SEPTEMBER, A.D. 2002.

AURORA DE LA GARZA _____, DISTRICT CLERK
Cameron County, Texas

R E T U R N   O F   O F F I C E R

Came to hand the _16th_ day of _Sept._ _2002_, at _5:00_ o'clock _P_.M., and executed (~~not executed~~) on the _17th_ day of _Sept._, _2002_, by delivering to _Officer Eduardo "Jerry Ramirez_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _Plaintiff's Original Petition_.

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy

Total....... $ _____        ~~Sheriff/constable~~ _Cameron_ County, TEXAS

Fees paid by:_____    By _____ ~~Deputy~~

                                       _C.P._

FILED _2:00_ O'CLOCK _P_ CLERK
AURORA DE LA GARZA

SEP 17 2002

DISTRICT COURT OF CAMERON