IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARY E. CARRANZA, Individually and as Next Friend of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., and ALYSSA LAUREN GONZALEZ, Minor Children, et al., | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-180 |
| CITY OF LA FERIA, TEXAS, et al., | § § § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
ENTERED

JAN 2 2 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

### ORDER

BE IT REMEMBERED, that on January 17, 2003, the Court considered Plaintiffs' Motion to Remand [Dkt. No. 10] and the responses thereto [Dkt. Nos. 11 & 12]. For the reasons that follow, the Court **DENIES** this motion.

#### Factual Background

Plaintiffs filed their Original Petition in the State District Court in Cameron County, Texas on September 13, 2002. Defendants City of La Feria, Texas, City of La Feria Police Department and Gerardo "Jerry" Ramirez were served on September 17, 2002. These defendants filed a Notice of Removal with the United States District Court for the Southern District of Texas, Brownsville Division on September 20, 2002, pursuant to 28 U.S.C. §§ 1331 and 1441(b). Defendant Valley Baptist Medical Center ("VBMC") was served on September 23, 2002. VBMC consented to removal on October 10, 2002 [Dkt. No. 7].

Plaintiffs' Motion to Remand is based solely on an alleged procedural flaw in the removal process – namely, that Defendants failed to obtain consent for removal from resident-Defendant VBMC. The fact that VBMC is a resident of Texas, Plaintiffs argue,

requires their joinder or consent to removal even if they were not served at the time the petition for removal was filed.

The removal statute, 28 U.S.C. § 1446(a), is interpreted as requiring only that defendants already served at the time the removal petition is filed to *either* join in the petition *or* "communicate [their] consent to the court no later than thirty days from the day on which the first defendant was served." See Smith v. Union Nat'l Life Ins. Co., 187 F. Supp.2d 635, 640 (S.D. Miss. 2001) (citations omitted). See also Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988).

VBMC was unserved when the removal petition was filed, and as a result generally would not be required to join in the petition at the time of the filing. See id. See also Pullman Co. v. Jenkins, 305 U.S. 534 (1939) (cited in Getty, 841 F.2d at 1261 n.9). VBMC's residency, however, does require it to consent to removal. See Getty, 841 F.2d at 1261 n.9 (holding that the "unserved defendant" exception provides that *non-resident* defendants who have not been served need not join in a removal petition) (citation omitted). Because Defendant VBMC filed its notice of consent to removal on October 10, 2002 [Dkt. No. 7], which was within thirty-days of the first defendant's service of process, Defendants have complied with the Removal statute.

Plaintiffs' Motion to remand is therefore **DENIED**.

DONE at Brownsville, Texas, this 17th day of January, 2003.

Hilda G. Tagle
United States District Judge