IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARY E. CARRANZA, Individually and and As Next Friend of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., and ALYSSA LAUREN GONZALEZ, Minor Children, et. al.<br>　　　　Plaintiffs<br><br>VS.<br><br>CITY OF LA FERIA, TEXAS,<br>LA FERIA POLICE DEPARTMENT<br>OFFICE GERARDO "JERRY"<br>RAMIREZ, Individually and in his<br>Official Capacity; and<br>VALLEY BAPTIST MEDICAL CENTER<br>　　　　Defendants<br><br>GUSTAVO GONZALEZ, Individually<br>Pursuant to the Texas Wrongful Death Act<br>for the death of GUSTAVO GONZALEZ,<br>Deceased<br>　　　　Intervenors<br><br>VS.<br><br>CITY OF LA FERIA, TEXAS,<br>OFFICER GERARDO "JERRY"<br>RAMIREZ, Individually and in his<br>Official Capacity; and<br>VALLEY BAPTIST MEDICAL CENTER<br>　　　　Defendants | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. B-02-180<br>(JURY REQUESTED) |

### *RULE 26(c) MOTION FOR PROTECTIVE ORDER*
### *(OBJECTIONS TO DEPOSITION NOTICE AND SUBPOENA)*

COMES NOW, Valley Baptist Medical Center, named Defendant in the above styled and numbered cause, and respectfully makes and submits this, its Rule 26(c) Motion for Protective Order, showing in support thereof as follows:

I.

Attached hereto as Exhibit "A" and incorporated herein by reference is Plaintiffs' Rule 30(b)(6) Notice of Deposition and Subpoena Duces Tecum to Defendant Valley Baptist Medical Center in connection with a deposition originally noticed for April 8, 2003, but which by stipulation was moved to April 29, 2003. The aforesaid Notice is hereby incorporated by reference.

II.

The subject matter upon which the witness is to testify (and which is apparently relevant and/or material to the issues in this case) is set forth immediately following the title of the deposition notice, specifically:

> "[Re: VBMC's Regarding patients in custody and under police guard; firearms and munitions policies: restraint practices for in-custody patients; and Investigation of the incident regarding the death of Gustavo Gonzalez."

III.

Following the prefatory language concerning the specific scope of the deposition and subpoena associated therewith, several categories of requested information are set forth. Plaintiffs' demand that Defendant Valley Baptist Medical Center produce a witness or witnesses to testify concerning such matters.

Following these categories of witness knowledge, Plaintiffs set forth certain materials to be produced by the witness or witnesses at the time and place of deposition.

IV.

**OBJECTIONS, PRAYER FOR PROTECTION**

1. Defendant has no objection to producing a witness who can testify concerning policies and procedures relating to in-custody forensic patients, firearms and munitions policies concerning in-custody forensic patients, as well as general policies and procedures

concerning patients who are either in law enforcement custody or under police guard at the time of their confinement. These would presumably be issues relevant and/or material to the allegations in this case.

2. However, Defendant objects to unreasonable and unduly burdensome requests for witnesses and/or documentation which would be above and beyond the relevant and/or material inquiries set forth above. Specifically, Defendant would object to the production of a witness to testify concerning "any and all treatment, medications, tests, examinations and/or evaluations administered to Gustavo Gonzalez, deceased, between his admission to the VBMC in September of 2000 and the time of his death". Such a demand would, first of all, require the Defendant hospital to produce medical personnel which are not its agents or employees, and, furthermore, the request is totally irrelevant and immaterial to any admissible issue concerning the hospital's involvement in this case.

3. Defendant would likewise object to producing a witness or witnesses to testify about other incidents, reports, complaints involving the use of force by law enforcement officers or security personnel upon patients at Valley Baptist Medical Center for the reason that such a request is irrelevant and immaterial to the issues of this particular matter, is not appropriately limited in its scope, and can not reasonably lead to admissible evidence. For this reason, it is an overbroad and unduly burdensome discovery request.

