IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 2 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARY E. CARRANZA, Individually § <br> And as Next Friend of ANGEL § <br> MATTHEW GONZALEZ, GUSTAVO § <br> GONZALEZ, JR. and ALYSSA LAUREN § <br> GONZALEZ, Minor Children § <br> And on Behalf of All of Those Entitled § <br> To Recover for Death of GUSTAVO § <br> GONZALEZ, Deceased, Under the § <br> Texas Wrongful Death Act, and § <br> CELIA MUNIZ GONZALEZ, § <br> Individually and As Personal § <br> Representative of the ESTATE OF § <br> GUSTAVO GONZALEZ, Deceased § <br> § <br> Plaintiffs § <br> vs. § <br> § <br> CITY OF LA FERIA, TEXAS, § <br> LA FERIA POLICE DEPARTMENT, § <br> OFFICER GERARDO "JERRY" § <br> RAMIREZ, Individually and in his § <br> Official Capacity; and § <br> VALLEY BAPTIST MEDICAL CENTER § <br> § <br> Defendants | |
| | CIVIL ACTION. NO. B-02-180 |
| GUSTAVO GONZALEZ, Individually § <br> Pursuant to the Texas Wrongful Death § <br> Act for the death of GUSTAVO § <br> GONZALEZ, Deceased § <br> § <br> Intervenor § <br> § <br> vs. § <br> § <br> CITY OF LA FERIA, TEXAS § <br> OFFICER GERARDO "JERRY" § | |

P's 1st Amd. Orig. Complaint
GJB
Page 1

| | |
|---|---|
| RAMIREZ, Individually and in his § <br> Official Capacity; and § <br> VALLEY BAPTIST MEDICAL CENTER § <br> § <br> Defendants | United States District Court <br> Southern District of Texas <br> FILED <br><br> MAY 1 2 2003 <br><br> Michael N. Milby <br> Clerk of Court |

## INTERVENOR'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GUSTAVO GONZALEZ, Individually, ("Intervenor") herein and files his First Amended Complaint under the Texas Wrongful Death Act, the Texas Tort Claims Act and 42 U.S.C. §1983 against the CITY OF LA FERIA, TEXAS; THE CITY OF LA FERIA, TEXAS POLICE DEPARTMENT, (hereinafter referred to as "LFPD") OFFICER GERARDO "JERRY" RAMIREZ, Individually and In His Official Capacity, and VALLEY BAPTIST MEDICAL CENTER, (hereinafter referred to as "VBMC") ("Defendants") herein.

### I. PARTIES

1. Intervenor, GUSTAVO GONZALEZ is an individual residing in Cameron County Texas. He is the father of GUSTAVO GONZALEZ, Deceased.

3. Defendant CITY OF LA FERIA, TEXAS has answered and appeared herein.

4. Defendant OFFICER GERARDO "JERRY" RAMIREZ is an individual and has answered and appeared herein

5. Defendant VALLEY BAPTIST MEDICAL CENTER (hereinafter referred to as "VBMC") is a Texas corporation with its principal place of business in Cameron County, Texas. Said Defendant has answered and appeared herein.

## II. JURISDICTION AND VENUE

6. The Court has jurisdiction of this matter as it involves questions of federal law and constitutional violations.

7. Venue is proper in the United States District Court for the Southern District of Texas because the incidents, which are the subject of this pleading occurred within the Southern District of Texas.

## III. THE DEATH OF GUSTAVO GONZALEZ

8. On or about September 17, 2000, GUSTAVO GONZALEZ, Deceased, was arrested by members of the LFPD for evading arrest. During the arrest procedure GUSTAVO GONZALEZ was injured and was subsequently taken to VBMC for treatment.

9. GUSTAVO GONZALEZ, Decedent, remained at the VBMC under police guard by members of the LFPD on September 18th and September 19th. During his stay at VBMC, he was also under investigation for a crime of violence against another person.

