IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 2 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARY E. CARRANZA, Individually § | |
| And as Next Friend of ANGEL § | |
| MATTHEW GONZALEZ, GUSTAVO § | |
| GONZALEZ, JR. and ALYSSA LAUREN § | |
| GONZALEZ, Minor Children § | |
| And on Behalf of All of Those Entitled § | |
| To Recover for Death of GUSTAVO § | |
| GONZALEZ, Deceased, Under the § | |
| Texas Wrongful Death Act, and § | |
| CELIA MUNIZ GONZALEZ, § | |
| Individually and As Personal § | |
| Representative of the ESTATE OF § | |
| GUSTAVO GONZALEZ, Deceased § | |
| § | |
| Plaintiffs § | |
| vs. § | |
| § | |
| CITY OF LA FERIA, TEXAS, § | |
| LA FERIA POLICE DEPARTMENT, § | |
| OFFICER GERARDO "JERRY" § | |
| RAMIREZ, Individually and in his § | |
| Official Capacity; and § | |
| VALLEY BAPTIST MEDICAL CENTER § | |
| § | |
| Defendants | |

CIVIL ACTION. NO. B-02-180

GUSTAVO GONZALEZ, Individually §
Pursuant to the Texas Wrongful Death §
Act for the death of GUSTAVO §
GONZALEZ, Deceased §
§
Intervenor §
§
vs. §
§
CITY OF LA FERIA, TEXAS §
OFFICER GERARDO "JERRY" §

Rule 7a Response
GJB
Page 1

| | | |
|---|---|---|
| RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER | § § § § | United States District Court Southern District of Texas FILED<br>MAY 1 2 2003<br>Michael N. Milby Clerk of Court |
| Defendants | | |

## INTERVENOR'S RULE 7(a) RESPONSE TO DEFENDANT GERARDO "JERRY" RAMIREZ' QUALIFIED IMMUNINTY DEFENSE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GUSTAVO GONZALEZ, Intervenor; Under the Texas Wrongful Death Act, and file this his Rule 7(a) Response to Defendant OFFICER GERARDO "JERRY" RAMIREZ, assertion of the defense of qualified immunity.

### I. CLEARLY ESTABLISHED LAW

1. OFFICER GERARDO "JERRY" RAMIREZ' use of deadly force against GUSTAVO GONZALEZ violated GONZALEZ' rights under both the fourth and fourteenth amendments to the United States Constitution without due process of law and, in addition, the Federal Civil Rights Act, 42 U.S.C. § 1983 *et. seq.*

2. As a pre-trial detainee at the time of the incident in question, GUSTAVO GONZALEZ had a constitutional and statutory right to be free from the application of excessive force at the hands of the CITY OF LA FERIA and it's police officers.

3. Defendant GERARDO "JERRY" RAMIREZ used excessive force against GUSTAVO GONZALEZ in a manner that inflicted unnecessary and wanton pain and suffering upon GUSTAVO GONZALEZ. Such force was not applied in a good faith effort to maintain or restore discipline, but rather was used in a malicious and sadistic manner for the purpose of causing harm.

### II. FACTUAL ALLEGATIONS

4. Intervenor contends that Defendant GERARDO "JERRY" RAMIREZ is not entitled to the defense of immunity based upon the following factual allegations:

5. On or about September 17, 2000, GUSTAVO GONZALEZ, Deceased, was arrested by members of the LFPD for evading arrest. During the arrest procedure GUSTAVO GONZALEZ was injured and was subsequently taken to VBMC for treatment.

6. GUSTAVO GONZALEZ, Decedent, remained at the VBMC under police guard by members of the LFPD on September 18th and September 19th. During his stay at VBMC, he was also under investigation for a crime of violence against another person who happened to be related to law enforcement officers from the Hidalgo County Sheriff's office, a nearby law enforcement agency.

7. At the time of the incident in question GUSTAVO GONZALEZ was under arrest, admitted as a patient at the VBMC and under police guard in a *fifth floor* hospital room. During his stay at VBMC, GUSTAVO GONZALEZ was observed and evaluated by VBMC staff, non-physician personnel and medical doctors. These individuals possessed information that clearly indicated GUSTAVO GONZALEZ was a person suffering from serious mental illness.

8. While in custody of the La Feria Police Department at the VBMC, GUSTAVO GONZALEZ was restrained to a *350-pound* hospital bed by a pair of handcuffs.

9. Prior to the incident in question Defendant OFFICER GERARDO "JERRY" RAMIREZ received no training from the City of La Feria or its Police Department with respect to the treatment, restraint or security of people suffering from serious mental illness such as GUSTAVO GONZALEZ.

10. In the early morning hours of September 19, 2000, as OFFICER GERARDO "JERRY" RAMIREZ was "guarding" GUSTAVO GONZALEZ, GONZALEZ rose from his bed and asked to have the handcuff removed from his wrist. OFFICER GERARDO "JERRY" RAMIREZ refused GONZALEZ' request and GONZALEZ subsequently failed to comply with RAMIREZ' order that he get back into bed. RAMIREZ then approached the telephone in the room to call for assistance from VBMC security officers. As he did so, GONZALEZ "reached toward" RAMIREZ, who responded by striking GONZALEZ repeatedly with an "ASP" baton. An altercation ensued in which OFFICER GERARDO "JERRY" RAMIREZ used deadly force in the form of his firearm on GONZALEZ. RAMIREZ fired a total of sixteen shots at GUSTAVO GONZALEZ and hit him approximately twelve times, with several bullets striking GONZALEZ in the back and one in the hand, indicating that GONZALEZ was in a defensive and or retreat posture during the shooting. The shooting resulted in GONZALEZ' death.

