UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY E. CARRANZA, Individually and As Next Friend of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., and ALYSSA LAUREN GONZALEZ, Minor Children, et.al.<br>*Plaintiffs*<br><br>VS.<br><br>CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT, OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER<br>*Defendant*<br><br>GUSTAVO GONZALEZ, Individually Pursuant to the Texas Wrongful Death Act for the death of GUSTAVO GONZALEZ, Deceased<br>*Intervenor*<br><br>VS.<br><br>CITY OF LA FERIA, TEXAS, OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER<br>*Defendant* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-02-180<br>(JURY REQUESTED) |

**DEFENDANTS CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT, AND OFFICER GERARDO "JERRY" RAMIREZ' ORIGINAL ANSWER TO INTERVENOR'S FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT and OFFICER GERARDO "JERRY" RAMIREZ in the above styled and numbered matter, and file this their Original Answer to Intervenor's First Amended Original Complaint and would show the Court the following:

## DENIALS

1. Defendants admit the assertions within paragraphs 1, and 3-7.

2. With respect to Paragraph 8, Defendants deny that Gustavo Gonzalez was injured by any of the Defendants at the time of his arrest and transport to Valley Baptist Medical Center. Defendants admit the remaining allegations in paragraph 8.

3. Defendants admit the assertions within paragraphs 9-10.

4. With respect to paragraph 11, Defendants admit that Gustavo Gonzalez was restrained to a hospital bed by one pair of handcuffs. Defendants cannot admit or deny the remaining allegations in paragraph 11 at this time.

5. With respect to paragraph 12, Defendants deny that Officer Ramirez was inadequately trained with respect to treatment, restraint, or security of persons such as Gustavo Gonzalez. Defendants admit that neither Valley Baptist Medical Center nor any of its personnel ever informed Officer Ramirez of the degree and severity of the mental illness that afflicted Gustavo Gonzalez. Defendants deny that Officer Ramirez was inadequately trained as alleged in paragraph 12.

6. With respect to paragraph 13, Defendants deny that Officer Ramirez shot Gustavo Gonzalez in the back. Defendants admit the remaining allegations in paragraph 13.

7. Defendants deny the allegations set forth in Paragraph 14.

8. Defendants admit the allegations set forth in Paragraph 15.

9. Defendants deny the allegations set forth in paragraph 16.

10. With respect to paragraph 17, Defendants deny that the current Chief of Police of the City of La Feria has been the subject of a complaint of excessive force. Defendants further deny that the City of La Feria Police Department has been the subject of a complaint of excessive force prior to the incident involving Gustavo Gonzalez. Defendants admit a complaint of an alleged wrongful arrest was made against Chief Garcia in the past.

11. Defendants admit the allegations set forth in Paragraph 18.

12. Defendants deny the allegations set forth in Paragraph 19.

13. Defendants deny the allegations set forth in Paragraph 20.

14. Defendants deny the allegations set forth in Paragraph 21. Further, with respect to any claims asserted under the Fourth Amendment, defendant would state that all such were previously dismissed by the court's Order dated February 10, 2003 as it concluded that the arrest at issue was complete prior to the incident in question.

15. Defendants admit the allegations set forth in Paragraph 22.

16. Defendants deny the allegations set forth in Paragraph 23.

17. Defendants deny the allegations set forth in Paragraph 24.

18. Defendants deny the allegations set forth in Paragraph 25 and all of its sub-parts.

19. With respect to Paragraph 26, Defendants admit that they acted under the authority given to them by Texas law. Defendants deny the remaining allegations set forth in Paragraph 26.

20. Defendants deny the allegations set forth in Paragraph 27.

21. With respect to paragraph 28, Defendants admit officer Ramirez had a duty to act in a lawful manner while guarding Gustavo Gonzalez. Defendants deny the remaining allegations set forth in Paragraph 28.

22. With respect to paragraph 29, Defendants deny that the La Feria Chief of Police was or is a final policymaker. Defendants admit that Officer Ramirez was trained to shoot into the "center mass" of person he was to fire upon. Defendants deny the remaining allegations set forth in Paragraph 29.

