IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 4 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARY E. CARRANZA, Individually and and As Next Friend of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., and ALYSSA LAUREN GONZALEZ, Minor Children, et. al.<br>　　　　Plaintiffs<br><br>VS.<br><br>CITY OF LA FERIA, TEXAS,<br>LA FERIA POLICE DEPARTMENT<br>OFFICE GERARDO "JERRY"<br>RAMIREZ, Individually and in his<br>Official Capacity; and<br>VALLEY BAPTIST MEDICAL CENTER<br>　　　　Defendants<br><br>GUSTAVO GONZALEZ, Individually<br>Pursuant to the Texas Wrongful Death Act<br>for the death of GUSTAVO GONZALEZ,<br>Deceased<br>　　　　Intervenors<br><br>VS.<br><br>CITY OF LA FERIA, TEXAS,<br>OFFICER GERARDO "JERRY"<br>RAMIREZ, Individually and in his<br>Official Capacity; and<br>VALLEY BAPTIST MEDICAL CENTER<br>　　　　Defendants | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. B-02-180<br>(JURY REQUESTED) |

**DEFENDANT VALLEY BAPTIST MEDICAL CENTER'S
ANSWER TO PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

---

ADAMS & GRAHAM, L.L.P.
DEFENDANT VALLEY BAPTIST MEDICAL CENTER'S ANSWER TO PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT
[19dcj] C:\WP51\FILES\V698\FIRSTAMENDEDANSWER.001                                                                                                                     Page 1 of 8

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Valley Baptist Medical Center, a Defendant in the above styled and numbered cause, and respectfully makes and submits this, its Answer to Plaintiffs' First Amended Original Complaint, showing in support thereof as follows:

I.

For Answer to Plaintiffs' First Amended Original Complaint, Defendant Valley Baptist Medical Center (VBMC) states:

1. Regarding Paragraphs 1 and 2, VBMC is without knowledge or information sufficient to form a belief of the truth of the averments stated therein.

2. VBMC admits the assertions stated in Paragraphs 3-9.

3. Regarding Paragraph 10, VBMC admits that "[a]t the time of the incident in question Gustavo Gonzalez was under arrest, admitted as a patient at the VBMC (sic) and under police guard in a fifth floor hospital room." VBMC denies the remainder of the assertions stated in Paragraph 10.

4. VBMC denies the assertions stated in Paragraph 11.

5. VBMC denies the assertion in Paragraph 12 that "neither VBMC nor any of its personnel ever informed Officer Gerardo 'Jerry' Ramirez of the degree and severity of the mental illness that afflicted Gustavo Gonzalez," and denies that any such failure contributed to any inadequate capability on the part of Officer Ramirez. VBMC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments stated in Paragraph 12.

6. Regarding Paragraph 13, VBMC denies that "Ramirez approached the telephone in the room to call for assistance from VBMC security officers" and denies that "Gonzalez reached toward Ramirez, who responded by striking Gonzalez with an 'ASP' baton." VBMC admits the remainder of the averments stated in Paragraph 13.

7. VBMC denies the averments stated in Paragraph 14.

8. VBMC admits the averments stated in Paragraph 15.

9. VBMC denies the averments stated in Paragraph 16.

10. VBMC is without knowledge or information sufficient to form a belief as to the truth of the averments stated in Paragraph 17.

11. VBMC admits the averments stated in Paragraph 18.

12. VBMC denies the averments stated in Paragraph 19.

13. VBMC is without knowledge or information sufficient to form a belief as to the truth of the averments stated in Paragraph 20.

14. VBMC denies the averments stated in Paragraph 21.

15. VBMC admits the averments stated in Paragraph 22.

16. VBMC is without knowledge or information sufficient to form a belief as to the truth of the averments stated in Paragraph 23.

17. VBMC denies the averments stated in Paragraph 24-25.

18. VBMC denies the averments stated in Paragraph 26, except that VBMC admits that plaintiffs' damages are in excess of this Court's minimum jurisdictional limits and that the governmental defendants were acting under the authority given them by Texas law.

19. VBMC denies the averments stated in Paragraph 27-28.

20. VBMC is without knowledge or information sufficient to form a belief as to the truth of the averments stated in Paragraph 29-30.

21. VBMC denies the averments stated in Paragraph 31, except that VBMC admits that Officer Ramirez was acting within the course and scope of his employment, in his official capacity, and under the authority given him by Texas law.

22. VBMC denies the averments stated in Paragraph 32, except that VBMC admits that "under State law, the governmental Defendants were charged with a non-delegable duty of exercising supervision and control over Gonzalez while he was in their custody," "[t]hey had a statutory duty to safely keep all arrestees committed to their care," and ["]they were specifically prohibited from using any cruel and unusual means to confine a person committed to their custody."

23. VBMC denies the averments stated in Paragraph 33, except that VBMC admits that plaintiffs' damages are in excess of this Court's minimum jurisdictional limits and that the governmental defendants were acting under the authority given them by Texas law.

24. Regarding Paragraph 34, VBMC reurges all responses made herein to Paragraphs 1-33.

25. VBMC denies the averments stated in Paragraph 35-36.

26. Regarding Paragraph 37, VBMC admits that, "[u]nder state law, the governmental Defendants are charged with non-delegable duty of exercising supervision and control over the correctional facilities and those in their custody," "[t]he governmental Defendants had a statutory duty to safely keep

all arrestees and pre-trial detainees committed to their care," and "[t]hey were specifically prohibited from using any cruel and unusual means to confine a person committed to their custody." VBMC denies the remainder of the averments stated in Paragraph 37.

