IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARY E. CARRANZA, Individually and and As Next Friend of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., and ALYSSA LAUREN GONZALEZ, Minor Children, et. al.<br>　　　　Plaintiffs | § § § § § § § | |
| VS. | § § | |
| CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER<br>　　　　Defendants | § § § § § § § § | CIVIL ACTION NO. B-02-180 |
| GUSTAVO GONZALEZ, Individually Pursuant to the Texas Wrongful Death Act for the death of GUSTAVO GONZALEZ, Deceased<br>　　　　Intervenors | § § § § § § | |
| VS. | § § | |
| CITY OF LA FERIA, TEXAS, OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER<br>　　　　Defendants | § § § § § § | |

---

***DEFENDANT VALLEY BAPTIST MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT***

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Valley Baptist Medical Center, named Defendant in the above styled and numbered cause, and respectfully makes and submits this, its Motion for Summary Judgment, showing in support thereof as follows:

ADAMS & GRAHAM, L.L.P.
*DEFENDANT VALLEY BAPTIST MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT*
[10-fmg] C:\FILES\V\V698\MOTIONS\MtnSJ

Page 1 of 5

## I. Background and Plaintiffs'[1] Allegations

Gustavo Gonzalez was being guarded by an officer of the La Feria police department in a hospital room at Valley Baptist Medical Center when Gonzalez attacked the officer. An altercation ensued in which the officer used pepper spray and his stick to attempt to subdue Gonzalez before fatally shooting him. Plaintiffs allege that Gustavo Gonzalez suffered from a "serious mental illness" and Valley Baptist Medical Center was negligent with regard to its policies and actions affecting the security and safety of a patient such as Gustavo Gonzalez.

## II. Summary Judgment Is Appropriate Where Plaintiff Has No Evidence of an Essential Element

Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catreit*, 106 S.Ct. 2548, 2552 (1986). It is not necessary that the moving party affirmatively negate the opponent's claim. *Id.* at 2553; *Little v. Liquid Air Corp.* 37 F.3d 1069, 1075 (5th Cir. 1994). Rule 56 permits a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues. *Lujan v. National Wildlife Fed'n*, 110 S.Ct. 3177, 3188-89 (1990).

## III. Plaintiffs Lack the Expert Testimony to Prove Gustavo Gonzalez Suffered from a Serious Mental Illness

The treatment and diagnosis of medical diseases is a highly specialized art beyond the knowledge of lay people. *Bowles v. Bourdon*, 219 S.W.2d 779, 782 (Tex. 1949). Therefore, expert testimony is required to establish facts regarding those areas. *Id., see also Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982) (diagnosis of skull fracture is not within the experience of lay people, therefore expert testimony was required and summary judgment was appropriate where no expert testimony was offered). This same rule

---

[1] In this motion, the term "plaintiffs" refers to both plaintiffs and intervenors. The substantive allegations in both plaintiffs' and intervenors' complaints are the same.

applies with mental illnesses. *See Powell v. State of Florida*, 579 F.2d 324, 332 (5th Cir. 1978) (whether a person is mentally ill is strictly a medical judgment that a court may determine only with the assistance of an expert); *McGuffin v. State of Tex.*, 571 S.W.2d 56, 58 (Tex. Civ. App.--Austin 1978, no writ) (a lay jury requires expert guidance on the subject of mental illness).

In this case, plaintiffs contend that Gustavo Gonzalez was mentally ill. Only an expert such as a physician can offer competent evidence that Gustavo Gonzalez was in fact mentally ill. *Id.* However, neither plaintiffs nor intervenors have expert testimony regarding this issue, and their deadline to designate experts has passed.. Exh. 1.

Where expert testimony is required and the plaintiff has failed to designate an expert by the deadline for such designation, the plaintiff has no evidence to raise a fact issue regarding the defendant's alleged negligence and summary judgment is appropriate. *See Geiserman v. MacDonald*, 893 F.2d 787, 793-94 (5th Cir. 1990) (plaintiff needed expert testimony to support legal malpractice claim, because plaintiff failed to timely designate expert, summary judgment for defendant was affirmed); *see also Hayles v. General Motors Corp.*, 82 F.Supp.2d 650, 657-59 (S.D. Tex. 1999) (summary judgment for defendant where plaintiff failed to designate expert to support product liability and negligence claims regarding allegedly defective airbag).

