United States District Court
Southern District of Texas
FILED

FEB 1 8 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARY E. CARRANZA, Individually and | § |
| As Next Friend of ANGEL MATTHEW | § |
| GONZALEZ, GUSTAVO GONZALEZ, | § |
| JR., and ALYSSA LAUREN GONZALEZ, | § |
| Minor Children, et.al. | § |
| *Plaintiffs* | § |
| | § |
| VS. | § |
| | § |
| CITY OF LA FERIA, TEXAS, | § |
| LA FERIA POLICE DEPARTMENT, | § |
| OFFICER GERARDO "JERRY" | § |
| RAMIREZ, Individually and in his | § |
| Official Capacity; and | § |
| VALLEY BAPTIST MEDICAL CENTER | § |
| *Defendant* | § |
| | § |
| | § CIVIL ACTION NO. B-02-180 |
| | § (JURY REQUESTED) |
| GUSTAVO GONZALEZ, Individually | § |
| Pursuant to the Texas Wrongful Death Act | § |
| for the death of GUSTAVO GONZALEZ, | § |
| Deceased | § |
| *Intervenor* | § |
| | § |
| VS. | § |
| | § |
| CITY OF LA FERIA, TEXAS, | § |
| OFFICER GERARDO "JERRY" | § |
| RAMIREZ, Individually and in his | § |
| Official Capacity; and | § |
| VALLEY BAPTIST MEDICAL CENTER | § |
| *Defendant* | § |

## JOINT PRETRIAL ORDER

The parties to the above cause through their respective counsel of record, enter into the following Joint Pretrial Order.

### I.
### APPEARANCE OF COUNSEL

**Attorneys for Plaintiffs**
Mr. Mikal Watts
Mr. Joseph Barrientos
Watts Law Firm, L.L.P.
555 N. Carancahua, Ste. 1400
Corpus Christi, Texas 78478
Attorney for Plaintiffs
(361)887-0500 Telephone
(361) 887-0055 Facsimile

**Attorneys for Intervenors**

Mr. Phillip J. Stein
The Law Office of Phillip J. Stein, P.C.
14-A Palm Village Center
Brownsville, Texas 78520
(956) 541-9243 Telephone
(956) 541-9244 Facsimile

**Attorneys for Defendants**
City of La Feria, Texas, Officer Gerardo "Jerry" Ramirez,
Individually and in His Official Capacity

Eduardo G Garza
Charles Willette, Jr.
Willette & Guerra, L.L.P.
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
(956) 541-1846 Telephone
(956) 541-1893 Facsimile

2

**Attorney for Co-Defendant**
Valley Baptist Medical Center
Mr. William Pope
Mr. Scott Clark
Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, TX 78551-1429
(956) 428-7495 Telephone
(956) 428-2954 Facsimile

## II.

## STATEMENT OF THE CASE

### A.    Plaintiffs' Statement.

This case involves claims of excessive force case brought against Officer Gerardo Ramirez for alleged violations of constitutional rights under Fourteenth Amendment to the United States Constitution claims of negligence against Valley Baptist Medical Center. Plaintiffs and Intervener claim that Defendant Ramirez used excessive and deadly force against Gustavo Gonzalez, a pre-trial detainee, by shooting him repeatedly as he was handcuffed to a hospital bed, thereby causing his death and the injuries and damages of which they complain.

This case also involves claims of negligence by the Plaintiffs and Intervener against Defendant Valley Baptist Medical Center ("VBMC") based upon VBMC's failure to use reasonable care care with respect to its duty to develop, implement and follow policies and procedures regarding mentally ill patients, patients under police custody, training and supervision of its own employees - specifically non-medical security employees, and disclosure of information to law enforcement office regarding in-custody patients and their potential danger to themselves or others. Plaintiffs and Intervener seek compensatory damages and costs.

### B.    Defendants Gerardo Ramirez, the City of La Feria, and the La Feria Police Department's Statement.

3

This is an excessive force case brought under 42 U.S.C § 1983. Plaintiffs and Intervenor have brought this action against Gerardo Ramirez, Individually and in is Official Capacity, the La Feria Police Department, and the City of La Feria, Texas under 42 U.S.C. § 1983 and § 1988 et. seq for alleged violations of constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, under the Texas Tort Claims, and under the Texas Wrongful Death Act alleging that Defendant Ramirez used excessive force against Gustavo Gonzalez, deceased, by firing shots into him, thereby causing his death. Plaintiffs and Intervenor also allege that a "policy, custom, or practice" of the City of La Feria and the La Feria Police Department caused the injuries of which they complain. Plaintiffs and Intervenor seek compensatory damages, attorneys fees, and costs. Defendants contend that Officer Ramirez discharged his weapon at Gonzalez in fear of his life while he was being struck with leg shackles in the head and face. Gonzalez discharged his weapon at Gonzalez only after attempting and failing to subdue Gonzalez with baton strikes and pepper spray.

### C.    Defendant Valley Baptist Medical Center's Statement.

Defendant Valley Baptist Medical Center has been sued for damages arising from the allegations that it was supposedly negligent in failing to properly restrain a patient in police custody at the   hospital, for alleging failing to disclose to the City of La Feria the risks involved in guarding a patient in police custody for suspicion of murder and for allegedly not having proper policies in place to address the presence of potentially violent, custodial patients. Valley Baptist Medical Center contends that it is in the business of running a hospital, not jailing or guarding criminal patients; furthermore, it states that the potential for violence in the deceased patient was or should have been well known to any prudent person, without the necessity of special communication from

4



the hospital.  Additionally, decisions concerning patient restraint or the extent of disclosure of confidential mental health information is a physician, not hospital, function.

## III.

## JURISDICTION

This court has jurisdiction to hear this case as it involves federal questions associated with 42 U.S.C. § 1983 and § 1988 et. seq . and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

## IV.

## MOTIONS

Defendants City of La Feria, La Feria Police Department, and Officer Gerardo "Jerry" Ramirez, Individually and in his official capacity filed a Motion for Summary Judgement on September 19, 2003.  No response has been filed by Plaintiffs or Intervenor.  The motion is still pending before the court.

Defendant Valley Baptist Medical Center filed a Motion for Summary Judgement on September 15, 2003. No response has been filed by Plaintiffs or Intervenor.  The motion is still pending before the court.

## V.
## CONTENTIONS OF THE PARTIES

A.      **Contentions of the Plaintiffs and Intervener Contentions as to Officer**

**Gerardo "Jerry" Ramirez**

Plaintiffs and Intervener contend that, at the time of the incident in question, Defendant GERARDO "JERRY" RAMIREZ violated the constitutional rights of GONZALEZ in the following respects:

5

1.  by knowingly and maliciously deciding to apply deadly force to GUSTAVO GONZALEZ by shooting him repeatedly as he was shackled to a 350-pound hospital bed and when the use of such deadly force was neither necessary nor objectively reasonable;

2.  by maliciously using deadly force against GUSTAVO GONZALEZ by shooting him repeatedly at a time at a time when GONZALEZ was shackled to a 350-pound hospital bed and when he could not reasonably have perceived GONZALEZ to be a threat;

3.  by maliciously using deadly force against GUSTAVO GONZALEZ by shooting him repeatedly, by choosing not to temper the use of deadly force with lesser, non-deadly force, and by choosing to use such force in a manner that was not only excessive, but also certain to be deadly;

4.  by using deadly force against GUSTAVO GONZALEZ by shooting him repeatedly and in a malicious manner which caused numerous, severe injuries to and the death of GUSTAVO GONZALEZ;

5.  by using deadly force against GUSTAVO GONZALEZ by maliciously shooting him repeatedly and in a manner designed to kill GONZALEZ

6.  by firing his weapon in anger at GUSTAVO GONZALEZ

Plaintiffs and Intervener further contend that no reasonable officers could have misunderstood that the Ramirez' actions previously described clearly violated established federal law protecting mentally ill persons in police custody, such as GUSTAVO GONZALEZ, from the application of force in a manner that inflicts unnecessary and wanton pain and suffering. As such force was not applied in a good faith effort to maintain or restore discipline, but rather was used in a malicious and sadistic manner for the purpose of causing harm, the same could not have been objectively reasonable in light of clearly established law.

Plaintiffs and Intervener further contend that Defendant OFFICER RAMIREZ had a duty to act reasonably and responsibly while guarding GUSTAVO GONZALEZ. By choosing to use deadly force, in the form of its firearm at a time when GUSTAVO GONZALEZ, a mentally ill person was

6

in custody, receiving medical care and partially restrained, Defendant OFFICER GERARDO "JERRY" RAMIREZ acted wantonly and with malice. Defendant OFFICER GERARDO "JERRY" RAMIREZ shot and killed GUSTAVO GONZALEZ in a situation when GONZALEZ was defenseless. Defendant OFFICER GERARDO "JERRY" RAMIREZ'S use of deadly force against GUSTAVO GONZALEZ, Deceased, was in bad faith, in violation of law and, therefore, Defendant OFFICER GERARDO "JERRY" RAMIREZ is not immune to suit.

