IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARY E. CARRANZA, Individually and As Next Friend of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., and ALYSSA LAUREN GONZALEZ, Minor Children, et.al.<br>*Plaintiffs*<br><br>VS.<br><br>CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT, OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER<br>*Defendant*<br><br>GUSTAVO GONZALEZ, Individually Pursuant to the Texas Wrongful Death Act for the death of GUSTAVO GONZALEZ, Deceased<br>*Intervenor*<br><br>VS.<br><br>CITY OF LA FERIA, TEXAS, OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER<br>*Defendant* | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. B-02-180<br>(JURY REQUESTED) |

## DEFENDANTS' JURY INSTRUCTIONS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

1

COME NOW, CITY OF LA FERIA, TEXAS and OFFICER GERARDO "JERRY" RAMIREZ, Individually, named Defendants herein, and request that the Court submit to the jury the instructions attached hereto.

**GENERAL INSTRUCTIONS:**

**Members of the Jury:**

Now that you have heard the evidence, my duty is to give you the instructions of the Court on the law you should apply to this case. Your duty as jurors is to follow the law as stated in these instructions and to apply these rules of law to the facts you find from the evidence in the case. You are not to single out on instruction alone as stating the law; rather, you must consider the instructions as a whole.

Regardless of any opinion you may have as to what the law should be, you would violate your sworn duty if you based a verdict upon any view of the law other than that given in the instructions stated by the Court. Similarly, you would violate your sworn duty as judges of the facts if you based your verdict upon anything but the evidence in this case. You, the Jury, are the sole and exclusive judges of the facts.

You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

You should consider and decide this case as an action between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life.

You must consider only evidence properly admitted in the case. Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; any deposition testimony of witnesses that was admitted into evidence; all exhibits received in evidence, regardless of who may have produced them; and all facts that have been admitted or stipulated. You must entirely disregard any evidence that a party objected to if I sustained that objection and any evidence that was ordered stricken by the Court.

Statements and arguments of counsel are not evidence; rather they are intended only to assist you in understanding the evidence and the contentions of the parties. During the course of the trial, it often becomes the duty of counsel to make objections and for the Court to rule on them in accordance with the law. You should not consider or be influenced by the fact that such objections have been made, whether they are sustained or overruled.

Similarly, you should not allow your attitude toward either party or the evidence to be affected by how you regard the general conduct or attitude of the attorneys. Each attorney has a solemn duty to defend the client vigorously and with dedication and thus may not please everyone all the time. Your decision on the facts of this case should therefore not be affected by your opinion of the attorneys.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You, as jurors, are the sole judges of the credibility of the witnesses and weight their

testimony deserves. You should carefully scrutinize all the testimony given and, in weighing the testimony of each witness, consider the relationship between the witness and the parties in the case, his or her interest in the outcome of the case, the witness's manner of testifying, candor, fairness, and intelligence, and the extent to which the witness's testimony has been confirmed or contradicted, if at all, by other credible evidence.

You will rely upon your own good judgment, your own common sense, and the experience you have gained as you have gone about your everyday affairs in weighing the evidence and determining the weight to be given to it. You are permitted to accept as true and worthy of belief everything that a particular witness may have said, or you are permitted to reject everything that a particular witness may have said. Of course, you may also accept as true part of what a witness tells you and reject other portions of that witness's testimony.

**WITNESSES**

A witness may be discredited or "impeached" by contradictory evidence or by evidence that the witness has at other times made statements that are inconsistent with the witness's present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness and not to conclusively establish the truth of the earlier statements. If you believe any witness has been impeached and thus discredited, you are free to give the testimony of that witness such credibility, if any, as you may think it deserves.

**EVIDENCE**

You may, in your determination of the facts of this case, consider both direct and circumstantial evidence. Direct evidence is the testimony of a witness who actually saw an event occur. Circumstantial evidence is proof of a chain of circumstances pointing to the occurrence of

4

a fact or the existence of a fact. Direct evidence includes a witness's testimony as to facts within that person's own personal knowledge, matters that the witness saw and heard, and matters that came to the witness out of that person's own senses or observations. Circumstantial evidence, rather than or in addition to direct evidence, can be used to establish a fact if that fact may be fairly and reasonably inferred from all other facts and circumstances proved in the case. In order to establish a fact or conclusion by circumstantial evidence, the facts that were directly proven in the case must be such as to make the fact or conclusion sought to be shown by circumstantial evidence more reasonably probable to be true than alternative facts or conclusions. As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with a preponderance of all the evidence in the case, both direct and circumstantial.

