United States District Court
Southern District of Texas
FILED

MAR 0 2 2004

Michael N. Milby
Clerk of Court

United States District Court
Southern District of Texas
ENTERED

MAR 0 3 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY E. CARRANZA, Individually and as Next Friend of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., and ALYSSA LAUREN GONZALEZ, Minor Children, et al., | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-180 |
| CITY OF LA FERIA, TEXAS, et al., | § § § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED, that on March 2, 2004, the Court considered and **GRANTED** the Defendant Valley Baptist Medical Center's ("VBMC") Motion for Summary Judgment [Dkt. No. 34].

### I. Factual and Procedural Background

Mary E. Carranza and Celia Muniz Gonzalez, the deceased's spouse and mother respectively, and the deceased's minor children bring this lawsuit alleging constitutional violations under 28 U.S.C. § 1983 and violations of the Texas Tort Claims Act ("TTCA"). See Plaintiffs' First Amended Original Complaint, [Dkt. No. 29]. In addition, Gustavo Gonzalez, the father of the deceased, intervenes in this suit under the Texas Wrongful Death Act, and also alleges constitutional violations under section 1983 and violations of the Texas Tort Claims Act. See Intervenor's First Amended Original Complaint [Dkt. No. 28].[1]

---

[1] For the purpose of this opinion, the term "Plaintiffs" refers to both the plaintiffs and the intervenor.

1

Plaintiffs originally alleged that on September 17, 2000, the deceased, Gustavo Gonzalez, was arrested for evading arrest by officers of the La Feria, Texas, Police Department. Plaintiffs' Original Complaint, at ¶ 17 [Dkt. No. 1]. During this arrest, Gonzalez was injured and subsequently taken to VBMC for treatment. Gonzalez remained in custody under police guard while he underwent treatment at VBMC.[2] On September 19, 2000, La Feria Police Officer Gerardo "Jerry" Ramirez was the posted guard on duty. Early in the morning on this date, Officer Ramirez and Gonzalez became involved in an "altercation," and Gonzalez was shot several times resulting in his death. Id. at ¶ 22. The parties agree that during this physical encounter, Gonzalez was handcuffed to his bed.

In their original petition, Plaintiffs and Intervenor alleged the City of La Feria, Texas, the La Feria Police Department, Officer Ramirez in his official and individual capacity, and VBMC violated the deceased's Fourth, Eighth, and Fourteenth Amendment rights while the deceased was in custody. This Court dismissed with prejudice all of Plaintiffs' Eighth and Fourth Amendment claims, all claims against the La Feria Police Department, and all claims against Defendant Officer Gerardo "Jerry" Ramirez in his official capacity. See Court's Order, February 10, 2003 [Dkt. No. 21]. Additionally, the Court dismissed without prejudice claims against the City of La Feria, which included claims under section 1983 and the Texas Tort Claims Act.

Plaintiffs filed an amended original complaint in which they reasserted claims against the City, and alleged VBMC was negligent when the hospital failed to use reasonable care in determining which safety and security measures should be used by VBMC staff and law enforcement guarding the deceased. See Pls' First Amended Original Complaint, at ¶ 44 [Dkt. No. 29]. Further, Plaintiffs asserted that VBMC had a duty to use reasonable care in formulating and implementing policies designed to protect the safety of its mentally ill patients and patients under police custody, in training and supervising its employees, and in determining what medical history information should be disclosed to city police officers guarding patients, such that proper measures can be taken by the law

---

[2]Defendants contend the deceased was a suspect in a murder, which necessitated 24-hour watch over him in the hospital.

enforcement agency to guard the patients. The Court has been informed that Plaintiffs have settled all claims against Defendants City of La Feria, Texas, and Officer Ramirez in his individual capacity. As a result, only Plaintiffs' claim of negligence against Defendant VBMC remains.

## II. Standard for Summary Judgment

Summary Judgment shall be granted if the record, taken as a whole, "together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual controversies, if any exist, are resolved in favor of the nonmoving party. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). See also Hunt v. Cromartie, 526 U.S. 541, 552 (1999). The party making a summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery documents that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) ("the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the non-moving party's case"). See also Colson v. Grohman, 174 F.3d 498, 506 (5th Cir.1999). Although the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," Celotex Corp., 477 U.S. at 327, the party "need not negate the elements of the nonmovant's case." Little, 37 F.3d at 1075 (citing Celotex, 477 U.S. at 323). If the moving party meets this burden, the non-movant then must designate specific facts, beyond the pleadings, showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Little, 37 F.3d at 1071 (citing Celotex, 477 U.S. at 325). "Unsubstantiated assertions" or "mere allegations or denials" will not adequately cast doubt on material facts at issue. See Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994). See also Fed. R. Civ. P. 56(e). Likewise, the nonmovant must present more than a mere "scintilla" of evidence. See Davis v. Chevron U.S.A., Inc., 14 F.3d 1082 (5th Cir. 1994). The evidence must be viewed in the light most favorable to the nonmovant. See Whelan v. Winchester Prod. Co., 319 F.3d 225, 228 (5th Cir. 2003); Walker v. Thompson, 214 F.3d 615, 624 (5th Cir. 2000). Summary Judgment should be granted "when the nonmoving party fails to meet its burden

to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." Little, 37 F.3d at 1071.

