IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARY E. CARRANZA, Individually<br>And as Next Friend of ANGEL<br>MATTHEW GONZALEZ, GUSTAVO<br>GONZALEZ, JR. and ALYSSA LAUREN<br>GONZALEZ, Minor Children<br>And on Behalf of All of Those Entitled<br>To Recover for Death of GUSTAVO<br>GONZALEZ, Deceased, Under the<br>Texas Wrongful Death Act, and<br>CELIA MUNIZ GONZALEZ,<br>Individually and As Personal<br>Representative of the ESTATE OF<br>GUSTAVO GONZALEZ, Deceased<br><br>          Plaintiffs<br>vs.<br><br>CITY OF LA FERIA, TEXAS,<br>LA FERIA POLICE DEPARTMENT,<br>OFFICER GERARDO "JERRY"<br>RAMIREZ, Individually and in his<br>Official Capacity; and<br>VALLEY BAPTIST MEDICAL CENTER<br><br>          Defendants<br><br>GUSTAVO GONZALEZ, Individually<br>Pursuant to the Texas Wrongful Death<br>Act for the death of GUSTAVO<br>GONZALEZ, Deceased<br><br>          Intervenor<br>vs.<br><br>CITY OF LA FERIA, TEXAS<br>OFFICER GERARDO "JERRY"<br>RAMIREZ, Individually and in his<br>Official Capacity; and<br>VALLEY BAPTIST MEDICAL CENTER<br><br>         Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §<br><br>CIVIL ACTION. NO. B-02-180 |

## PLAINTIFFS' AND INTENVENOR'S MOTION FOR RECONSIDERATION OF VALLEY BAPTIST MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT AND FOR LEAVE TO FILE PLAINTIFFS' RESPONSE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs' Unopposed Motion for Reconsideration
of Court's Order of Dismissal and Brief in Support
Page 1

COMES NOW, Plaintiffs and Intervenor's file this Motion for Reconsideration pursuant to F.R.C.P 59 and 60(b) and for leave to file Plaintiff's Response to Valley Baptist Medical Center's Motion for Summary Judgment and, in support thereof would respectfully show the Court the following:

## I.
## BACKGROUND

Plaintiffs brought claims against Defendant Valley Baptist Medical Center based upon allegations of negligence regarding safety and security practices used or not used by Valley Baptist Medical Center non-medical security staff. Plaintiffs and Intervenor claim that Valley Baptist Medical Center was negligent in the formulation and implementation of policies designed to protect the safety of patients under police custody; in training and supervising its employees; and in determining what information should be disclosed to police officers guarding patients so that they might appropriately guard the same. At no time have Plaintiffs alleged that Defendant Valley Baptist Medical Center was guilty of *medical malpractice* under §4590i of the MEDICAL LIABILITY AND INSURANCE IMPROVEMENT ACT OF TEXAS, nor have Plaintiffs ever claimed that their decedent received inadequate medical care or complained about any medical procedure performed upon him while he was admitted at the Valley Baptist Medical Center.

On September 12, 2003, Defendant Valley Baptist Medical Center filed its Motion for Summary Judgment. Valley Baptist Medical Center's motion was based upon the argument that expert testimony was *required* to prove that Plaintiffs' decedent suffered from a mental illness and also *required to establish a standard of care for patients safety and hospital security*. Valley Baptist Medical Center further argued that, in the absence of

Plaintiffs' Motion for Reconsideration VBMC's Motion
for Summary Judgment and Leave to File Response
Page 2

expert testimony to establish the two aforementioned items, Plaintiffs could not present evidence in support of this aspect of their claims.

Plaintiffs did not respond to Defendant's Motion and have relied upon their pleadings. Although Plaintiffs' decedent may have suffered from a mental illness, this is not an element of their claim. The gravamen of the claim against the hospital is that Gustavo Gonzalez was killed as a result of the hospital's failure to use reasonable care in determining what safety and security measures should be used by its (non-medical) security staff in guarding a patient; failure to use reasonable care in formulating and implementing policies designed to protect the safety of patients under police custody; and in failing to adequately train and supervise its employees. Plaintiffs' claims revolve around the fact that Mr. Gonzalez was admitted as an in custody patient at the time he was killed, _not_ the nature of his injuries or the quality of his care during his stay.

Therefore, while Mr. Gonzalez' mental condition may be an interesting or even relevant fact in the case, it is not an essential element *required* for proof of Plaintiffs' claims.