4. Your Defendant would likewise object to the subpoena accompanying Plaintiffs' deposition notice to the extent that it demands documentation which would be irrelevant and immaterial to any issue in this case, and likewise to the extent that is unduly burdensome and overbroad as well as not calculated to lead to admissible evidence. Additionally, the broad nature of the discovery requests requiring information concerning any investigation of the incident in question, as well as documentation about the incident,

is objectionable to the extent that it requires the production of privileged (medical committee) information, specifically, attorney work product, attorney client communications, or investigative materials incident to impending claim, noticed claim, or the actual filing of lawsuit.

V.

WHEREFORE, PREMISES CONSIDERED, your Defendant Valley Baptist Medical Center prays that its Motion for Protection be set for hearing and that its objections to the designation of witnesses as well as production of documents and things, as more particularly set forth above, be, in all things, sustained; your Defendant likewise prays for any other relief, whether at law or in equity, to which this Honorable Court feels it justly entitled.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

_____
WILLIAM L. POPE
State Bar No. 16139020
Federal ID No. 8970

**ATTORNEY FOR DEFENDANT,
VALLEY BAPTIST MEDICAL CENTER**

## CERTIFICATE OF CONFERENCE

Counsel for Movant has conferred with Plaintiffs' counsel in an effort to resolve the dispute set forth in the above and foregoing Motion for Protection, however, an agreement in connection with these matters has not been reached.

_____
WILLIAM L. POPE

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing DEFENDANT VALLEY BAPTIST MEDICAL CENTER'S RULE 26(c) MOTION FOR PROTECTIVE ORDER has on April 28, 2003, been forwarded via certified mail, return receipt requested to all counsel of record, as follows:

| | |
|---|---|
| Joseph Barrientos<br>WATTS LAW FIRM, L.L.P.<br>555 N. Carancahua, Suite 1400<br>Corpus Christi, Texas 78478 | *Via Fax To: (361) 887-0055* |
| Charles Willette<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Suite 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas 78521 | *Via Fax To: (956) 541-1893* |
| Phillip J. Stein<br>LAW OFFICE OF PHILLIP J. STEIN, P.C.<br>14-A Palm Village Center<br>Brownsville, Texas 78520 | *Via Fax To: (956) 541-9244* |

_____
WILLIAM L. POPE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARY E. CARRANZA, Individually §
And as Next Friend of ANGEL §
MATTHEW GONZALEZ, GUSTAVO §
GONZALEZ, JR. and ALYSSA LAUREN §
GONZALEZ, Minor Children §
And on Behalf of All of Those Entitled §
To Recover for Death of GUSTAVO §
GONZALEZ, Deceased, Under the §
Texas Wrongful Death Act, and §
CELIA MUNIZ GONZALEZ, §
Individually and As Personal §
Representative of the ESTATE OF §
GUSTAVO GONZALEZ, Deceased §
§
Plaintiffs §
vs. §
§
CITY OF LA FERIA, TEXAS, §
LA FERIA POLICE DEPARTMENT, §
OFFICER GERARDO "JERRY" §
RAMIREZ, Individually and in his §
Official Capacity; and §
VALLEY BAPTIST MEDICAL CENTER §
§
Defendants §
§
§   CIVIL ACTION. NO. B-02-180
GUSTAVO GONZALEZ, Individually §
Pursuant to the Texas Wrongful Death §
Act for the death of GUSTAVO §
GONZALEZ, Deceased §
§
Intervenor §
§
vs. §
§
CITY OF LA FERIA, TEXAS §
OFFICER GERARDO "JERRY" §
RAMIREZ, Individually and in his §
Official Capacity; and §
VALLEY BAPTIST MEDICAL CENTER §
§
Defendants

---

Plts' Notice of the Oral/Video
Deposition, SDT, of VBMC

Page 1

EXHIBIT  A
PAGE  1  OF  4

## PLAINTIFFS' NOTICE OF THE ORAL/VIDEO DEPOSITION, SUBPOENA DUCES TECUM, OF THE WITNESS, VALLEY BAPTIST MEDICAL CENTER

[Re: VMBC's Regarding patients in custody and under police guard; Firearms and munitions policies; Restraint practices for in-custody patients; and Investigation of the incident regarding the death of Gustavo Gonzalez.