10. At the time of the incident in question GUSTAVO GONZALEZ was under arrest, admitted as a patient at the VBMC and under police guard in a fifth floor hospital room. During his stay at VBMC, GUSTAVO GONZALEZ was observed and evaluated by VBMC staff, non-physician personnel and medical doctors. These

individuals possessed information that clearly indicated GUSTAVO GONZALEZ was a person suffering from serious mental illness that rendered him a possible danger to himself or others.

11. While in custody at the VBMC, the VBMC had the authority to decide whether restraints would be used on Gustavo Gonzalez, what type of restraints would be used and the level of restraint to be used upon Decedent, GUSTAVO GONZALEZ, if any. GUSTAVO GONZALEZ was only partially restrained to a 350-pound hospital bed by one pair of handcuffs.

12. Prior to the incident in question Defendant OFFICER GERARDO "JERRY" RAMIREZ had received no training from the City of La Feria or its Police Department with respect to the treatment, restraint or security of people suffering from serious mental illness such as GUSTAVO GONZALEZ. Furthermore, neither VBMC nor any of its personnel ever informed OFFICER GERARDO "JERRY" RAMIREZ of the degree and severity of the mental illness that afflicted GUSTAVO GONZALEZ. Because of such practice, GERARDO "JERRY" RAMIREZ was inadequately trained to safely secure, guard or restrain mentally ill pre-trial detainees.

13. In the early morning hours of September 19, 2000, as OFFICER GERARDO "JERRY" RAMIREZ was "guarding" GUSTAVO GONZALEZ, GONZALEZ rose from his bed and asked to have the handcuff removed from his wrist. OFFICER GERARDO "JERRY" RAMIREZ refused GONZALEZ' request and GONZALEZ subsequently failed to comply with RAMIREZ' order that he get back into bed. RAMIREZ then approached the telephone in the room to call for assistance from VBMC security officers. As he did

so, GONZALEZ reached toward RAMIREZ, who responded by striking GONZALEZ with an "ASP" baton. An altercation ensued in which OFFICER GERARDO "JERRY" RAMIREZ used deadly force in the form of his firearm on GONZALEZ. RAMIREZ fired a total of sixteen shots at GUSTAVO GONZALEZ and hit him approximately twelve times with several bullets striking GONZALEZ in the back. The shooting resulted in GONZALEZ' death.

14. During the altercation with GONZALEZ and before deadly force was used by Officer RAMIREZ upon GONZALEZ, Officer RAMIREZ had opportunities to leave the fifth floor hospital room and secure GONZALEZ alone inside, shackled to 350-pound bed, and wait for assistance from VBMC security.

15. RAMIREZ' training, and the policy of the City Council of the City of La Feria, Texas and it's Police Department and Police Chief with regard to the use of force and deadly force in the form of a firearm, was to shoot into the "center mass" of a human target, rather than at an extremity of the body. RAMIREZ followed this policy when he repeatedly shot GUSTAVO GONZALEZ on the occasion in question, thereby causing his injury and death.

16. RAMIREZ fired his weapon at GONZALEZ in anger.

17. The City Of La Feria Police Department has been the subject of complaints regarding the use of excessive force and violation of the constitutional rights of individuals in other instances, one of which involves the current Chief of Police of the City of La Feria.

18. Defendant OFFICER GERARDO "JERRY" RAMIREZ was in the course and scope of his employment as a police officer for the CITY OF LA FERIA, TEXAS when he used deadly force by shooting and killing GUSTAVO GONZALEZ on September 19, 2000.

19. OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS used unreasonable, unnecessary and excessive force in shooting and killing GUSTAVO GONZALEZ, Deceased.

20. Intervenor's claims against the various governmental Defendants are not solely based upon respondeat superior. The governmental Defendants themselves violated GUSTAVO GONZALEZ' civil rights and constitutional rights because the constitutional deprivations were so well known, widespread, and pervasive that they amounted to a pattern, practice, and de facto policy of the governmental entities. The deprivations of GUSTAVO GONZALEZ' constitutional rights occurred as a result of the implementation by the governmental entities and their subordinates of wrongful policies that permitted police guards to use unlimited force, including deadly force, in inappropriate circumstances and which failed to properly train them to safely interact with mentally ill persons while in their custody.