11. During the altercation with GONZALEZ and before deadly force was used by Officer RAMIREZ upon GONZALEZ, Officer RAMIREZ had several opportunities to leave the fifth floor hospital room and secure GONZALEZ alone inside, shackled to 350-pound bed, and wait for assistance from VBMC security.

12. OFFICER GERARDO "JERRY" RAMIREZ used his handgun to fire into the "center mass" of GUSTAVO GONZALEZ' body in order to cause him serious injury or death, rather than shooting at an extremity of GONZALEZ' body in order to disable him.

13. OFFICER GERARDO "JERRY" RAMIREZ fired his weapon at GONZALEZ in anger.

14. Defendant OFFICER GERARDO "JERRY" RAMIREZ was in the course and scope of his employment as a police officer for the CITY OF LA FERIA, TEXAS when he used deadly force by shooting and killing GUSTAVO GONZALEZ on September 19, 2000.

15. Being a commissioned peace officer in the state of Texas, GERARDO "JERRY" RAMIREZ was specifically trained and aware that the use of excessive force, including deadly force, against a pre-trial detainee was a violation of that persons' rights under the U.S. Constitution and statutory law. OFFICER GERARDO "JERRY" RAMIREZ used unreasonable, unnecessary and excessive force in shooting and killing GUSTAVO GONZALEZ, Deceased.

### III. VIOLATIONS OF CLEARLY ESTABLISHED LAW

16. At the time of the incident in question, Defendant GERARDO "JERRY" RAMIREZ specifically violated the constitutional and statutory rights of GUSTAVO GONZALEZ in the following respects:

    a) by maliciously and in bad faith applying excessive force to GUSTAVO GONZALEZ, a mentally ill person, by shooting him repeatedly as he was shackled to a 350-pound hospital bed, in a fifth floor hospital room when the use of such deadly force was not necessary to maintain discipline;

b) by deciding to apply excessive force, in bad faith, to GUSTAVO GONZALEZ, a mentally ill person, by shooting him repeatedly as he was shackled to a 350-pound hospital bed in a fifth floor hospital room, in a malicious and sadistic manner for the purpose of causing harm;

c) by maliciously using excessive force against GUSTAVO GONZALEZ, shooting him repeatedly at a time at a time when GONZALEZ was shackled to a 350-pound hospital bed, in a fifth floor hospital room, when no reasonable officer could reasonably have perceived GONZALEZ to be a threat;

d) by using excessive force against GUSTAVO GONZALEZ by shooting him repeatedly, choosing not to temper the use of deadly force with lesser, non-deadly force and by choosing to use such force in a way that was not only excessive, but also sure to be deadly in that he was "shooting to kill";

e) by using excessive force against GUSTAVO GONZALEZ by shooting him repeatedly and in a manner which caused numerous severe injuries and death to GUSTAVO GONZALEZ; and

f) by using excessive force against GUSTAVO GONZALEZ by shooting him repeatedly and in a manner designed to severely injure or kill GONZALEZ

17. As a direct and proximate result of the above-described unlawful, malicious and bad faith acts of OFFICER GERARDO "JERRY" RAMIREZ, all of which were committed under color of law, GUSTAVO GONZALEZ suffered constitutional injuries and damages. At all relevant times, OFFICER GERARDO "JERRY" RAMIREZ was acting under the authority given to him by Texas law.

18. No reasonable officer could have misunderstood that the actions of OFFICER GERARDO "JERRY" RAMIREZ previously described clearly violated established federal law protecting mentally ill persons in police custody, such as GUSTAVO GONZALEZ, from the application of force in a manner that inflicts unnecessary and wanton pain and suffering. As such force was not applied in a good faith effort to maintain or restore discipline, but rather was used in a malicious and sadistic manner

for the purpose of causing harm, the same could not have been objectively reasonable in light of clearly established law protecting individuals such as GUSTAVO GONZALEZ from the application of excessive force. OFFICER GERARDO "JERRY" RAMIREZ is therefore not entitled to immunity.

Respectfully Submitted,

*Phillip J. Stein*

Phillip J. Stein
State Bar No. 19129600
Federal I.D. No. 24943
14-A Palm Village Center
Brownsville, Texas 78520
(956) 541-9243
(956) 541-9244

## CERTIFICATE OF SERVICE

I here certify that a true and correct copy of the foregoing has been provided by **Certified Mail Return Receipt Requested**, in accordance with the Federal Rules of Civil Procedure, on the 12th day of May, 2003.

Charles Willette, Jr.
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Joseph Barrientos
THE WATTS LAW FIRM
555 N. Carancahua, Suite 1400
Corpus Christi, TX 78478

William L. Pope
ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551-1429

_____
Phillip J. Stein