23. Defendants deny the allegations set forth in Paragraph 30.

24. Defendants admit that at all relevant times, they were acting in their official capacities under the authority given them by Texas law. Defendants deny the remaining allegations set forth in Paragraph 31. Further, with respect to any claims asserted under the Fourth Amendment, defendant would state that all such claims were previously dismissed by the court's Order dated February 10, 2003 as it concluded that the arrest at issue was complete prior to the incident in question.

25. With respect to paragraph 32, Defendants deny that they deprived Gustavo Gonzalez of any of his rights, privileges, or immunities under the laws and Constitution of the United States in any way. Defendants deny the remaining allegations set out in paragraph 32 and would state that Defendants are immune from the allegations as set forth therein.

26. With respect to paragraph 33, Defendants admit that at all relevant times, they were acting in their official capacities under the authority given them by Texas law.

    Defendants deny the remaining allegations set out in paragraph 33.

27. With respect to paragraph 34, Defendants would incorporate all prior denials or references made herein to paragraphs 1-33.

28. Defendants deny the allegations set out in paragraph 35.

29. Defendants deny the allegations set out in paragraph 36.

30. Defendants deny the allegations set out in paragraph 37 and would state that Defendants are immune from the allegations as set forth therein.

31. Defendants deny the allegations set out in paragraph 38. Defendants further specifically deny that the La Feria Police Department is a proper party to this suit pursuant to the court's order of February 10, 2003 and *Hutchison v. Brookshire Brothers, Inc.*, 222 F. Supp.2d 809, 825 (E.D. Tex. 2002); *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991).

32. Defendants deny the allegations set out in paragraph39.

33. With respect to paragraph 40, Defendants admit that at the time of the incident, Officer Ramirez was acting within the course and scope of his employment and official duties. Defendants deny the remaining allegations set out in paragraph 40.

34. With respect to paragraph 41, Defendants deny the applicability and viability of any claims brought under the Texas Tort Claims Act as Intervenor alleges Officer Ramirez intentionally and maliciously shot and killed Gustavo Gonzalez and such claims are barred by section 101.057 of the Tort Claims Act. Defendants further deny that Defendants'' sovereign or qualified immunity has been waived in any way.

35. Defendants deny the allegations set forth in paragraph 42.

36. With respect to paragraph 43, Defendants deny the applicability and viability of any claims brought under the Texas Tort Claims Act as Intervenor alleges Officer Ramirez intentionally and maliciously shot and killed Gustavo Gonzalez and such claims are barred by section 101.057 of the Tort Claims Act. Defendants further deny that Defendants'' sovereign or qualified immunity has been waived in any way.

37. With respect to paragraph 44, Defendants would incorporate all prior denials or references made herein to paragraphs 1-22.

38. With respect to paragraph 45, Defendants admit at the time of the incident, Gustavo Gonzalez had been placed under arrest, was under police guard, and was a patient at Valley Baptist Medical Center. Defendant cannot admit or deny the remaining allegations set forth in paragraph 45 as they relate to Valley Baptist Medical Center.

39. Defendants admit the allegations set forth in paragraph 46.

40. Defendant cannot admit or deny the remaining allegations set forth in paragraph 47 as they relate to Valley Baptist Medical Center.

41. Defendants admit Intervenor seeks relief aggregating more than $75,000.00.

42. With respect to paragraph 49, Defendants admit Gustavo Gonzalez died as a result of the gunshot wounds he sustained during this incident. Defendants are unable to admit or deny whether or not Gustavo Gonzalez' Estate paid or incurred reasonable and customary funeral and burial expenses. Defendants deny the remaining allegations set forth in paragraph 49.

43. Defendants deny the allegations set forth in paragraph 50.

44. Defendants deny the allegations set forth in paragraph 51 - 52.

45. With respect to paragraph 53, Defendants deny that Intervenor is entitled to the recovery of attorney's fees of any kind. Defendants cannot admit or deny the remaining allegations in paragraph 53.

46. Defendants deny that Intervenor is entitled to any recovery in this action whatsoever, including but not limited to compensatory damages, costs, interest, or attorneys' fees.