27. VBMC denies the averments stated in Paragraph 38.

28. Regarding Paragraph 39, VBMC is without knowledge or information sufficient to form a belief as to the truth of the averment that "[t]he failure of Defendants City of La Feria, Texas to provide proper training and supervision for Defendant Officer Gerardo "Jerry" Ramirez and other law enforcement personnel, amounts to negligence with regard to the safety of mentally ill persons detained and/or placed under arrest by the LFPD." VBMC denies the remainder of the averments stated in Paragraph 39.

29. Regarding Paragraph 40, VBMC is without knowledge or information sufficient to form a belief as to the truth of the averments stated therein, except that VBMC admits that "Defendants City of La Feria, Texas, and the LFPD are also responsible for the actions of Defendant Officer Gerardo "Jerry" Ramirez, as at all times during the above described incidents and conduct, Defendant Officer Gerardo 'Jerry' Ramirez was acting within the course and scope of his employment and official duties."

30. VBMC admits Paragraph 41 except wherein it states that this case arises from "a condition or use of tangible personal or real property by the Defendants" without specifying that this allegation pertains to the

*governmental* Defendants; to the extent this averment pertains to all Defendants, including VBMC, VBMC denies such averment.

31. VBMC denies the averments stated in Paragraph 42.

32. Regarding Paragraph 43, VBMC is without knowledge or information sufficient to form a belief as to the truth of the averments stated therein.

33. Regarding Paragraph 44, VBMC reurges all responses made herein to Paragraphs 1-22.

34. Regarding Paragraph 45, VBMC admits that "[a]t the time of the incident in question Gustavo Gonzalez was under arrest, admitted as a patient at VBMC and under police guard." VBMC denies that it "had ultimate discretion regarding any safety and/or security measures to be employed by not only VBMC staff but also by any law enforcement agency personnel on its' premises."

35. Regarding Paragraph 46, VBMC is without knowledge or information sufficient to form a belief as to the truth of the averment that "Gustavo Gonzalez was observed and evaluated by VBMC staff, non-physician personnel, and medical doctors," for the reason that such averment is overly vague. VBMC denies that "these individuals possessed information that clearly indicated Gustavo Gonzalez was a person suffering not only physical injuries, but also serious mental illness, which rendered him a possible danger to himself or others." VBMC admits that it had a duty to use reasonable care with respect to Gustavo Gonzalez in "formulating policies and procedures governing its medical staff and non-physician personnel," "following policies and procedures established for the safety of its patients

and staff, and in "training and supervising its own employees;" VBMC denies the remainder of the averments stated in Paragraph 46.

36. VBMC denies the averments stated in Paragraph 47.

37. VBMC admits that Plaintiffs seek monetary relief aggregating more than $75,000.00.

38. Regarding Paragraph 49, VBMC admits the averments stated in subsections (a) and (b), denies the averments stated in subsection (c), and is without knowledge or information sufficient to form a belief as to the truth of the averments stated in subsection (d).

39. Regarding Paragraph 51, VBMC is without knowledge or information sufficient to form a belief as to the truth of the averments stated therein.

40. VBMC denies the averments stated in Paragraph 52.

41. Regarding Paragraph 53, VBMC is without knowledge or information sufficient to form a belief as to the truth of the averments stated therein.

42. VBMC denies the averments stated in Paragraph 54.

43. Regarding Paragraph 55, VBMC is without knowledge or information sufficient to form a belief as to the truth of the averments stated therein.

44. VBMC denies the averments stated in Paragraphs 56-57.

## II.

WHEREFORE, PREMISES CONSIDERED, your Defendant Valley Baptist Medical Center prays that upon final hearing hereof Plaintiffs take nothing and that they go hence with their costs, without day, and for such other and further relief, whether at law or in equity, as they may be justly entitled to receive.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

*/s/ William L. Pope*
**WILLIAM L. POPE**
State Bar No. 16139020
Federal ID No. 8970

**SCOTT T. CLARK**
State Bar No. 00795896
Federal ID No. 21676

**ATTORNEYS FOR DEFENDANT,
VALLEY BAPTIST MEDICAL CENTER**

---

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing DEFENDANT VALLEY BAPTIST MEDICAL CENTER'S ANSWER TO PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT has on July 23rd, 2003, been forwarded to all counsel of record, as follows:

| | |
|---|---|
| Joseph Barrientos<br>WATTS LAW FIRM, L.L.P.<br>555 N. Carancahua, Suite 1400<br>Corpus Christi, Texas 78478 | *Via CMRRR # 7002 2410 0001 9643 1477* |
| Charles Willette<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Suite 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas 78521 | *Via CMRRR # 7002 2410 0001 9643 1484* |
| Phillip J. Stein<br>LAW OFFICE OF PHILLIP J. STEIN, P.C.<br>14-A Palm Village Center<br>Brownsville, Texas 78520 | *Via CMRRR # 7002 2410 0001 9643 1491* |

*/s/ Scott T. Clark*
**SCOTT T. CLARK**