## IV. Plaintiffs Lack the Expert Testimony to Prove the Hospital Was Negligent with Regard to Security and Patient Safety

Expert testimony is likewise necessary to establish the standard of care for patient safety and hospital security. Plaintiffs acknowledge that Gustavo Gonzalez was being guarded by a licensed peace officer at the time of this incident, yet nevertheless contend that the hospital was negligent with regard to Gonzalez's safety and security. Providing for the safety and security of allegedly mentally ill patients at an acute care facility such as Valley Baptist Medical Center is a complicated task. The potentially antagonistic needs of the patient, other patients, and hospital staff must all be considered. These issues go beyond the ordinary knowledge and expertise of lay people. Proving a standard of care and any deviation from a standard of care with regard to these issues must be done through expert evidence. Because plaintiffs have no expert on these

subjects, they lack competent evidence on this aspect of their claims and Valley Baptist is entitled to summary judgment on this point as well.

## V. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Valley Baptist Medical Center prays that this Court grant this motion and enter summary judgment that plaintiffs and intevenors take nothing on all claims as to defendant Valley Baptist Medical Center.

Respectfully submitted,

**WILLIAM L. POPE**
State Bar No. 16139020
Federal ID No. 8970
**SCOTT T. CLARK**
State Bar No. 00795896
Federal ID No. 21676
**ADAMS & GRAHAM, L.L.P.**
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

Attorney for *Defendant*, VALLEY BAPTIST MEDICAL CENTER

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing DEFENDANT VALLEY BAPTIST MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT has on September 12th, 2003, been forwarded via certified mail, return receipt requested to all counsel of record, as follows:

Attorney for *Plaintiffs*, MARY E. CARRANZA, INDIVIDUALLY AND AS NEXT FRIEND OF ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., AND ALYSSA LAUREN GONZALEZ, MINOR CHILDREN, ET. AL.:

G. Joseph Barrientos          *Via CM/RRR 7002 2410 0002 3603 9885*
WATTS LAW FIRM, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478


Attorney for *Intervenor*, GUSTAVO GONZALEZ, INDIVIDUALLY PURSUANT TO THE TEXAS WRONGFUL DEATH ACT, FOR THE DEATH OF GUSTAVO GONZALEZ, DECEASED:

Phillip J. Stein               *Via CM/RRR 7002 2410 0002 3603 9908*
LAW OFFICE OF PHILLIP J. STEIN, P.C.
14-A Palm Village Center
Brownsville, Texas 78520


Attorney for *Defendant*, CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT, OFFICER GERARDO "JERRY" RAMIREZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY:

Charles Willette               *Via Ordinary Mail*
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521


_____
SCOTT T. CLARK

| UNITED STATES DISTRICT COURT | ★ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| MARY E. CARRANZA, ET AL | § | |
| vs. | § | Civil Action B: 02-180 |
| CITY OF LA FERIA, TEXAS, ET AL | § | |

United States District Court
Southern District of Texas
ENTERED
MAR 0 5 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

## SCHEDULING ORDER

1. Trial: Estimated time to try: __5-10__ days.   ☐ Bench   ■ Jury

2. New parties must be joined by:   __N/A__
   *Furnish a copy of this scheduling order to new parties.*

3. Plaintiffs and Intervenor will designate experts and provide reports within 180 days after the initial pre-trial conference:   __July 28, 2003__

4. Defendants will designate responsive experts and provide reports within 30 days after the receipt of Plaintiff and Intervenor's expert reports.

5. Discovery must be completed by:   __October 24, 2003__
   *Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the court. No continuance will be granted because of information acquired in post-deadline discovery.*

**************************The Court will provide these dates**************************

6. Dispositive Motions will be filed by:   __November 24, 2003__

7. Joint pretrial order is due:   __February 18, 2004__

8. Docket Call and final pretrial conference is set for 1:30 p.m. on:   __March 4, 2004__

9. Jury Selection is set for 9:00 a.m. on:   __March 8, 2004__
   *(The case will remain on standby until tried)*

Signed __March 4__, 2003, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge

**EXHIBIT 1**