**B.    Plaintiffs and Intervener's Contentions as to Valley Baptist Medical Center
As to Defendant VBMC, Plaintiffs and Intervenor contend that during his stay at
VBMC**

Gustavo Gonzalez was observed and evaluated by VBMC staff, non-physician personnel and medical personnel. These individuals possessed information that clearly indicated Gustavo Gonzalez was a person suffering not only physical injuries, but also serious mental illness, which rendered him a danger to himself and others. As such, VBMC had a duty to use reasonable care with respect to Gustavo Gonzalez including, but not limited to, the following:

1.    in formulating policies and procedures governing its medical staff and non-physician personnel;

2.    in following policies and procedures established for the safety of its patients and staff;

3.    in training and supervising its own employees;

4.    in exercising control over others performing work on VBMC premises;

5.    in determining whether to restrain a mentally ill patient;

6.    in determining the level of restraint to use with respect to a mentally ill patient;

7.    in determining the manner of restraint to be used with respect to a mentally ill patient;

7

8.    in providing security measures sufficient to insure the safety of mentally ill patients; and

9.    in determining what information should be disclosed to the City of La Feria and it's police officers regarding the risks involved in guarding a mentally ill patient.

Plaintiffs and Intervener further contend that VBMC committed acts of omission and commission, which collectively and severally, constituted negligence and thereby breached the duties set forth above. Such negligence was the proximate cause of the occurrence in question, the severe injuries, pain and suffering and eventual death of GUSTAVO GONZALEZ, Deceased, as well as the damages to the Plaintiffs herein

**C.    Contentions of Defendants City of La Feria, La Feria Police Department, and Officer Gerardo "Jerry" Ramirez, Individually and in his official capacity.**

Defendants City of La Feria, La Feria Police Department, and Officer Gerardo "Jerry" Ramirez, Individually and in his official capacity contend that Officer Ramirez is entitled to qualified immunity under the law for the events made the subject of this lawsuit and that no policy, practice, or custom of excessive force or any other constitutional violations exists with respect to the City of La Feria.  Defendants further contend that the La Feria Police Department is not a proper party to this suit and that the suit against Officer Ramirez in his official capacity is improper as the claim is essentially a claim against the City of La Feria who has been made a party to this lawsuit.  Finally, Defendants contend that Officer Ramirez was justified in the use of deadly force against Gustavo Gonzalez and that his actions were both reasonable and necessary under the circumstances he was faced with at the time of the shooting.

8

**D.    Contentions of Defendant Valley Baptist Medical Center**

Defendant Valley Baptist Medical Center contends that it had no duty to insure the safety or security of the deceased, Gustavo Gonzalez.

Defendant Valley Baptist Medical Center asserts that it had no duty nor is it capable of issuing medical treatment orders requiring restraint of patients.

Defendant Valley Baptist Medical Center contends that any and all security policies and procedures in place at the time of the incident in question were sufficient for their intended and limited purpose; the hospital is not in the business of providing custodial security.

Defendant Valley Baptist Medical Center would assert that appropriate communication occurred, or, alternatively, was already known concerning the deceased's propensity for potential violence or unusual behavior.

Defendant Valley Baptist Medical Center would further contend that it acted within the appropriate standards of care as a healthcare provider at all times wherein the deceased was a patient in its facility.

Defendant Valley Baptist Medical Center would likewise contend that it acted as any similarly situated prudent hospital would have, given the circumstances in question, in relation to dealing with the presence of a patient already in custody of law enforcement authorities.

Defendant Valley Baptist Medical Center would also assert that the occurrence in question was solely due to the acts of the deceased, Gustavo Gonzalez and not anyone else.

9

## VI.

## **ADMISSION OF FACT**

1.     On or about September 17, 2000, Gustavo Gonzalez, Deceased was arrested by members of the La Feria Police Department for evading arrest and during the arrest he was injured and subsequently taken to the Valley Baptist Medical Center for treatment.

2.     On or about September 18, 2000, Defendant Officer Gerardo "Jerry" Ramirez was guarding Gustavo Gonzalez at the Valley Baptist Medical Center while Gonzalez was handcuffed to a bed rail by one hand.

3.     On September 18, 2000, at about 3:00 a.m. Gonzalez awoke from his sleep, arose from his bed, and refused commands to get back into bed.

4.     An altercation ensued between Gonzalez and Officer Ramirez whereby Gonzalez was reaching for Officer Ramirez while Ramirez was yelling commands at him to get back.

5.     Officer Ramirez used baton strikes multiple times, and pepper sprayed Gonzalez twice before unholstering his weapon.

6.     Gonzalez flipped the hospital bed onto its side and dragged it to obtain leg shackles which were in the room.

7.     Officer Ramirez was being struck with leg shackles repeatedly in the face and head by Gonzalez prior to him unholstering his weapon.

8.     Officer Ramirez was in fear of his life and was almost losing consciousness when he discharged his weapon at Gonzalez.

9.     Officer Ramirez fired 4-5 rounds at Gonzalez and paused, but Gonzalez stayed on his feet, lunged at Ramirez, and attempted to strike Officer Ramirez again with the leg shackles.

10.  After firing 4-5 rounds and pausing, Officer Ramirez emptied his weapon at Gonzalez.

11.  Officer Ramirez was seriously injured and required medical care for a broken nose and multiple contusions as a result of the confrontation with Gonzalez.

12.  Gonzalez was yelling "matame matame" as Ramirez was shouting verbal commands at him.

13.  Officer Ramirez never observed Gustavo being violent or threatening to anyone prior to the confrontation.

14.  Irene Garza was a security officer at the Valley Baptist Medical Center who at 3:24 a.m. responded to a call for security because of a combative patient. She stopped at the corner in the hall immediately before the room because the nurses in the area had yelled out that maybe the patient had obtained the gun from the officer. She called for backup and then heard the officer yelling, "I shot him sir, I shot him.

15.  Gustavo Gonzalez was refusing treatment and was uncooperative when he arrived at the hospital.

16.  According to the record, Gustavo Gonzalez admitted to Dr. Tomas Gonzalez that he wanted to hurt himself.

17.  According to the record, Dr. Tomas Gonzalez decided to hold off on psychotropic medications for Gonzalez until after surgery and his arraignment, or until September 19, 2000, whichever came first.

18.  According to the record, Gonzalez told hospital nursing staff that "the officer is trying to kill him and all of us".

19.  There is no history of a policy of excessive force by the City of La Feria prior to the shooting of Gustavo Gonzalez

20. That Gustavo Gonzalez was located in a fifth floor hospital room of the VBMC at the time of the shooting.

21. That Officer Ramirez testified in his deposition that he was angry when he fired his handgun at Gustavo Gonzalez.

22. That VBMC employed its own security force, which was on duty at the time of the shooting of Gustavo Gonzalez.

23. That VBMC did not specifically assign any of it's security personnel to guard or assist in guarding Gustavo Gonzalez after his admission to VBMC.

## VII.

### CONTESTED ISSUES OF FACT

1. Whether on September 17, 2000, Gonzalez murdered Yolanda Jackson Valdez by stabbing her multiple times with a knife.

2. Whether and for what period of time Officer Ramirez' exit to the room may have been blocked by the hospital bed Gonzalez had turned over, and Gonzalez himself.

3. Whether officer Ramirez discharged his weapon at Gonzalez out of fear for his safety and life.

4. Whether in 1994, Celia Gonzalez told MHMR that Gonzalez had tried to commit suicide by driving his car at high speeds, was committing abuse on others, was a danger when he was angered, had a bad temper, and was very destructive when he was angry.

5. Whether Celia Gonzalez petitioned for Gustavo Gonzalez to be admitted to or examined by MHMR at which time Gustavo Gonzalez stated he believed the Devil would take over him.

12

6.  Whether, in 1996 Gonzalez attempted suicide on several occasions and was using controlled substances.

7.  Whether Gustavo Gonzalez had spent time in jail for shooting and killing his brother-in-law.

8.  Whether Gustavo Gonzalez was arrested in April, 2000, after he attempted to set fire to Mary Carranza's house while she was inside.

9.  Whether there is no history of a pattern of excessive force by the City of La Feria prior to the shooting of Gustavo Gonzalez.

10.  There is no history of a practice of excessive force by the City of La Feria prior to the shooting of Gustavo Gonzalez.