**PREPONDERANCE OF THE EVIDENCE**

A "preponderance of the evidence" means the greater weight and degree of the credible evidence admitted in this trial. It does not necessarily mean the greater volume of evidence or the greater number of witnesses. To establish or prove something by a preponderance of the evidence means to prove that something is more likely true than not. In other words, a preponderance of the evidence in this case means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not.

**PROXIMATE CAUSE**

A "proximate cause" is an event which plays a substantial part in bringing about or causing the injuries or damages complained of for which the injury or damage complained of was a

reasonably foreseeable consequence.

## SPECIFIC INSTRUCTIONS

In this case the Plaintiffs and Intervenor claim that on or about September 18, 2000, Defendant Gerardo Ramirez, a police officer employed by the La Feria Police Department, used excessive force against Gustavo Gonzalez while acting under color of state law, thereby depriving Plaintiffs and Intervenor of rights secured to Gonzalez, both the by the Constitution of the United States and by Act of Congress providing for equal rights of all persons within the jurisdiction of the United States.

You are instructed that 42 U.S.C. § 1983 provides that any citizen may seek redress in this Court by way of damages against any person who, under color of any State law or custom, subjects such citizen to the deprivation of any rights, privileges, or immunity secured or protected by the Constitution or laws of the United States.

Plaintiffs' right to prosecute this suit raising allegations against these particular Defendants is secured by 42 U.S.C. § 1983, one of the Civil Rights Acts enacted by Congress, which reads in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to a party injured in an action in law, suit in equity, or other proper proceedings for redress.

Plaintiffs and Intervenor contend that Gustavo Gonzalez' rights under the Fourteenth Amendment were violated. In order to prove an excessive force violation under the Fourteenth

Amendment, the plaintiff must show that the defendant unnecessarily, wantonly, and maliciously inflicted pain on him. Whether a use of force against a detainee is unnecessary, wanton, or malicious depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically for the very purpose of causing harm. In order to prove a violation under the Fourteenth Amendment in this case, therefore, Plaintiffs must prove each of the following two elements by a preponderance of the evidence:

First:   That Officer Ramirez used force against Gustavo Gonzalez maliciously and sadistically for the very purpose of causing him harm, and

Second:   That Gustavo Gonzalez suffered some non-de minimus harm as a result of Officer Ramirez's use of force.

If Plaintiffs and Intervenor fail to prove either of these elements, you must find for the Defendant, Officer Ramirez. The first element is to be evaluated by a subjective analysis of Officer Ramirez and his state of mind at the time. To act "maliciously" means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent. It is not enough to show negligence or even gross negligence. In deciding whether this element has been proved, I remind you that you must given police officers wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the prison.

Some of the things you may want to consider in determining whether Officer Ramirez unnecessarily and wantonly inflicted pain on Gustavo Gonzalez include (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any

7

efforts made to temper the severity of a forceful response. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The nature of reasonableness must embody allowance for the fact that officers are often forced to make split-second decisions–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation.

*Fifth Circuit Pattern Jury Charge.*

*Hudson v. McMillian*, 503 U.S.1 (1992).

*Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir.), *cert. denied*, 509 U.S. 905 (1993).

## QUALIFIED IMMUNITY

If you find that Plaintiffs and Intervenor have proven their claims, you must then consider Defendant Ramirez' defense of qualified immunity. If the officer establishes entitlement to this defense, then he is not liable.

For a public employee to be able to properly do the work of the public, that employee must be free of the constant fear of threatened lawsuits for every decision he makes. A public employee must understand that actions he takes in good faith to perform his job assignment will not be punished if such actions were reasonable under the circumstances. Without such reassurances, public employees would be unable to make those difficult or controversial decisions which are necessary to accomplish the public's business. Qualified immunity shields a public employee from liability for damages unless his conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." As a police officer, Defendant Gerardo Ramirez is a public employee.

In order to prove a claim of excessive force under the Fourteenth Amendment, Plaintiffs and Intervenor must prove that Officer Ramirez used force against Gustavo Gonzalez maliciously and sadistically, for the very purpose of causing harm and that Gustavo Gonzalez suffered some harm as a result. This is the law Defendant Ramirez is presumed to know as a public employee, and the standard by which to determine his entitlement to qualified immunity. If Plaintiffs and Intervenor fail to establish any one of the elements for excessive force, then the Defendant Ramirez acted in good faith and is entitled to the defense of qualified immunity.