### III. **Defendant VBMC's Motion for Summary Judgment**

Defendant VBMC argues in its motion for summary judgment that Plaintiffs lack expert testimony to prove the deceased suffered from a serious mental illness and to prove VBMC was negligent in its failure to adequately provide for the safety and security of the deceased, an alleged mentally ill patient. See VBMC's Motion for Summary Judgment, at p. 3 [Dkt. No. 34].

Plaintiffs have not filed a response to Defendant VBMC's Motion for Summary Judgment. Local Rule 7.4 states that failure to respond to such a motion is interpreted as a representation of no opposition. Nevertheless, a Court cannot grant summary judgment simply because there has been no opposition to the motion. Hibernia Nat'l Bank v. Admin. Cental Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985) (citation omitted). Stated differently, the Court may not issue a default summary judgment. The Court may, however, accept as undisputed the movant's version of the facts and grant summary judgment where the movant has met his initial burden of making a prima facie showing of his entitlement to summary judgment. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). If the movant fails to meet his initial burden, the nonmovant is not required to respond to the motion. See John v. State of Louisiana (Board of Trustees for State Colleges and Universities), 757 F.2d 698, 708 (5th Cir. 1985). But, once a movant meets his initial burden, the nonmovant is not permitted to rest on the "mere allegations of his pleadings." Isquith for and on Behalf of Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 199 (5th Cir. 1988).

Under Texas law, a plaintiff alleging medical negligence must prove: (1) a duty by the hospital to act according to a certain standard; (2) breach of the applicable standard of care; (3) injury; and (4) casual connection between the breach of care and the injury. See, e.g., Mills v. Angel, 995 S.W.2d 262, 267 (Tex.App.–Fort Worth 1997, no pet.); Bradford v. Alexander, 886 S.W.2d 394, 396 (Tex.App.–Houston [1st Dist.] 1994, no writ). As Defendant VBMC's arguments suggest, in such a case as this, the standard of care is a threshold issue that the plaintiff must address and establish before the fact-finding jury

considers whether the Defendant breached that standard to the extent that negligence is established. See Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003) (citing Mills, 995 S.W.2d at 268) (other citations omitted). In order to accomplish this task, the Plaintiff will often need to come forward with expert testimony to prove the applicable standard of care. See id. at 567 (citing Hood v. Phillips, 554 S.W.2d 160, 165-66 (Tex. 1977); Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 782 (1949); Mills, 995 S.W.2d at 268)). Furthermore, although a hospital's own rules or policies may be evidence of a standard of care, these rules alone cannot provide the governing standard of care. See id. at 586 (citing Mills, 995 S.W.2d at 268) (other citations omitted).

As Defendant VBMC points out in its motion for summary judgment, Plaintiffs have not designated any experts to date. The Court has reviewed Plaintiffs' witness list, which accompanies their Joint Pretrial Order, and no expert witness on the standard of care is listed. Without such a designation, or frankly some response by the Plaintiff arguing either that an expert is not needed or that Plaintiffs intend to call an expert designated by the Defendants, the Court cannot conclude that Plaintiffs have met their burden in producing evidence of an essential element–that is, evidence of the standard of care for patient safety and hospital security. The Plaintiffs have had every opportunity to come forward with such evidence, and the Court can only assume their decision to not do so is intentional or even strategic in some way.[3]

---

[3] Defendant VBMC also argues the Plaintiffs lack expert testimony to prove the deceased suffered from a serious mental illness. See Defendant VBMC's Motion for Summary Judgment, at p. 2 [Dkt. No. 34]. The Court does not reach this issue because Plaintiff has failed to provide expert testimony on the threshold issue of the standard of care.

### IV. Conclusion

For the reasons discussed above, the Court **GRANTS** the Defendant VBMC's Motion for Summary Judgment [Dkt. No. 34].

The final pretrial conference scheduled for Thursday, March 4, 2004, at 1:30 p.m. is **CANCELLED**.

DONE at Brownsville, Texas, this 2nd day of March, 2004.

_Hilda Tagle_
Hilda G. Tagle
United States District Judge