Valley Baptist Medical Center also asserted that *expert testimony was necessary* to establish the standard of care for patients' safety and hospital security in order for Plaintiffs to prove their claims of negligence as to hospital security. Valley Baptist cited no authority for this proposition, but rather argues that the issues go beyond the ordinary knowledge and expertise of lay people by describing the alleged negligence as involving medical procedures. Such characterizations of Plaintiffs and Intervenor's claims is incorrect. Believing that their claims are grounded in negligence rather than medical malpractice, Plaintiffs felt that no expert's testimony was necessary to establish the negligence elements of their claims.

Plaintiffs' Motion for Reconsideration VBMC's Motion
for Summary Judgment and Leave to File Response
Page 3

The position that the standard of non-medical, administrative, ministerial, or routine care at a hospital need not be established by expert testimony because the jury is competent from its own experience to determine and apply such a reasonable care standard is well settled in Texas law. *Mills v. Angel*, 995 S.W.2d 262, 268 (Tex.App.-Texarkana 1999); *Paul Medical Center v. Cecil*, 842 S.W.2d 808, 812 (Tex.App.-Dallas 1992); *Golden Villa Nursing Home, Inc. v. Smith*, 674 S.W.2d 343, 349 (Tex.App. 14 Dist. 1984).

## II.
## ARGUMENT

Plaintiffs now move the Court to grant their Motion for Reconsideration or Rehearing pursuant to Rule 59 and 60(b) based upon Plaintiffs' counsel's excusable neglect in not responding to Defendant Valley Baptist Medical Center's Motion for Summary Judgment.

1. Granting the Motion for Reconsideration would not prejudice Valley Baptist Medical Center as they would not be denied the opportunity to present any and all defenses heretofore available to them;
2. The length of the delay is minimal in that Plaintiffs are otherwise ready for trial;
3. The delay is not the fault of the Plaintiffs; and
4. The Plaintiffs Motion is made in good faith.

Plaintiffs also move the Court grant its Motion for Reconsideration and Rehearing of Defendant Valley Baptist Medical Center's Motion for Summary Judgment in the interest of justice. *Pioneer Investment Services Company v. Brunswick Associates*, 507 U.S. 380-391, 113 S.Ct. 1489, 1496 (1993). Granting Plaintiffs' Motion for

Plaintiffs' Motion for Reconsideration VBMC's Motion
for Summary Judgment and Leave to File Response
Page 4


LAW OFFICE OF PHILLIP J. STEIN, P.C.
14-A Palm Village Center
Brownsville, Texas 78520
(956) 541-9243
(956) 541-9244 - Fax

By: *Phillip J. Stein (wp) A.H.*
Phillip J. Stein
State Bar No. 19129600
Federal I.D. No. 24943

ATTORNEY FOR INTERVENOR

## CERTIFICATE OF CONFERENCE

I certify that on March 12, 2004, I conferred with Defendant's Attorney of Record, and he is opposed to this motion.

*Phillip J. Stein (wp) A.H.*
Phillip Stein

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing *Plaintiffs and Intervenor's Motion for Reconsideration of Valley Baptist Medical Center's Motion for Summary Judgment and for Leave to File Plaintiffs' Response* was this the 12th day of March, 2004, served by Certified Mail, Return Receipt Requested and U.S. Regular Mail on:

Charles Willette, Jr.
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Phillip J. Stein
THE LAW OFFICE OF PHILLIP J. STEIN, P.C.
14-A Palm Village Center
Brownsville, Texas 78520

*Phillip J. Stein (wp) A.H.*
Phillip Stein

Plaintiffs' Motion for Reconsideration VBMC's Motion
for Summary Judgment and Leave to File Response
Page 6

Reconsideration or Rehearing would satisfy the equitable concern of whether the litigants receive a ruling on the merits of the claim on Defendant Valley Baptist's Motion for Summary Judgment and the issues contained therein. *Bovee v. Coopers and Lybrand CPA*, 272 F.3d 356, 364 (6th Cir. 2001).

### III.
### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that this Honorable Court grant its Motion for Reconsideration/Rehearing pursuant to Federal Rules of Civil Procedure 59 and 60(b) due to mistake or excusable neglect and on equitable grounds, grant its Motion for Leave to file its response to Defendant Valley Baptist Medical Center's Motion for Summary Judgment.

Respectfully submitted,

WATTS LAW FIRM, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
(361) 887-0500
(361) 887-0055 – Fax

By: *Joseph Barrientos (wp) A.H.*
Mikal C. Watts
State Bar No. 20981820
Federal I. D. No. 12419

Joseph Barrientos
State Bar No. 01816495
Federal I.D. No. 15032

ATTORNEYS FOR PLAINTIFFS

Plaintiffs' Motion for Reconsideration VBMC's Motion
for Summary Judgment and Leave to File Response
Page 5