TO: DEFENDANT, VALLEY BAPTIST MEDICAL CENTER, by and through its attorney of record, William L. Pope, ADAMS & GRAHAM, L.L.P., P. O. Drawer 1429, Harlingen, Texas 78551-1429

Please take notice that the following oral deposition will be taken by the undersigned attorneys:

(1) The witness is:   VALLEY BAPTIST MEDICAL CENTER

Pursuant to Rule 30, of the Federal Rules of Civil Procedure, VALLEY BAPTIST MEDICAL CENTER ("VMBC") is hereby notified of its obligation to designate one or more person or persons having actual knowledge of the following subject and authorized to testify as its designated corporate representative on this subject and give testimony in this case.

The subject matter of the deposition will concern the following matter(s):

(a) Valley Baptist Medical Center's policies regarding the treatment, restraint, surveillance and security of patients who are mental patients, criminal suspects, arrestees, pre-trial detainees, and/or prisoners;

(b) Any weapons and/or munitions policies with regard to law enforcement officers and/or VMBC personnel guarding mental patients, criminal suspects, arrestees, pre-trial detainees, and/or prisoners;

(c) Coordination of the practices or policies to the extent they exist in (a) and (b) above with law enforcement agencies in general and in particular, with the La Feria, Texas Police Department;

(d) Any contracts, agreements or understandings between VMBC and any governmental entity or law enforcement agency regarding the care of pre-trial detainees and/or other patients in the custody of law enforcement agencies;

(e) Any and all treatment, medications, tests, examinations and/or evaluations administered to Gustavo Gonzalez, deceased, between his admission to the VMBC in September of 2000 and the time of his death;

(f) Any investigation, internal to VMBC or otherwise, of the death of Gustavo Gonzalez, Jr. on or about September 19, 2000 at the Valley Baptist Medical Center; and

(g) Any incidents, reports, complaints or other incidents involving the use of force by law enforcement officers or security personnel on patients upon the premises of the VMBC.

(2) The deposition will begin at **9:30 a.m., on Tuesday, April 8, 2003,** and continue from day to day until the same has been completed.

(3) Place of the deposition will be the offices of:

**WATTS LAW FIRM, L.L.P.**
**Fort Brown Plaza**
**1926 East Elizabeth Street**
**Brownsville, Texas 78520**
**(956) 544-0500**

(4) The deposition will be taken upon oral examination before a court reporter authorized by law to take depositions.

(5) Please take notice that the undersigned may cause the deposition to videotaped.

(6) Pursuant to Rule 30(b)(5), of the Federal Rules of Civil Procedure, the following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition <u>if they have not been previously produced</u>:

(a) All documents in Valley Baptist Medical Center's possession relating to the subject matter of Paragraph's (1)(a-g);

(b) A curriculum vitae, personal history or other similar document of the person giving testimony;

(c) Valley Baptist Medical Center's Safety Manual/Policy regarding the security of mental patients, criminal suspects, arrestees, pre-trial detainees, and/or prisoners;;

(d) Valley Baptist Medical Center's Policy regarding firearms and ammunition used by law enforcement officers and/or VMBC security personnel;

(e)  The complete medical record of Gustavo Gonzalez, deceased for the time of his admission in September 2000 until the time of his death;

(f)  Any and all documents, reports, memos, photographs, videotapes, statements, recordings or other items, internal to VMBC or otherwise, relating to the investigation of the shooting incident leading to the death of Gustavo Gonzalez on or about September 19, 2000; and

(g)  Any incidents, reports, complaints or other incidents involving the use of force by law enforcement officers or security personnel on patients upon the premises of the VMBC.

Respectfully submitted,

Mikal C. Watts
State Bar No. 20981820
Federal I.D. No. 12419
Joseph Barrientos
State Bar No. 01816495
Federal I.D. No. 15032
Ray R. Marchan
State Bar No. 12969050
Federal I.D. No. 9522

WATTS LAW FIRM, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, TX 78478
Phone: (361) 887-0500
Fax: (361) 887-0055

By: _____
Joseph Barrientos
State Bar No. 01816495
Federal I.D. No. 15032

ATTORNEYS FOR PLAINTIFFS