## CAUSES OF ACTION

### IV.
### Violations of Constitutional and Civil Rights and 42 U.S.C. § 1983 et. seq.

21. The Governmental Defendants' use of deadly force against GUSTAVO GONZALEZ violated GONZALEZ' Fourth and Fourteenth Amendment Rights under

the United States Constitution, in addition to the Federal Civil Rights Act, 28 U.S.C. § 1983 *et. seq.*

22. As a pre-trial detainee at the time of the incident in question, GUSTAVO GONZALEZ had a constitutional right to be free from the application of excessive force at the hands of the CITY OF LA FERIA and it's police officers.

23. The City of La Feria has, through it's City Council and Police Chief, adopted an official policy through custom, pattern, and practice, of assaults of persons in custody such as GUSTAVO GONZALEZ by their uniformed officers, in violation of their constitutional rights, which is so widespread, pervasive, and well-settled that it amounts to an official county custom or policy, which was the moving force behind the deprivation of GUSTAVO GONZALEZ' Constitutional rights. It further appears that governmental Defendants did not adequately train and supervise their officers, which also proximately caused the deprivation of GUSTAVO GONZALEZ' Constitutional rights.

24. The CITY OF LA FERIA, and its' employee Police Officer, Defendant GERARDO "JERRY" RAMIREZ, used excessive force against GUSTAVO GONZALEZ in a manner that inflicted unnecessary and wanton pain and suffering upon GUSTAVO GONZALEZ. Such force was not applied in a good faith effort to maintain or restore discipline, but rather was used in a malicious and sadistic manner for the purpose of causing harm. The governmental Defendants are therefore not entitled to immunity.

*Constitutional Claims against Officer Gerardo "Jerry" Ramirez*

25. At the time of the incident in question, Defendant GERARDO "JERRY" RAMIREZ violated the constitutional rights of GONZALEZ in the following respects:

    a) by knowingly and maliciously deciding to apply deadly force to GUSTAVO GONZALEZ by shooting him repeatedly as he was

shackled to a 350-pound hospital bed and when the use of such deadly force was not necessary;

b) by maliciously using deadly force against GUSTAVO GONZALEZ by shooting him repeatedly at a time at a time when GONZALEZ was shackled to a 350-pound hospital bed and when he could not reasonably have perceived GONZALEZ to be a threat;

c) by maliciously using deadly force against GUSTAVO GONZALEZ by shooting him repeatedly, by choosing not to temper the use of deadly force with lesser, non-deadly force, and by choosing to use such force in a manner that was not only excessive, but also certain to be deadly;

d) by using deadly force against GUSTAVO GONZALEZ by shooting him repeatedly and in a malicious manner which caused numerous, severe injuries to and the death of GUSTAVO GONZALEZ;

e) by using deadly force against GUSTAVO GONZALEZ by maliciously shooting him repeatedly and in a manner designed to kill GONZALEZ

f) by firing his weapon in anger at GUSTAVO GONZALEZ

26. As a direct and proximate result of the above-described unlawful and malicious acts and omissions of the CITY OF LA FERIA and its' employee, OFFICER GERARDO "JERRY" RAMIREZ, all of which were committed under color of law, GUSTAVO GONZALEZ suffered constitutional injuries and damages far in excess of this Court's minimum jurisdictional limits. At all relevant times, the governmental Defendants were acting under the authority given them by Texas law.

27. No reasonable governmental body, its subordinates, agents, officers, or representatives, could have misunderstood that the Defendants' actions previously described clearly violated established federal law protecting mentally ill persons in police custody, such as GUSTAVO GONZALEZ, from the application of force in a

P's 1st Amd. Orig. Complaint
GJB
Page 8

manner that inflicts unnecessary and wanton pain and suffering. As such force was not applied in a good faith effort to maintain or restore discipline, but rather was used in a malicious and sadistic manner for the purpose of causing harm, the same could not have been objectively reasonable in light of clearly established law.