## **AFFIRMATIVE DEFENSES**

47. Defendant Gerardo "Gerry" Ramirez is entitled to a good faith, qualified immunity for all claims alleged against him as set out in Intervenor's original complaint under the federal doctrine of qualified immunity.

48. Intervenor is not entitled to attorney's fees because Intervenor is not a prevailing party.

49. Defendant would further show that the use of force alleged in Intervenor's first Amended Original Complaint was necessary under the circumstances and was in every way constitutional under constitutional standards applicable at the time of the incident made the basis of this lawsuit.

50. Defendants would assert the doctrine of Sovereign Immunity with respect to Intervenor's state law claims and claims brought under the Texas Tort Claims Act. Intervenor cannot recover directly or indirectly from Defendants because the Texas Tort Claims Act and the laws of the State of Texas do not allow Intervenor's state law claims, and thus Defendants' immunity has not been waived.

51. Defendants would assert that Intervenor's state law claims are barred by section

101.057 of the Texas Tort Claims Act.

52. Defendants would assert that Intervenor's claims brought under the Fourth Amendment are barred or not actionable as the arrest at issue was complete prior to the incident in question. See *Brothers v. Klevenhagen*, 28 F.3d 452 (5th Cir. 1994); *Gutierrez v. City of San Antonio*, 139 F.3d 441(5th Cir. 1998).

53. Defendants would assert that any and all claims brought against Officer Gerardo "Jerry" Ramirez in his Official Capacity are barred by virtue of the Court's order of February 10, 2003 and *Hafer v Melo*, 502 U.S. 21, 25 (1991); and *Baker v Putnal*, 75 F3d 190, 195 (5th Cir. 1996).

54. Intervenor cannot show that some official policy, custom or practice "caused" the alleged constitutional violation complained of in this case. *Monell v. New York City Dep't of Social Services*, 436 U.S. 685, 690 (1978).

55. Defendants further assert that the La Feria Police Department is not a proper party to this suit pursuant to the court's order of February 10, 2003 and *Hutchison v. Brookshire Brothers, Inc.*, 222 F. Supp.2d 809, 825 (E.D. Tex. 2002); *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991).

## RESERVATIONS

56. Without waiving the foregoing denials and affirmative defenses, but still insisting upon the same for further answer if any need be necessary, and as separate defenses, Defendants reserve the right to file any and all cross-actions, third-party actions, counter-claims, motions, and discovery as they may deem proper.

WHEREFORE, PREMISES CONSIDERED, Defendants, CITY OF LA FERIA, TEXAS,

LA FERIA POLICE DEPARTMENT and OFFICER GERARDO "JERRY" RAMIREZ pray that upon final trial and hearing hereof, Intervenor take nothing by his suit, that these Defendants recover all costs incurred herein, and that these Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled to.

Respectfully submitted,
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: *Charles Willette* / p.u/p EG
Charles Willette, Jr.
USDC No. 1937
State Bar No. 21509700
Eduardo G. Garza
State Bar No. 00796609
USDC ADM. No. 20916

Attorneys for Defendants City of La Feria, La Feria Police Department, and Officer Gerardo "Jerry" Ramirez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT and OFFICER GERARDO "JERRY" RAMIREZ'S Original Answer to Intervenor's First Amended Original Complaint has on June 26, 2003, been forwarded via certified mail, return receipt requested to:

***VIA CMRRR 7003 0500 0001 0981 2079***
Mr. Joseph Barrientos
Watts Law Firm, L.L.P.
555 N. Carancahua, Ste. 1400
Corpus Christi, Texas 78478

***VIA CMRRR 7003 0500 0001 0981 2086***
Mr. Phillip J. Stein
the Law Office of Phillip J. Stein, P.C.
14-A Palm Village Center
Brownsville, Texas 78520

***VIA CMRRR 7003 0500 0001 0981 2093***
Mr. William Pope
Mr. Scott Clark
ADAMS & GRAHAM, L.L.P.
222 East Van Buren, West Tower
Harlingen, Texas 78551

Eduardo G Garza