11.  Whether Gerardo Ramirez received any training with respect to the guarding or security of mentally ill persons.

12.  Had Gustavo Gonzalez been more adequately restrained, the shooting would not have occurred.

13.  Officer Ramirez was not provided with any specific instructions from the hospital with respect to the use of weapons or ammunition and was not given a copy of any information or procedures on the detention of custodial patients.

14.  Officer Ramirez was not provided with any medical or psychological information regarding Gustavo Gonzalez from the hospital prior to the shooting.

15.  Gustavo Gonzalez was evaluated by psychiatrist Dr. Tomas Gonzalez at the hospital who considered Gustavo to be paranoid and fearful, psychotic, and subject to hallucinations.

16.  The results of Dr. Tomas Gonzalez' evaluation of Gustavo Gonzalez were not made known or shared with Officer Ramirez prior to the shooting.

17.  Medical information in Gustavo Gonzalez' records from Valley Baptist for September 18, 2000 indicating that Gonzalez demonstrated a degree of confusion and/or disorientation prior to the shooting, seemed to be out of touch with reality, and stated the officer was trying to

13

kill him was not shared with Ramirez by anyone at the hospital prior to the shooting.

18. Officer Ramirez was not aware that the psychologist who visited with Mr. Gonzalez considered him to be paranoid, psychotic and in need of psychotropic medications.

19. In the emergency room at Valley Baptist Medical Center, Gustavo demonstrated behavioral anxiety, schizophrenia and combativeness.

20. Prior to the incident made the basis of this lawsuit, Gustavo Gonzalez was committed to Tropical Texas MHMR because of his violent behavior and threats of violence, and was diagnosed at TTMHMR as having a bipolar disorder.

21. At the time of the shooting at issue, Gonzalez was a pretrial detainee who had left the custody of the arresting officer and was being detained at the hospital.

22. That VBMC imparted no information regarding Gustavo Gonzalez' mental or emotional status to the La Feria Police Department officers who were actually guarding Gustavo Gonzalez prior to the time of the shooting.

23. That VBMC was responsible for the safety and security of its admitted patients at the time of the incident.

24. That VBMC had both the authority and responsibility to determine what type and degree of restraint, if any, should be used with respect to admitted patients.

25. That Mary Carranza and Celia Gonzalez are the widow and mother, respectively, of Gustavo Gonzalez and that Angel Matthew Gonzalez, Gustavo Gonzalez, Jr., And Alyssa Lauren Gonzalez are the minor children of Gustavo Gonzalez, deceased.

26. That Gustavo Gonzalez, Sr. is the father of Gustavo Gonzalez, deceased.

## VIII.

## AGREED PROPOSITIONS OF LAW

1.    The La Feria Police Department is not recognized under the law as a separate entity from the City of La Feria, and has no capacity to sue or be sued. *See Hutchinson v Brookshire Brothers, Inc.*, 222 F.Supp 2d. 809, 825 (E.D. Tex. 2002);  *Darby v. Pasedena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991).

2.    A section 1983 suit against a governmental official in his or her official capacity is the equivalent of bringing suit against the governmental entity itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); see also *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

3.    The City of La Feria can only be held liable under § 1983 if an official policy, custom or practice caused the alleged constitutional violation. *Monell v. New York City Dep't of Social Services*, 436 U.S. 685, 690 (1978).

4.    In order to establish a policy, custom, or practice, the plaintiffs must show a "pattern of similar incidents" that is "general or widespread." *Languirand v. Hayden,* 717 F.2d 220, 227-28 (5th Cir. 1983); *cert. denied* 467 U.S. 1215, 104 S.Ct. 2656 (1984).

5.    A pattern of similar incidents is evident if there are "numerous prior incidents" showing a "systematic violation of constitutional rights. *Hererra v. Valentine*, 653 F.2d 1220 (8th Cir. 1981); see also *Bennett v. City of Slidell,* 728 F.2d 762 768 (5th Cir. 1984); *cert. denied* 472 U.S. 1016, 105 S.Ct. 3476 (1985) (en banc).

6.    "Proof of a single violent incident ordinarily is insufficient to hold a municipality liable for inadequate training." *Snyder v Trepaginer*, 142 F.3d 791, 798 (5th Cir. 1998); *Rodriguez v Avita*, 871 F.2d 552, 554-55 (5th Cir. 1989).

7.     Police officers are entitled to qualified immunity unless their conduct violates a clearly established constitutional right. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

8.     To overcome an officer's qualified immunity, a plaintiff must show the defendant violated a clearly established constitutional right through conduct that was objectively unreasonable. *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

9.     "The 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865 (1989); *Stroik v Ponseti*, 35 F3d 155, 157 (5th Cir. 1994); *See also Huong v City of Port Arthur*, 961 F.Supp. 1003, 1007 (E.D. Texas 1997).

10.     The plaintiff in an excessive force case must show an injury that resulted directly and only from the use of force that was clearly excessive, and the excessiveness was objectively unreasonable. *Reese v. Anderson*, 926 F.2d 494, 500 (5th Cir. 1991); *Johnson v Morel*, 876 F.2d 477, 480 (5th Cir. 1989).

11.     The "reasonableness" of the force used "must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865 (1989).

.     Use of deadly force is not unreasonable when an officer would have reason to believe that the suspect poses a threat of serious harm to the officers or others. *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).

13.      While the Fourth Amendment protects arrestees, once an arrest is complete, pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment. *Brothers v. Klevenhagen*, 28 F.3d 452 (5th Cir. 1994); *Gutierrez v. City of San Antonio*, 139 F.3d 441 (5th Cir. 1998).

14.      In order to waive the immunity of the defendants, Plaintiffs and Intervenor must prove that the injuries claimed were caused by a condition or use of tangible personal property. *Dallas County Mental Health & Mental Retardation v Bossley*, 968 S.W.2d 339, 343 (Tex. 1998); Tex. Civ. Prac & Rem. Code sec 101.021(2).

15.      Plaintiffs and Intervenors cannot circumvent the intentional tort exception to the limited waiver of sovereign immunity by asserting their claims in the form of a negligence action. *See Holland v City of Houston*, 41 F. Supp.2d 678, 712 (S.D. Tex. 1999); *Drain v Galveston County*, 979 F. Supp. 1101, 1104-5 (S.D. Tex. 1997).

16.      That VBMC had a duty to use reasonable care in supervising its employees.

## IX.

## CONTESTED PROPOSITIONS OF LAW

1.      That VBMC had a duty to provide for the safety and security of persons admitted to it's facility.

2.      That VBMC had a duty to use reasonable care in the formulation and adherence to policies and procedures regarding the security of persons admitted to its facility.

3.      That VBMC had a duty to use reasonable care in determining the type and degree of restraints used, if any, on mentally ill admitted to it's facility.

17



4.    That VBMC had a duty to use reasonable care to impart information to law enforcement officers regarding a patient/detainee's mental status for purposes of the safety and security.

## X.

## EXHIBITS

Please see attached Exhibit Lists.

## XI.

## WITNESSES

Please see attached Witness Lists.

## XII.

## SETTLEMENT

Settlement efforts have been exhausted at this time and the parties have been unable to resolve this matter through settlement discussions.

## XIII.

## TRIAL

1.    Probable length of trial is expected to be 4-5 days.

2.    The only logistical problems the parties may encounter is the availability of expert witnesses to testify at trial.  However, every effort will be made to coordinate their availability.

# XIV.

## ATTACHMENTS

1.    Proposed Questions for voir dire examination from Defendants Ramirez and the

City of La Feria.

2.    Proposed charge from Defendants Ramirez and the City of La Feria.

Date: _____    _____
                              UNITED STATES DISTRICT JUDGE

APPROVED:

Date: 2-18-04    _____    *Joseph Barrientos w/p EG*
                                         Joseph Barrientos
                                         Attorney for Plaintiffs

Date: 2-18-04    _____    *Phillip Stein w/p EG*
                                         Phillip J. Stein
                                         Attorney for Intervenor

Date: 2-18-04    _____    *Charles Willette Jr w/p EG*
                                         Charles Willette, Jr.
                                         Eduuardo G Garza
                                         Attorneys for Defendants
                                         City of La Feria, Texas, Officer Gerardo "Jerry"
                                         Ramirez, Individually and in His Official Capacity

Date: 2-18-04    _____    *William Pope w/p EG*
                                         William L. Pope
                                         Scott Clark
                                         Attorneys for Defendant
                                         Valley Baptist Medical Center