A public employee is entitled to a jury verdict that he acted in good faith whenever the employee, at the time of the incident, reasonably believed that his actions were a proper exercise of

his discretion and within the course of his employment. The Plaintiffs and Intervenor have the burden of proving that Defendant Ramirez did not act in good faith.

Qualified immunity allows for mistaken judgments. Even if in hindsight Defendant Ramirez' actions violated Plaintiffs' and/or Intervenor's constitutional rights, nevertheless Defendant Ramirez is entitled to qualified immunity, if, in viewing the circumstances from Defendant Ramirez' perspective at the time, the conduct was objectively reasonable. If reasonable public officials could differ on the lawfulness of Defendant Ramirez' actions, Defendant Ramirez is entitled to qualified immunity.

Police officers are presumed to know about the basic, unquestioned constitutional rights of citizens. Thus Plaintiffs and Intervenor need not prove that Defendant Ramirez acted with the specific knowledge of Plaintiffs' or Intervenor's particular constitutional right that was allegedly violated.

If, after considering the scope of the discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the circumstances of the case as they would have reasonably appeared at the time, you find from a preponderance of the evidence that Defendant Ramirez had a reasonable and good faith belief that his actions would not violate Plaintiffs' or Intervenor's constitutional rights, then you cannot find Defendant Ramirez liable even if Plaintiffs' or Intervenor's rights were in fact violated as a result of his good faith actions.

*Saldaña v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982).

*Malley v. Briggs*, 475 U.S. 335 (1986).

*King v. Chide*, 974 F.2d 653 (5th Cir. 1992).

*Pfannstiel v. City of Marion*, 918 F.2d 1178 (5th Cir. 1990).

*Spann v. Rainey*, 987 F.2d 1110 (5th Cir. 1993).

*Mouille v. City of Live Oak, Texas*, 977 F.2d 924 (5th Cir. 1992).

*Colston v. Barnhart*, 130 F.3d 96 (5th Cir. 1997).

## BURDEN OF PROOF

Plaintiffs and Intervenor must prove by a preponderance of the evidence that the act or failure to act by Defendant Ramirez was a cause in fact of the damage Plaintiffs and Intervenor suffered. An act or a failure to act is a cause in fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The Plaintiffs and Intervenor must also prove by a preponderance of the evidence that the act or failure to act by the Defendants Ramirez was a proximate cause of the damage Plaintiffs and Intervenor suffered. An act or omission is a proximate cause of the Plaintiffs' and Intervenor's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

## DAMAGES

I will now instruct you on the law governing damages. However, the fact that I instruct you on the issue of damages should not be interpreted in any way as an indication that I believe the Plaintiffs or Intervenor should, or should not, prevail in this case.

**COMPENSATORY DAMAGES**

If you find that the Defendants are liable to the Plaintiffs and Intervenor, then you must determine an amount that is fair compensation for all of the Plaintiffs' and Intervenor's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiffs and Intervenor whole–that is, to compensate the Plaintiffs and Intervenor for the damage that the Plaintiffs and Intervenor have suffered, if any, from the injuries they sustained as a result of the Defendants' acts or omissions.

You may award compensatory damages only for injuries that the Plaintiffs and Intervenor prove were proximately caused by the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiffs' and Intervenor's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiffs and Intervenor have actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff and Intervenor prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You are specifically instructed that a person's constitutional rights have no intrinsic value. Thus, a plaintiff or Intervenor must prove more than that his constitutional rights were violated to prove that he or she suffered damages.

## CONCLUSION

You will now return to decide the case. In order to prevail, the Plaintiffs and Intervenor must sustain their burden of proof as I have explained to you with respect to each element of their complaint. If you find that the Plaintiffs and Intervenor have succeeded, you should return a verdict in his favor on that claim. If you find that the Plaintiffs and Intervenor failed to sustain their burden on any element of their claim or if you find that Defendant Ramirez is entitled to qualified immunity, you should return a verdict against them.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself, but you should do so only after a consideration of the case for himself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh you respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his conscientious beliefs solely for the purpose of returning a unanimous verdict.