28. Defendant OFFICER GERARDO "JERRY" RAMIREZ had a duty to act reasonably and responsibly while guarding GUSTAVO GONZALEZ, a person in the custody of the LFPD. By choosing to use deadly force, in the form of its firearm at a time when GUSTAVO GONZALEZ, a mentally ill person was in custody, receiving medical care and partially restrained, Defendant OFFICER GERARDO "JERRY" RAMIREZ acted wantonly and with malice. Defendant OFFICER GERARDO "JERRY" RAMIREZ shot and killed GUSTAVO GONZALEZ in a situation when GONZALEZ was defenceless. Defendant OFFICER GERARDO "JERRY" RAMIREZ'S use of deadly force against GUSTAVO GONZALEZ, Deceased, was in bad faith, in violation of law and, therefore, Defendant OFFICER GERARDO "JERRY" RAMIREZ is not immune to suit.

*Constitutional Claims as to The City Of La Feria, Texas*

29. At the time of the incident in question, policy makers, more particularly the City Council of the City of La Feria, Texas and/or the La Feria Chief of Police, violated the constitutional rights of GUSTAVO GONZALEZ by adopting through widespread practices and customs representing municipal policies, the following inadequate training policies :

> a) a policy that offered no training whatsoever to it's police officers regarding the security of mentally ill pre-trial detainees;
>
> b) a policy regarding the use of force that trained officers to always shoot into the "center mass" of a human target rather than at their extremities, no matter what the circumstances; and

  c) a use of force policy with regard to firearms in a manner that was deliberately indifferent to the individual circumstances which might present themselves to a police officer;

30. The aforementioned policies were adopted with deliberate indifference to the welfare of GUSTAVO GONZALEZ. Such policies ignored the likelihood that, at some point in time, the City of La Feria Police Department would be called upon to arrest or detain mentally ill persons or, that an officer would likely encounter a situation that might call for the use of a firearm without requiring the officer to repeatedly shoot to into the "center mass" of a human target, virtually ensuring their death.

31. Considering the previously described conduct of the governmental Defendants, acting within the course and scope of their employment, all governmental Defendants have violated GONZALEZ' Fourth and Fourteenth Amendment Rights. The governmental Defendants have, as a matter of policy and practice, and with deliberate indifference to the rights of GONZALEZ, failed to adequately educate, train, supervise, or otherwise direct the officers and/or guards working at the LFPD and/or assigned to the VBMC concerning the rights of its arrestees. This includes, but is not limited to the right of GONZALEZ to be free from the use of excessive force, including deadly force, and cruel and unusual punishment, thereby causing and/or allowing the governmental Defendants' officers and/or subordinates to engage in the unlawful conduct described above. At all relevant times, the governmental Defendants were acting in their official capacities and under the authority given them by Texas law.

## V.

32. The actions of governmental Defendants, all acting under color of law, deprived GONZALEZ of his rights, privileges, and immunities under the laws and Constitution of the United States; in particular, the right of an arrestee to be secure in