                                         19



| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al. *versus* City of La Feria, et al. | CASE NO.    B-02-180 |
|---|---|
| | **Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos Court Reporter: Heather Hall |
| List of Defendants | Proceeding   Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Medical records pertaining to Gustavo Gonzalez from Valley Baptist Medical Center | | |
| 2 | No Bill from Grand Jury | | |
| 3 | Autopsy Reports | | |
| 4 | La Feria Police Department Policy and Procedure Manual | | |
| 5 | Gonzalez' Criminal Record | | |
| 6 | Incident Report from La Feria Police Department | | |
| 7 | Custodial Death Report Prepared by La Feria Police Department | | |
| 8 | Harlingen Police Department Offense Report provided to La Feria Police Department During Investigation | | |
| 9 | Harlingen Police Department Investigation file provided to Defense Counsel | | |
| 10 | Re-enactment videotape in Harlingen Police Department File | | |
| 11 | Accident videotape in La Feria Police Department File | | |
| 12 | Records from Tropical Texas for Mental Health and Mental Retardation regarding Gustavo Gonzalez | | |
| 13 | Photographs of Gerardo Ramirez taken after the shooting | | |
| 14 | Photographs from investigation into murder of Yolanda Jackson Valdez | | |
| 15 | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al. *versus* City of La Feria, et al. | CASE NO.    B-02-180 |
|---|---|
| | **Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Heather Hall |
| List of Defendants | Proceeding   Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Medical records pertaining to Gustavo Gonzalez from Valley Baptist Medical Center | | |
| 2 | No Bill from Grand Jury | | |
| 3 | Autopsy Reports | | |
| 4 | La Feria Police Department Policy and Procedure Manual | | |
| 5 | Gonzalez' Criminal Record | | |
| 6 | Incident Report from La Feria Police Department | | |
| 7 | Custodial Death Report Prepared by La Feria Police Department | | |
| 8 | Harlingen Police Department Offense Report provided to La Feria Police Department During Investigation | | |
| 9 | Harlingen Police Department Investigation file provided to Defense Counsel | | |
| 10 | Re-enactment videotape in Harlingen Police Department File | | |
| 11 | Accident videotape in La Feria Police Department File | | |
| 12 | Records from Tropical Texas for Mental Health and Mental Retardation regarding Gustavo Gonzalez | | |
| 13 | Photographs of Gerardo Ramirez taken after the shooting | | |
| 14 | Photographs from investigation into murder of Yolanda Jackson Valdez | | |
| 15 | | | |


| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al.<br>*versus*<br>City of La Feria, et al. | CASE NO.     B-02-180 |
|---|---|
| | **Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Heather Hall |
| List of Defendants | Proceeding   Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Medical records pertaining to Gustavo Gonzalez from Valley Baptist Medical Center | | |
| 2 | No Bill from Grand Jury | | |
| 3 | Autopsy Reports | | |
| 4 | La Feria Police Department Policy and Procedure Manual | | |
| 5 | Gonzalez' Criminal Record | | |
| 6 | Incident Report from La Feria Police Department | | |
| 7 | Custodial Death Report Prepared by La Feria Police Department | | |
| 8 | Harlingen Police Department Offense Report provided to La Feria Police Department During Investigation | | |
| 9 | Harlingen Police Department Investigation file provided to Defense Counsel | | |
| 10 | Re-enactment videotape in Harlingen Police Department File | | |
| 11 | Accident videotape in La Feria Police Department File | | |
| 12 | Records from Tropical Texas for Mental Health and Mental Retardation regarding Gustavo Gonzalez | | |
| 13 | Photographs of Gerardo Ramirez taken after the shooting | | |
| 14 | Photographs from investigation into murder of Yolanda Jackson Valdez | | |
| 15 | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al.<br>*versus*<br>City of La Feria, et al. | CASE NO.    B-02-180 |
|---|---|
| | **Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Heather Hall |
| List of Defendants | Proceeding   Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Medical records pertaining to Gustavo Gonzalez from Valley Baptist Medical Center | | |
| 2 | No Bill from Grand Jury | | |
| 3 | Autopsy Reports | | |
| 4 | La Feria Police Department Policy and Procedure Manual | | |
| 5 | Gonzalez' Criminal Record | | |
| 6 | Incident Report from La Feria Police Department | | |
| 7 | Custodial Death Report Prepared by La Feria Police Department | | |
| 8 | Harlingen Police Department Offense Report provided to La Feria Police Department During Investigation | | |
| 9 | Harlingen Police Department Investigation file provided to Defense Counsel | | |
| 10 | Re-enactment videotape in Harlingen Police Department File | | |
| 11 | Accident videotape in La Feria Police Department File | | |
| 12 | Records from Tropical Texas for Mental Health and Mental Retardation regarding Gustavo Gonzalez | | |
| 13 | Photographs of Gerardo Ramirez taken after the shooting | | |
| 14 | Photographs from investigation into murder of Yolanda Jackson Valdez | | |
| 15 | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
| --- | --- | --- |

| Mary Carranza, et al.<br>*versus*<br>City of La Feria, et al. | CASE NO.      B-02-180 |
| --- | --- |
|  | **Plaintiffs'/Intervenors' Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Heather Hall |
| List of Plaintiff and Intervenor | Proceeding   Date: March 4, 2004 |

| No. | Description | Adm | Exd |
| --- | --- | --- | --- |
| 1 | Notice of Deposition of Donato Garcia | | |
| 2 | LFPD Policy & Procedure Manual | | |
| 3 | Grand Jury | | |
| 4 | Autopsy Report | | |
| 5 | Incident Report | | |
| 6 | Death Report | | |
| 7 | Harlingen Offense Report | | |
| 8 | Harlingen Investigation | | |
| 9 | Accident Video | | |
| 10 | Reenactment Video | | |
| 11 | Restraints | | |
| 12 | Critical Care Medical Protective Restraints | | |
| 13 | Forensic Staff Information List | | |
| 14 | Letter | | |

| 15 | VBMC Medical Records | | |
|---|---|---|---|
| 16 | Diagram drawn by Gerardo "Jerry" Ramirez | | |
| 17 | Autopsy Report | | |
| 18 | VBMC security department documents | | |
| 19 | Medical records pertaining to Gustavo Gonzalez from Valley Baptist Medical Center | | |
| 20 | Autopsy Reports | | |
| 21 | La Feria Police Department Policy and Procedure Manual | | |
| 22 | Custodial Death Report Prepared by La Feria Police Department | | |
| 23 | Harlingen Police Department Investigation file provided to Defense Counsel | | |
| 24 | Re-enactment videotape in Harlingen Police Department File | | |
| 25 | Accident videotape in La Feria Police Department File | | |
| 26 | Records from MHMR regarding Gustavo Gonzalez | | |
| | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al. *versus* City of La Feria, et al. | CASE NO.   B-02-180 |
|---|---|
| | **Plaintiffs'/Intervenors' Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos Court Reporter: Heather Hall |
| List of Plaintiff and Intervenor | Proceeding   Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Notice of Deposition of Donato Garcia | | |
| 2 | LFPD Policy & Procedure Manual | | |
| 3 | Grand Jury | | |
| 4 | Autopsy Report | | |
| 5 | Incident Report | | |
| 6 | Death Report | | |
| 7 | Harlingen Offense Report | | |
| 8 | Harlingen Investigation | | |
| 9 | Accident Video | | |
| 10 | Reenactment Video | | |
| 11 | Restraints | | |
| 12 | Critical Care Medical Protective Restraints | | |
| 13 | Forensic Staff Information List | | |
| 14 | Letter | | |

| 15 | VBMC Medical Records | | |
|----|----------------------|---|---|
| 16 | Diagram drawn by Gerardo "Jerry" Ramirez | | |
| 17 | Autopsy Report | | |
| 18 | VBMC security department documents | | |
| 19 | Medical records pertaining to Gustavo Gonzalez from Valley Baptist Medical Center | | |
| 20 | Autopsy Reports | | |
| 21 | La Feria Police Department Policy and Procedure Manual | | |
| 22 | Custodial Death Report Prepared by La Feria Police Department | | |
| 23 | Harlingen Police Department Investigation file provided to Defense Counsel | | |
| 24 | Re-enactment videotape in Harlingen Police Department File | | |
| 25 | Accident videotape in La Feria Police Department File | | |
| 26 | Records from MHMR regarding Gustavo Gonzalez | | |
|    | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al. <br> *versus* <br> City of La Feria, et al. | CASE NO.     B-02-180 |
|---|---|
| | **Plaintiffs'/Intervenors' Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos <br> Court Reporter: Heather Hall |
| List of Plaintiff and Intervenor | Proceeding   Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Notice of Deposition of Donato Garcia | | |
| 2 | LFPD Policy & Procedure Manual | | |
| 3 | Grand Jury | | |
| 4 | Autopsy Report | | |
| 5 | Incident Report | | |
| 6 | Death Report | | |
| 7 | Harlingen Offense Report | | |
| 8 | Harlingen Investigation | | |
| 9 | Accident Video | | |
| 10 | Reenactment Video | | |
| 11 | Restraints | | |
| 12 | Critical Care Medical Protective Restraints | | |
| 13 | Forensic Staff Information List | | |
| 14 | Letter | | |