his person and property, to be free from harassment and assault and battery, to be free from the use of excessive and deadly force, to be free from cruel and unusual punishment, the right to due process, and the rights protected by 42 U.S.C. §1983, et. seq. Furthermore, under State law, the governmental Defendants were charged with the non-delegable duty of exercising supervision and control over GONZALEZ while he was in their custody. TEX. LOCAL GOV'T CODE art. §351.041(b) (Vernon 1988). They had a statutory duty to safely keep all arrestees committed to their care. TEX. LOCAL GOV'T CODE art. §351.041(a) (Vernon 1988). They were specifically prohibited from using any cruel and unusual means to confine a person committed to their custody. TEX. CODE CRIM. ANN. art. 16.21 (Vernon 1977). The governmental Defendants failed to carry out these non-delegable duties. The deprivation of GONZALEZ' constitutional rights occurred as a result of the implementation by the governmental Defendants of wrongful policies that permitted police officers to have unlimited discretion to use deadly force against arrestees and pre-trial detainees. The deprivation of GONZALEZ' constitutional rights also occurred because the governmental Defendants wrongfully breached their affirmative duties specifically imposed upon them by state law: (1) to provide safe and secure facilities for arrestees while in their custody; and (2) to exercise supervision and control over the VBMC, in that they permitted guards, not properly trained, to have unlimited discretion to use deadly force against arrestees. Furthermore, the governmental Defendants acted with deliberate indifference to the welfare of Gonzalez.

33. As a further direct and proximate result of the above-described unlawful and malicious acts and omissions of the governmental Defendants, all of which were committed under color of law by the Defendants acting in their official capacity, GONZALEZ suffered injuries and damages far in excess of this Court's minimum jurisdictional limits. At all relevant times, the governmental Defendants were acting in their official capacity and under the authority given them by Texas law.

## VI. TEXAS TORT CLAIMS ACT

34. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35. Pleading alternatively, should Defendant CITY OF LA FERIA, TEXAS claim that the actions of OFFICER GERARDO "JERRY" RAMIREZ were unintentional, unknowing, reckless or merely negligent, Intervenor pleads as follows.

36. Defendant CITY OF LA FERIA, TEXAS is directly liable and responsible for the acts of Defendant OFFICER GERARDO "JERRY" RAMIREZ because they failed to enforce the laws of the State of Texas pertinent to the security of mentally ill persons in their custody and in the proper use of deadly force; or, alternatively, observed a policy or policies which encouraged and/or allowed the inadequate and unsafe detention of mentally ill persons and the unreasonable use of deadly force by its police officers, thereby creating within the police force of the CITY OF LA FERIA, TEXAS, the belief that the inadequate care in the detention of mentally ill persons or the improper use of deadly force would be condoned, tolerated and/or ignored by superiors and officials of the city. As such, the CITY OF LA FERIA, TEXAS knew or should have been aware of such unlawful acts and practices prior to the shooting of GUSTAVO GONZALEZ, Deceased.

37. Under state law, the governmental Defendants are charged with the non-delegable duty of exercising supervision and control over the correctional facilities and those in their custody. TEX. LOCAL GOV'T CODE art. §351.041(b) (Vernon 1988). The

governmental Defendants had a statutory duty to safely keep all arrestees and pre-trial detainees committed to their care. TEX. LOCAL GOV'T CODE art. §351.041(a) (Vernon 1988). They were specifically prohibited from using any cruel and unusual means to confine a person committed to their custody. TEX. CODE CRIM. ANN. art. 16.21 (Vernon 1977). The governmental Defendants failed to carry out these non-delegable duties.

38. Deprivation of GUSTAVO GONZALEZ, Deceased, constitutional rights occurred as a result of the implementation by the CITY OF LA FERIA, TEXAS and the LFPD and their subordinates of wrongful policies that permitted the inadequate and unsafe detention of mentally ill persons and the use of deadly force under inappropriate circumstances. The deprivation of GUSTAVO GONZALEZ' constitutional rights also occurred because the governmental Defendants wrongfully breached their affirmative duties specifically imposed upon them by state law: (1) to provide safe and secure facilities in which to maintain custody of arrestees and pre-trial detainees, including mentally ill persons; and (2) to exercise supervision and control over their arrestees and pre-trial detainees, in that they placed their officers in a position of having to detain and secure mentally ill persons without any training as to the safety risks involved in such activity and further permitted guards to have unlimited discretion to use force, including deadly force, against such persons.