| 15 | VBMC Medical Records | | |
|---|---|---|---|
| 16 | Diagram drawn by Gerardo "Jerry" Ramirez | | |
| 17 | Autopsy Report | | |
| 18 | VBMC security department documents | | |
| 19 | Medical records pertaining to Gustavo Gonzalez from Valley Baptist Medical Center | | |
| 20 | Autopsy Reports | | |
| 21 | La Feria Police Department Policy and Procedure Manual | | |
| 22 | Custodial Death Report Prepared by La Feria Police Department | | |
| 23 | Harlingen Police Department Investigation file provided to Defense Counsel | | |
| 24 | Re-enactment videotape in Harlingen Police Department File | | |
| 25 | Accident videotape in La Feria Police Department File | | |
| 26 | Records from MHMR regarding Gustavo Gonzalez | | |
| | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al. *versus* City of La Feria, et al. | CASE NO.     B-02-180 |
|---|---|
| | **Plaintiffs'/Intervenors' Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos Court Reporter: Heather Hall |
| List of Plaintiff and Intervenor | Proceeding   Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Notice of Deposition of Donato Garcia | | |
| 2 | LFPD Policy & Procedure Manual | | |
| 3 | Grand Jury | | |
| 4 | Autopsy Report | | |
| 5 | Incident Report | | |
| 6 | Death Report | | |
| 7 | Harlingen Offense Report | | |
| 8 | Harlingen Investigation | | |
| 9 | Accident Video | | |
| 10 | Reenactment Video | | |
| 11 | Restraints | | |
| 12 | Critical Care Medical Protective Restraints | | |
| 13 | Forensic Staff Information List | | |
| 14 | Letter | | |

| 15 | VBMC Medical Records | | |
|----|----------------------|---|---|
| 16 | Diagram drawn by Gerardo "Jerry" Ramirez | | |
| 17 | Autopsy Report | | |
| 18 | VBMC security department documents | | |
| 19 | Medical records pertaining to Gustavo Gonzalez from Valley Baptist Medical Center | | |
| 20 | Autopsy Reports | | |
| 21 | La Feria Police Department Policy and Procedure Manual | | |
| 22 | Custodial Death Report Prepared by La Feria Police Department | | |
| 23 | Harlingen Police Department Investigation file provided to Defense Counsel | | |
| 24 | Re-enactment videotape in Harlingen Police Department File | | |
| 25 | Accident videotape in La Feria Police Department File | | |
| 26 | Records from MHMR regarding Gustavo Gonzalez | | |
| | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al. *versus* City of La Feria, et al. | CASE NO.    B-02-180 |
|---|---|
| | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos Court Reporter: Heather Hall |
| List of Defendants | Proceeding   Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Mary E. Carranza, Plaintiff | | |
| 2 | Celia Muniz Gonzalez, Mother of Deceased | | |
| 3 | Gustavo Gonzalez, father of deceased | | |
| 4 | Martha Lucio c/o Valley Baptist Medical Center 2102 Pease St. Harlingen, Texas 78550 3289 Teege Rd. Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
| 5 | Lupita Vega c/o Valley Baptist Medical Center 2102 Pease St. Harlingen, Texas 78550 Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
| 6 | Mary Elizabeth Valdez c/o Valley Baptist Medical Center 2102 Pease St. Harlingen, Texas 78550 1022 S. 3rd St. Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |



| 7 | Irene Garza, Security Officer<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>108 West Alice Rd.<br>Security Officer who responded to call for assistance by Officer Ramirez | | |
| --- | --- | --- | --- |
| 8 | Mr. Ben Lively<br>3603 Path View Point<br>San Antonio, Texas 78247<br>Defendant's expert who is expected to testify about the reasonableness and necessity of the use of deadly force by Officer Ramirez. He is also expected to testify that no policy, custom, or practice of excessive force exists with respect to the City of La Feria. | | |
| 9 | Dr. Vincent Di Maio<br>5 Reading Lane<br>San Antonio, Texas 78257<br><br>Dr. DiMaio is a forensic pathologist who is expected to testify regarding the cause of Gustavo Gonzalez' death. Dr. DiMaio will offer forensic pathology expert testimony on Gonzalez, including expert opinion regarding the cause of his death; the time of his death; factors that precipitated his death, Gonzalez' medical and behavioral history; medical protocols; police policies and procedures; and general medical knowledge, policies, and procedures. | | |
| 10 | Officer Martin Segura<br>Former La Feria Police Department<br>Present Address Unknown<br>Arrested Gustavo Gonzalez for criminal attempted capital murder and two counts of evading arrest prior to the shooting. | | |
| 11 | Officer Isidrio Delgado<br>Former La Feria Police Department<br>Present Address Unknown<br>Observed Gustavo Gonzalez prior to shooting. | | |



| 12 | La Feria Police Chief Donato Garcia<br>c/o Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas 78521<br>Expected to testify about his knowledge of incident, history of La Feria<br>Police Department, and procedures at La Feria Police Department. | | |
|---|---|---|---|
| 13 | Dr. Tomas Gonzalez<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Conducted psychiatric examination and consultation on Gustavo<br>Gonzalez prior to shooting. | | |
| 14 | Blake Hubbard<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Former Chief of Security at time of shooting with knowledge of<br>custodial patient issues and the shooting at issue. | | |
| 15 | Custodian of Records<br>Harlingen Police Department<br>1102 S. Commerce St.<br>Harlingen, Texas 78550 | | |
| 16 | Dewitt S. Davenport, M.D.<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Performed Autopsy on Gustavo Gonzalez | | |
| 17 | Officer Saul Castillo<br>Harlingen Police Department<br>1102 S. Commerce St.<br>Harlingen, Texas 78550<br>Came upon scene after shooting and witnessed scene and persons<br>involved. | | |

| 18 | Gerardo X. "Jerry" Ramirez; Defendant<br>c/o Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas 78521 | | |
| 19 | Officer Israel Mireles<br>La Feria Police Department<br>115 East Commercial Street<br>La Feria, Texas 78593<br>Arrested Gustavo Gonzalez for criminal attempted capital murder and<br>two counts of evading arrest prior to the shooting. | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |
| 29 | | | |
| 30 | | | |
| 31 | | | |
| 32 | | | |
| 33 | | | |
| 34 | | | |
| 35 | | | |
| 36 | | | |
| 37 | | | |
| | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al.<br>*versus*<br>City of La Feria, et al. | CASE NO.    B-02-180 |
|---|---|
| | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Heather Hall |
| List of Defendants | Proceeding  Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Mary E. Carranza, Plaintiff | | |
| 2 | Celia Muniz Gonzalez, Mother of Deceased | | |
| 3 | Gustavo Gonzalez, father of deceased | | |
| 4 | Martha Lucio<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>3289 Teege Rd.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
| 5 | Lupita Vega<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
| 6 | Mary Elizabeth Valdez<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>1022 S. 3rd St.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |



| 7 | Irene Garza, Security Officer<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>108 West Alice Rd.<br>Security Officer who responded to call for assistance by Officer Ramirez | | |
| 8 | Mr. Ben Lively<br>3603 Path View Point<br>San Antonio, Texas 78247<br>Defendant's expert who is expected to testify about the reasonableness and necessity of the use of deadly force by Officer Ramirez. He is also expected to testify that no policy, custom, or practice of excessive force exists with respect to the City of La Feria. | | |
| 9 | Dr. Vincent Di Maio<br>5 Reading Lane<br>San Antonio, Texas 78257<br><br>Dr. DiMaio is a forensic pathologist who is expected to testify regarding the cause of Gustavo Gonzalez' death. Dr. DiMaio will offer forensic pathology expert testimony on Gonzalez, including expert opinion regarding the cause of his death; the time of his death; factors that precipitated his death, Gonzalez' medical and behavioral history; medical protocols; police policies and procedures; and general medical knowledge, policies, and procedures. | | |
| 10 | Officer Martin Segura<br>Former La Feria Police Department<br>Present Address Unknown<br>Arrested Gustavo Gonzalez for criminal attempted capital murder and two counts of evading arrest prior to the shooting. | | |
| 11 | Officer Isidrio Delgado<br>Former La Feria Police Department<br>Present Address Unknown<br>Observed Gustavo Gonzalez prior to shooting. | | |