39. The failure of Defendants CITY OF LA FERIA, TEXAS to provide proper training and supervision for Defendant OFFICER GERARDO "JERRY" RAMIREZ and other law enforcement personnel, amounts to negligence with regard to the safety of

mentally ill persons detained and/or placed under arrest by the LFPD. Such failure was a direct and proximate cause of the bodily harm and injury and subsequent death suffered by GUSTAVO GONZALEZ. As such, the CITY OF LA FERIA, TEXAS and the LFPD are liable to the Intervenor for their negligence, giving rise to the incidents complained of in this suit.

40. Defendants CITY OF LA FERIA, TEXAS and the LFPD failed to properly educate, train, supervise or otherwise direct their employees, including Defendant OFFICER GERARDO "JERRY" RAMIREZ, with regard to the security of mentally ill persons such as GUSTAVO GONZALEZ, and in the proper use of force against persons detained or under arrest. These acts constitute negligence on the part of Defendants CITY OF LA FERIA, TEXAS and the LFPD and Defendant OFFICER GERARDO "JERRY" RAMIREZ. Defendants CITY OF LA FERIA, TEXAS and the LFPD are also responsible for the actions of Defendant OFFICER GERARDO "JERRY" RAMIREZ, as at all times during the above described incidents and conduct, Defendant OFFICER GERARDO "JERRY" RAMIREZ was acting within the course and scope of his employment and official duties.

41. The governmental Defendants are also responsible for the actions of the individuals who, at all times during the above-described incidents and conduct, were acting within the course and scope of their employment and official duties. The Texas Tort Claims Act provides governmental liability, and waives sovereign immunity for the governmental Defendants, as the Intervenor's claims arise from a personal injury and death so caused by a condition or use of tangible personal or real property by the Defendants, and their employees operating on their behalf. Additionally, the

governmental Defendants allowed personal property, specifically a handgun, to be employed in the shooting. The Act provides for governmental liability and waives sovereign immunity for the governmental Defendants as the claims arise from the use of personal or real property, which resulted in the death of GUSTAVO GONZALEZ.

42. The incidents described above were a direct and proximate result of the acts, omissions and wrongful conduct and negligence of Defendants CITY OF LA FERIA, TEXAS and the LFPD and Defendant OFFICER GERARDO "JERRY" RAMIREZ and such actions directly and proximate caused the grievous injuries and subsequent death of GUSTAVO GONZALEZ and damages suffered by the Intervenor.

43. Pursuant to the Texas Tort Claims Act, proper notice was given to the Defendants. This notice was provided within six (6) months after the date that the incidents given rise to this claim occurred. Additionally, the Defendants had actual notice that the incidents given rise to this suit including the injuries suffered and subsequent death, the governmental entities fault producing or contributing to the injury and the death of GUSTAVO GONZALEZ and the identities of the parties involved due to investigations occurring contemporaneously with the incident.

### VII. Negligence as to Valley Baptist Medical Center

44. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

45. At the time of the incident in question Gustavo Gonzalez was under arrest, admitted as a patient at the VBMC and under police guard. As such VBMC had

ultimate discretion in regarding any safety and/or security measures to be employed by not only VBMC staff, but also by any law enforcement agency personnel upon its' premises.

46. During his stay at VBMC, Gustavo Gonzalez was observed and evaluated by VBMC staff, non-physician personnel and medical doctors. These individuals possessed information that clearly indicated Gustavo Gonzalez was a person suffering not only physical injuries, but also serious mental illness, which rendered him a possible danger to himself or others. As such, VBMC had a duty to use reasonable care with respect to Gustavo Gonzalez including, but not limited to, the following:

- a) in formulating policies and procedures governing its medical staff and non-physician personnel;
- b) in following policies and procedures established for the safety of its patients and staff;
- c) in training and supervising its own employees;
- d) in exercising control over others performing work on VBMC premises;
- e) in determining whether to restrain a mentally ill patient;
- f) in determining the level of restraint to use with respect to a mentally ill patient;
- g) in determining the manner of restraint to be used with respect to a mentally ill patient;
- h) in providing security measures sufficient to insure the safety of mentally ill patients; and
- i) in determining what information should be disclosed to the City of La Feria and it's police officers regarding the risks involved in guarding a mentally ill patient.