| 12 | La Feria Police Chief Donato Garcia<br>c/o Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas 78521<br>Expected to testify about his knowledge of incident, history of La Feria Police Department, and procedures at La Feria Police Department. | | |
| --- | --- | --- | --- |
| 13 | Dr. Tomas Gonzalez<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Conducted psychiatric examination and consultation on Gustavo Gonzalez prior to shooting. | | |
| 14 | Blake Hubbard<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Former Chief of Security at time of shooting with knowledge of custodial patient issues and the shooting at issue. | | |
| 15 | Custodian of Records<br>Harlingen Police Department<br>1102 S. Commerce St.<br>Harlingen, Texas 78550 | | |
| 16 | Dewitt S. Davenport, M.D.<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Performed Autopsy on Gustavo Gonzalez | | |
| 17 | Officer Saul Castillo<br>Harlingen Police Department<br>1102 S. Commerce St.<br>Harlingen, Texas 78550<br>Came upon scene after shooting and witnessed scene and persons involved. | | |

| | | | |
|---|---|---|---|
| 18 | Gerardo X. "Jerry" Ramirez; Defendant<br>c/o Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas  78521 | | |
| 19 | Officer Israel Mireles<br>La Feria Police Department<br>115 East Commercial Street<br>La Feria, Texas 78593<br>Arrested Gustavo Gonzalez for criminal attempted capital murder and | | |



| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al.<br>*versus*<br>City of La Feria, et al. | CASE NO.     B-02-180 |
|---|---|
| | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Heather Hall |
| List of Defendants | Proceeding   Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Mary E. Carranza, Plaintiff | | |
| 2 | Celia Muniz Gonzalez, Mother of Deceased | | |
| 3 | Gustavo Gonzalez, father of deceased | | |
| 4 | Martha Lucio<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>3289 Teege Rd.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
| 5 | Lupita Vega<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
| 6 | Mary Elizabeth Valdez<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>1022 S. 3rd St.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |



| 7 | Irene Garza, Security Officer<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>108 West Alice Rd.<br>Security Officer who responded to call for assistance by Officer Ramirez | | |
| 8 | Mr. Ben Lively<br>3603 Path View Point<br>San Antonio, Texas 78247<br>Defendant's expert who is expected to testify about the reasonableness and necessity of the use of deadly force by Officer Ramirez. He is also expected to testify that no policy, custom, or practice of excessive force exists with respect to the City of La Feria. | | |
| 9 | Dr. Vincent Di Maio<br>5 Reading Lane<br>San Antonio, Texas 78257<br><br>Dr. DiMaio is a forensic pathologist who is expected to testify regarding the cause of Gustavo Gonzalez' death. Dr. DiMaio will offer forensic pathology expert testimony on Gonzalez, including expert opinion regarding the cause of his death; the time of his death; factors that precipitated his death, Gonzalez' medical and behavioral history; medical protocols; police policies and procedures; and general medical knowledge, policies, and procedures. | | |
| 10 | Officer Martin Segura<br>Former La Feria Police Department<br>Present Address Unknown<br>Arrested Gustavo Gonzalez for criminal attempted capital murder and two counts of evading arrest prior to the shooting. | | |
| 11 | Officer Isidrio Delgado<br>Former La Feria Police Department<br>Present Address Unknown<br>Observed Gustavo Gonzalez prior to shooting. | | |



| 12 | La Feria Police Chief Donato Garcia<br>c/o Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas 78521<br>Expected to testify about his knowledge of incident, history of La Feria Police Department, and procedures at La Feria Police Department. | | |
| --- | --- | --- | --- |
| 13 | Dr. Tomas Gonzalez<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Conducted psychiatric examination and consultation on Gustavo Gonzalez prior to shooting. | | |
| 14 | Blake Hubbard<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Former Chief of Security at time of shooting with knowledge of custodial patient issues and the shooting at issue. | | |
| 15 | Custodian of Records<br>Harlingen Police Department<br>1102 S. Commerce St.<br>Harlingen, Texas 78550 | | |
| 16 | Dewitt S. Davenport, M.D.<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Performed Autopsy on Gustavo Gonzalez | | |
| 17 | Officer Saul Castillo<br>Harlingen Police Department<br>1102 S. Commerce St.<br>Harlingen, Texas 78550<br>Came upon scene after shooting and witnessed scene and persons involved. | | |

| 18 | Gerardo X. "Jerry" Ramirez; Defendant<br>c/o Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas 78521 | | |
| 19 | Officer Israel Mireles<br>La Feria Police Department<br>115 East Commercial Street<br>La Feria, Texas 78593<br>Arrested Gustavo Gonzalez for criminal attempted capital murder and two counts of evading arrest prior to the shooting. | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |
| 29 | | | |
| 30 | | | |
| 31 | | | |
| 32 | | | |
| 33 | | | |
| 34 | | | |
| 35 | | | |
| 36 | | | |
| 37 | | | |
| | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al.<br>*versus*<br>City of La Feria, et al. | CASE NO.    B-02-180 |
|---|---|
| | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Heather Hall |
| List of Defendants | Proceeding  Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Mary E. Carranza, Plaintiff | | |
| 2 | Celia Muniz Gonzalez, Mother of Deceased | | |
| 3 | Gustavo Gonzalez, father of deceased | | |
| 4 | Martha Lucio<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>3289 Teege Rd.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
| 5 | Lupita Vega<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
| 6 | Mary Elizabeth Valdez<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>1022 S. 3rd St.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |



| 7 | Irene Garza, Security Officer<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>108 West Alice Rd.<br>Security Officer who responded to call for assistance by Officer Ramirez | | |
| 8 | Mr. Ben Lively<br>3603 Path View Point<br>San Antonio, Texas 78247<br>Defendant's expert who is expected to testify about the reasonableness and necessity of the use of deadly force by Officer Ramirez. He is also expected to testify that no policy, custom, or practice of excessive force exists with respect to the City of La Feria. | | |
| 9 | Dr. Vincent Di Maio<br>5 Reading Lane<br>San Antonio, Texas 78257<br><br>Dr. DiMaio is a forensic pathologist who is expected to testify regarding the cause of Gustavo Gonzalez' death. Dr. DiMaio will offer forensic pathology expert testimony on Gonzalez, including expert opinion regarding the cause of his death; the time of his death; factors that precipitated his death, Gonzalez' medical and behavioral history; medical protocols; police policies and procedures; and general medical knowledge, policies, and procedures. | | |
| 10 | Officer Martin Segura<br>Former La Feria Police Department<br>Present Address Unknown<br>Arrested Gustavo Gonzalez for criminal attempted capital murder and two counts of evading arrest prior to the shooting. | | |
| 11 | Officer Isidrio Delgado<br>Former La Feria Police Department<br>Present Address Unknown<br>Observed Gustavo Gonzalez prior to shooting. | | |



| 12 | La Feria Police Chief Donato Garcia<br>c/o Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas 78521<br>Expected to testify about his knowledge of incident, history of La Feria Police Department, and procedures at La Feria Police Department. | | |
|----|------------------------------------------------------------------------------------------------------------------------|--|--|
| 13 | Dr. Tomas Gonzalez<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Conducted psychiatric examination and consultation on Gustavo Gonzalez prior to shooting. | | |
| 14 | Blake Hubbard<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Former Chief of Security at time of shooting with knowledge of custodial patient issues and the shooting at issue. | | |
| 15 | Custodian of Records<br>Harlingen Police Department<br>1102 S. Commerce St.<br>Harlingen, Texas 78550 | | |
| 16 | Dewitt S. Davenport, M.D.<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Performed Autopsy on Gustavo Gonzalez | | |
| 17 | Officer Saul Castillo<br>Harlingen Police Department<br>1102 S. Commerce St.<br>Harlingen, Texas 78550<br>Came upon scene after shooting and witnessed scene and persons involved. | | |

| 18 | Gerardo X. "Jerry" Ramirez; Defendant<br>c/o Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas 78521 | | |
|----|---|---|---|
| 19 | Officer Israel Mireles<br>La Feria Police Department<br>115 East Commercial Street<br>La Feria, Texas 78593<br>Arrested Gustavo Gonzalez for criminal attempted capital murder and<br>two counts of evading arrest prior to the shooting. | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |
| 29 | | | |
| 30 | | | |
| 31 | | | |
| 32 | | | |
| 33 | | | |
| 34 | | | |
| 35 | | | |
| 36 | | | |
| 37 | | | |
| | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al. *versus* City of La Feria, et al. | CASE NO.    B-02-180 |
|---|---|
| | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Heather Hall |
| List of Plaintiffs and Intervenor | Proceeding   Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Mary E. Carranza, Plaintiff<br>514 E. Chapa Street<br>Pharr, Texas  78577 | | |
| 2 | Celia Muniz Gonzalez, Mother of Deceased<br>1313 Fago Palma<br>Alamo, Texas  78516 | | |
| 3 | Gustavo Gonzalez, father of deceased | | |
| 4 | City of La Feria, Texas<br>115 E. Commercial Avenue<br>La Feria, Texas  78559 | | |
| 5 | Officer Gerardo "Jerry" Ramriez<br>128 East Commercial Avenue<br>La Feria, Texas  78559 | | |
| 6 | Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 7 | Custodian of Records<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 8 | Blake Hubbard<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |



| 9 | Jaime Hernandez, M.D., P.A.<br>524 South Cage, Suite F<br>Pharr, Texas  78577 | | |
|---|---|---|---|
| 10 | Chief Donato Garcia<br>La Feria Police Department<br>128 East Commercial Ave.<br>La Feria, Texas  78559 | | |
| 11 | Custodian of Records<br>La Feria Police Department<br>128 East Commercial Ave.<br>La Feria, Texas  78559 | | |
| 12 | Dr. DeWitt S. Davenport, M.d.<br>Pathologist<br>P. O. Drawer 2588<br>Harlingen, Texas  78550 | | |
| 13 | R. Tamayo, Nurs<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 14 | Dr. Hector Guerra, M.d.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 15 | Dr. Tomas A. Gonzalez, M.D.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 16 | Marta Lucio, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 17 | N. Valdez, L.V.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 18 | L. Vega, L.V.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 19 | Estela Mauricio, R.N.<br>House Nurse & Supervisor<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |



| 20 | D. Barker, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
|----|------|---|---|
| 21 | Mary Colbin, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 22 | Margarita Gonzalez, N.A.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 23 | Eusebia Hernandez, C.N.A.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 24 | Mario Silverio, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 25 | Mary Valdez, L.V.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 26 | Officer Martin Segura<br>La Feria Police Department<br>115 East Commercial Street<br>La Feria, Texas 78559 | | |
| 27 | Officer Ysidro Delgado<br>La Feria Police Department<br>115 East Commercial Street<br>La Feria, Texas 78559 | | |
| 28 | Martha Lucio<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>3289 Teege Rd.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |

| 29 | Lupita Vega<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
|---|---|---|---|
| 30 | Mary Elizabeth Valdez<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>1022 S. 3rd St.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
| 31 | Irene Garza, Security Officer<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>108 West Alice Rd.<br>Security Officer who responded to call for assistance by Officer Ramirez | | |
| 32 | Mr. Ben Lively<br>3603 Path View Point<br>San Antonio, Texas 78247<br>Defendant's expert who is expected to testify about the reasonableness and necessity of the use of deadly force by Officer Ramirez. He is also expected to testify that no policy, custom, or practice of excessive force exists with respect to the City of La Feria. | | |
| 33 | Dr. Vincent Di Maio<br>5 Reading Lane<br>San Antonio, Texas 78257<br>Dr. DiMaio is a forensic pathologist who is expected to testify regarding the cause of Gustavo Gonzalez' death. Dr. DiMaio will offer forensic pathology expert testimony on Gonzalez, including expert opinion regarding the cause of his death; the time of his death; factors that precipitated his death, Gonzalez' medical and behavioral history; medical protocols; police policies and procedures; and general medical knowledge, policies, and procedures. | | |

| 34 | Officer Isidrio Delgado<br>Former La Feria Police Department<br>Present Address Unknown<br>Observed Gustavo Gonzalez prior to shooting. | | |
|----|---|---|---|
| 35 | Dr. Tomas Gonzalez<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Conducted psychiatric examination and consultation on Gustavo Gonzalez prior to shooting. | | |
| 36 | Blake Hubbard<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Former Chief of Security at time of shooting with knowledge of custodial patient issues and the shooting at issue. | | |
| 37 | Dewitt S. Davenport, M.D.<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Performed Autopsy on Gustavo Gonzalez | | |
| 38 | Gerardo X. "Jerry" Ramirez; Defendant<br>c/o Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas  78521 | | |
| | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al. *versus* City of La Feria, et al. | CASE NO.     B-02-180 |
|---|---|
| | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos Court Reporter: Heather Hall |
| List of Plaintiffs and Intervenor | Proceeding   Date: March 4, 2004 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Mary E. Carranza, Plaintiff 514 E. Chapa Street Pharr, Texas  78577 | | |
| 2 | Celia Muniz Gonzalez, Mother of Deceased 1313 Fago Palma Alamo, Texas  78516 | | |
| 3 | Gustavo Gonzalez, father of deceased | | |
| 4 | City of La Feria, Texas 115 E. Commercial Avenue La Feria, Texas  78559 | | |
| 5 | Officer Gerardo "Jerry" Ramriez 128 East Commercial Avenue La Feria, Texas  78559 | | |
| 6 | Valley Baptist Medical Center 2101 Pease Street Harlingen, Texas  78550 | | |
| 7 | Custodian of Records Valley Baptist Medical Center 2101 Pease Street Harlingen, Texas  78550 | | |
| 8 | Blake Hubbard Valley Baptist Medical Center 2101 Pease Street Harlingen, Texas  78550 | | |

| 9 | Jaime Hernandez, M.D., P.A.<br>524 South Cage, Suite F<br>Pharr, Texas 78577 | | |
|---|---|---|---|
| 10 | Chief Donato Garcia<br>La Feria Police Department<br>128 East Commercial Ave.<br>La Feria, Texas 78559 | | |
| 11 | Custodian of Records<br>La Feria Police Department<br>128 East Commercial Ave.<br>La Feria, Texas 78559 | | |
| 12 | Dr. DeWitt S. Davenport, M.d.<br>Pathologist<br>P. O. Drawer 2588<br>Harlingen, Texas 78550 | | |
| 13 | R. Tamayo, Nurs<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 14 | Dr. Hector Guerra, M.d.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 15 | Dr. Tomas A. Gonzalez, M.D.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 16 | Marta Lucio, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 17 | N. Valdez, L.V.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 18 | L. Vega, L.V.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 19 | Estela Mauricio, R.N.<br>House Nurse & Supervisor<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |

| 29 | Lupita Vega<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
|----|----|----|----|
| 30 | Mary Elizabeth Valdez<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>1022 S. 3rd St.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
| 31 | Irene Garza, Security Officer<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>108 West Alice Rd.<br>Security Officer who responded to call for assistance by Officer Ramirez | | |
| 32 | Mr. Ben Lively<br>3603 Path View Point<br>San Antonio, Texas 78247<br>Defendant's expert who is expected to testify about the reasonableness and necessity of the use of deadly force by Officer Ramirez. He is also expected to testify that no policy, custom, or practice of excessive force exists with respect to the City of La Feria. | | |
| 33 | Dr. Vincent Di Maio<br>5 Reading Lane<br>San Antonio, Texas 78257<br>Dr. DiMaio is a forensic pathologist who is expected to testify regarding the cause of Gustavo Gonzalez' death. Dr. DiMaio will offer forensic pathology expert testimony on Gonzalez, including expert opinion regarding the cause of his death; the time of his death; factors that precipitated his death, Gonzalez' medical and behavioral history; medical protocols; police policies and procedures; and general medical knowledge, policies, and procedures. | | |

| 34 | Officer Isidrio Delgado<br>Former La Feria Police Department<br>Present Address Unknown<br>Observed Gustavo Gonzalez prior to shooting. | | |
|----|---|---|---|
| 35 | Dr. Tomas Gonzalez<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Conducted psychiatric examination and consultation on Gustavo Gonzalez prior to shooting. | | |
| 36 | Blake Hubbard<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Former Chief of Security at time of shooting with knowledge of custodial patient issues and the shooting at issue. | | |
| 37 | Dewitt S. Davenport, M.D.<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Performed Autopsy on Gustavo Gonzalez | | |
| 38 | Gerardo X. "Jerry" Ramirez; Defendant<br>c/o Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas  78521 | | |
|    | | | |



| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Mary Carranza, et al. *versus* City of La Feria, et al. | CASE NO.      B-02-180 |
|---|---|
| | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos Court Reporter: Heather Hall |
| List of Plaintiffs and Intervenor | Proceeding  Date: March 4, 2004 |

| No. | Description | Adm | Ex d |
|---|---|---|---|
| 1 | Mary E. Carranza, Plaintiff 514 E. Chapa Street Pharr, Texas  78577 | | |
| 2 | Celia Muniz Gonzalez, Mother of Deceased 1313 Fago Palma Alamo, Texas  78516 | | |
| 3 | Gustavo Gonzalez, father of deceased | | |
| 4 | City of La Feria, Texas 115 E. Commercial Avenue La Feria, Texas  78559 | | |
| 5 | Officer Gerardo "Jerry" Ramriez 128 East Commercial Avenue La Feria, Texas  78559 | | |
| 6 | Valley Baptist Medical Center 2101 Pease Street Harlingen, Texas  78550 | | |
| 7 | Custodian of Records Valley Baptist Medical Center 2101 Pease Street Harlingen, Texas  78550 | | |
| 8 | Blake Hubbard Valley Baptist Medical Center 2101 Pease Street Harlingen, Texas  78550 | | |