47. VBMC committed acts of omission and commission, which collectively and severally, constituted negligence and thereby breached the duties set forth above. Such negligence was the proximate cause of the occurrence in question, the severe injuries, pain and suffering and eventual death of GUSTAVO GONZALEZ, Deceased, as well as the damages to the Intervenor herein, for which these Defendants are legally responsible and for which Intervenor now bring suit under the Texas Wrongful Death Act.

## INTERVENOR'S DAMAGES

48. Intervenor affirmatively pleads that they seek monetary relief aggregating more than $75,000.00.

49. As a proximate result of the occurrence made the basis of this suit, GUSTAVO GONZALEZ sustained the following damages:

    a.    Severe bodily injuries and death;

    b.    Before dying, GUSTAVO GONZALEZ suffered a period of conscious pain and suffering;

    c.    Violation of his constitutional rights under the fourth and fourteenth amendments to the United State Constitution to be free from unreasonable search and seizure of his person; and

    d.    GUSTAVO GONZALEZ' ESTATE has paid or incurred liability to pay the reasonable and customary charge for a funeral and burial expenses.

50. By reason of all of the above and foregoing, Defendants OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS have damaged the ESTATE OF GUSTAVO GONZALEZ in an amount in excess of the minimal jurisdictional limits of this Court.

51. As a proximate result of the occurrence made the basis of this suit, Intervenor GUSTAVO GONZALEZ has sustained the following damages:

    a. Physical pain and mental anguish in the past and in the future;

    b. Loss of society and companionship;

    c. Reasonable and necessary psychological expenses, both in the past and in the future, which may be recovered as part of compensation for pecuniary losses suffered as a result of GUSTAVO GONZALEZ' wrongful death; and

    d. Loss of inheritance.

52. By reason of all of the above and foregoing, Defendants OFFICER GERARDO "JERRY" RAMIREZ and the CITY OF LA FERIA, TEXAS have damaged Intervenor GUSTAVO GONZALEZ in an amount in excess of the minimum jurisdictional limits of this Court.

## ATTORNEY'S FEES

## VIII.

53. Defendants' conduct as described in this petition, the resulting death of GUSTAVO GONZALEZ and damages to Intervenor has required Intervenor to retain attorneys whose names are subscribed to this petition. As such, Intervenor is entitled to the recovery of reasonable and necessary attorney's fees. Further, pursuant to 42 U.S.C.

§1988, et. seq., Intervenor is entitled to recover from Defendants an additional sum to compensate them for reasonable and necessary attorney's fees for such attorney's services in the preparation and prosecution of this action, as well as reasonable fees for any and all appeals to other courts.

WHEREFORE, PREMISES CONSIDERED, Intervenor hereby demands a jury trial and that the Court;

a.  Award compensatory damages in an amount in excess of the Court's minimum jurisdictional limits and as supported by the evidence against the Defendants jointly and severally;

b.  Award costs of this action to Intervenor;

c.  Award interest as provided by law;

d.  Award such other and further relief as the Intervenor may justly show themselves entitled and the evidence may support.

Respectfully Submitted,

_____
Phillip J. Stein
State Bar No. 19129600
Federal I.D. No. 24943
14-A Palm Village Center
Brownsville, Texas 78520
(956) 541-9243
(956) 541-9244

## CERTIFICATE OF SERVICE

I here certify that a true and correct copy of the foregoing has been provided by **Certified Mail Return Receipt Requested**, in accordance with the Federal Rules of Civil Procedure, on the 12th day of May, 2003.

Charles Willette, Jr.
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Joseph Barrientos
THE WATTS LAW FIRM
555 N. Carancahua, Suite 1400
Corpus Christi, TX 78478

William L. Pope
ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551-1429

_____
Phillip J. Stein