| 9 | Jaime Hernandez, M.D., P.A.<br>524 South Cage, Suite F<br>Pharr, Texas 78577 | | |
|---|---|---|---|
| 10 | Chief Donato Garcia<br>La Feria Police Department<br>128 East Commercial Ave.<br>La Feria, Texas 78559 | | |
| 11 | Custodian of Records<br>La Feria Police Department<br>128 East Commercial Ave.<br>La Feria, Texas 78559 | | |
| 12 | Dr. DeWitt S. Davenport, M.d.<br>Pathologist<br>P. O. Drawer 2588<br>Harlingen, Texas 78550 | | |
| 13 | R. Tamayo, Nurs<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 14 | Dr. Hector Guerra, M.d.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 15 | Dr. Tomas A. Gonzalez, M.D.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 16 | Marta Lucio, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 17 | N. Valdez, L.V.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 18 | L. Vega, L.V.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 19 | Estela Mauricio, R.N.<br>House Nurse & Supervisor<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |

| 20 | D. Barker, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
|----|--------------------------------------------------------------------------------------------|--|--|
| 21 | Mary Colbin, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 22 | Margarita Gonzalez, N.A.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 23 | Eusebia Hernandez, C.N.A.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 24 | Mario Silverio, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 25 | Mary Valdez, L.V.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 26 | Officer Martin Segura<br>La Feria Police Department<br>115 East Commercial Street<br>La Feria, Texas 78559 | | |
| 27 | Officer Ysidro Delgado<br>La Feria Police Department<br>115 East Commercial Street<br>La Feria, Texas 78559 | | |
| 28 | Martha Lucio<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>3289 Teege Rd.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |



| 29 | Lupita Vega<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
|----|----|----|----|
| 30 | Mary Elizabeth Valdez<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>1022 S. 3rd St.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
| 31 | Irene Garza, Security Officer<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>108 West Alice Rd.<br>Security Officer who responded to call for assistance by Officer Ramirez | | |
| 32 | Mr. Ben Lively<br>3603 Path View Point<br>San Antonio, Texas 78247<br>Defendant's expert who is expected to testify about the reasonableness and necessity of the use of deadly force by Officer Ramirez. He is also expected to testify that no policy, custom, or practice of excessive force exists with respect to the City of La Feria. | | |
| 33 | Dr. Vincent Di Maio<br>5 Reading Lane<br>San Antonio, Texas 78257<br>Dr. DiMaio is a forensic pathologist who is expected to testify regarding the cause of Gustavo Gonzalez' death. Dr. DiMaio will offer forensic pathology expert testimony on Gonzalez, including expert opinion regarding the cause of his death; the time of his death; factors that precipitated his death, Gonzalez' medical and behavioral history; medical protocols; police policies and procedures; and general medical knowledge, policies, and procedures. | | |



| 34 | Officer Isidrio Delgado<br>Former La Feria Police Department<br>Present Address Unknown<br>Observed Gustavo Gonzalez prior to shooting. | | |
|----|---|---|---|
| 35 | Dr. Tomas Gonzalez<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Conducted psychiatric examination and consultation on Gustavo Gonzalez prior to shooting. | | |
| 36 | Blake Hubbard<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Former Chief of Security at time of shooting with knowledge of custodial patient issues and the shooting at issue. | | |
| 37 | Dewitt S. Davenport, M.D.<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Performed Autopsy on Gustavo Gonzalez | | |
| 38 | Gerardo X. "Jerry" Ramirez; Defendant<br>c/o Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas  78521 | | |
| | | | |

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
| --- | --- | --- |

| Mary Carranza, et al. *versus* City of La Feria, et al. | CASE NO.    B-02-180 |
| --- | --- |
| | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos Court Reporter: Heather Hall |
| List of Plaintiffs and Intervenor | Proceeding  Date: March 4, 2004 |

| No. | Description | Adm | Exd |
| --- | --- | --- | --- |
| 1 | Mary E. Carranza, Plaintiff 514 E. Chapa Street Pharr, Texas  78577 | | |
| 2 | Celia Muniz Gonzalez, Mother of Deceased 1313 Fago Palma Alamo, Texas  78516 | | |
| 3 | Gustavo Gonzalez, father of deceased | | |
| 4 | City of La Feria, Texas 115 E. Commercial Avenue La Feria, Texas  78559 | | |
| 5 | Officer Gerardo "Jerry" Ramriez 128 East Commercial Avenue La Feria, Texas  78559 | | |
| 6 | Valley Baptist Medical Center 2101 Pease Street Harlingen, Texas  78550 | | |
| 7 | Custodian of Records Valley Baptist Medical Center 2101 Pease Street Harlingen, Texas  78550 | | |
| 8 | Blake Hubbard Valley Baptist Medical Center 2101 Pease Street Harlingen, Texas  78550 | | |



| 9 | Jaime Hernandez, M.D., P.A.<br>524 South Cage, Suite F<br>Pharr, Texas 78577 | | |
|---|---|---|---|
| 10 | Chief Donato Garcia<br>La Feria Police Department<br>128 East Commercial Ave.<br>La Feria, Texas 78559 | | |
| 11 | Custodian of Records<br>La Feria Police Department<br>128 East Commercial Ave.<br>La Feria, Texas 78559 | | |
| 12 | Dr. DeWitt S. Davenport, M.d.<br>Pathologist<br>P. O. Drawer 2588<br>Harlingen, Texas 78550 | | |
| 13 | R. Tamayo, Nurs<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 14 | Dr. Hector Guerra, M.d.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 15 | Dr. Tomas A. Gonzalez, M.D.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 16 | Marta Lucio, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 17 | N. Valdez, L.V.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 18 | L. Vega, L.V.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |
| 19 | Estela Mauricio, R.N.<br>House Nurse & Supervisor<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas 78550 | | |

| | | | |
|---|---|---|---|
| 20 | D. Barker, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 21 | Mary Colbin, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 22 | Margarita Gonzalez, N.A.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 23 | Eusebia Hernandez, C.N.A.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 24 | Mario Silverio, R.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 25 | Mary Valdez, L.V.N.<br>Valley Baptist Medical Center<br>2101 Pease Street<br>Harlingen, Texas  78550 | | |
| 26 | Officer Martin Segura<br>La Feria Police Department<br>115 East Commercial Street<br>La Feria, Texas  78559 | | |
| 27 | Officer Ysidro Delgado<br>La Feria Police Department<br>115 East Commercial Street<br>La Feria, Texas  78559 | | |
| 28 | Martha Lucio<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>3289 Teege Rd.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |

| 29 | Lupita Vega<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
|---|---|---|---|
| 30 | Mary Elizabeth Valdez<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>1022 S. 3rd St.<br>Nurse that came upon scene while Gonzalez and Ramirez were struggling with one another | | |
| 31 | Irene Garza, Security Officer<br>c/o Valley Baptist Medical Center<br>2102 Pease St.<br>Harlingen, Texas 78550<br>108 West Alice Rd.<br>Security Officer who responded to call for assistance by Officer Ramirez | | |
| 32 | Mr. Ben Lively<br>3603 Path View Point<br>San Antonio, Texas 78247<br>Defendant's expert who is expected to testify about the reasonableness and necessity of the use of deadly force by Officer Ramirez. He is also expected to testify that no policy, custom, or practice of excessive force exists with respect to the City of La Feria. | | |
| 33 | Dr. Vincent Di Maio<br>5 Reading Lane<br>San Antonio, Texas 78257<br>Dr. DiMaio is a forensic pathologist who is expected to testify regarding the cause of Gustavo Gonzalez' death. Dr. DiMaio will offer forensic pathology expert testimony on Gonzalez, including expert opinion regarding the cause of his death; the time of his death; factors that precipitated his death, Gonzalez' medical and behavioral history; medical protocols; police policies and procedures; and general medical knowledge, policies, and procedures. | | |



| 34 | Officer Isidrio Delgado<br>Former La Feria Police Department<br>Present Address Unknown<br>Observed Gustavo Gonzalez prior to shooting. | | |
|----|----|----|----|
| 35 | Dr. Tomas Gonzalez<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Conducted psychiatric examination and consultation on Gustavo Gonzalez prior to shooting. | | |
| 36 | Blake Hubbard<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Former Chief of Security at time of shooting with knowledge of custodial patient issues and the shooting at issue. | | |
| 37 | Dewitt S. Davenport, M.D.<br>c/o Valley Baptist Medical Center, Pathology<br>P.O. Drawer 2588<br>Harlingen, Texas 78551<br>Performed Autopsy on Gustavo Gonzalez | | |
| 38 | Gerardo X. "Jerry" Ramirez; Defendant<br>c/o Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas  78521 | | |
| | | | |