IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 07 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARY E. CARRANZA, Individually and and As Next Friend of ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., and ALYSSA LAUREN GONZALEZ, Minor Children, et. al.<br>　　　　Plaintiffs<br><br>VS.<br><br>CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER<br>　　　　Defendants<br><br>GUSTAVO GONZALEZ, Individually Pursuant to the Texas Wrongful Death Act for the death of GUSTAVO GONZALEZ, Deceased<br>　　　　Intervenors<br><br>VS.<br><br>CITY OF LA FERIA, TEXAS, OFFICER GERARDO "JERRY" RAMIREZ, Individually and in his Official Capacity; and VALLEY BAPTIST MEDICAL CENTER<br>　　　　Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. B-02-180 |

### DEFENDANT VALLEY BAPTIST MEDICAL CENTER'S RESPONSE TO PLAINTIFFS' AND INTERVENORS' POST-SUMMARY JUDGMENT MOTIONS AND BRIEFING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Valley Baptist Medical Center, named Defendant in the above styled and numbered cause, and respectfully makes and submits this, its Response to Plaintiffs' and Intervenors' Post-Summary Judgment Motions and Briefing, showing in support thereof as follows:

## I. Defects in Plaintiffs' and Intervenors' Request for Reconsideration of the Summary Judgment

### A. Plaintiffs and Intervenors neglected to serve VBMC with a copy of their motion.

The certificate of conference for Plaintiffs' and Intervenors' "Motion for Reconsideration of Valley Baptist Medical Center's Motion for Summary Judgment and Motion for Leave to File Plaintiffs' Response" states that the motion was served on counsel for the La Feria defendants (who had already settled and had no interest in the motion) and on the intervenors themselves. Plaintiffs and Intervenors did not serve counsel for defendant Valley Baptist Medical Center. In so doing, plaintiffs and intervenors have violated Federal Rule of Civil Procedure 5(a) and Local Rules 5.4 and 5.6.

### B.   Plaintiffs' and intervenors' certificate of conference is false because no one ever conferred with counsel for VBMC about the motion.

The certificate of conference for the motion states that counsel for the intervenors conferred with Defendant's Attorney of Record. This is incorrect. No one ever conferred with VBMC's counsel regarding this motion. Because plaintiffs and intervenors never conferred with VBMC's counsel about their motion and furthermore failed to serve VBMC with a copy of their motion, VBMC's counsel was not even aware that a motion had been filed until discovering it on April 1, 2004 while conducting its own independent inquiry regarding the status of the case on the Court's PACER system. Local Rules 5.6 and 7.1 require a certificate of conference. While plaintiffs and intervenors did supply such a certificate, the certificate provided was false and made in bad faith.

### C. The response to VBMC's motion for summary judgment is more than five months late.

Judge Tagle's Civil Procedures require responses to opposed motions to be filed within twenty days after the motion is filed. S.D.TEX. (BROWNSVILLE) R. 5(C). VBMC filed its motion for summary judgment on September 12, 2003. The response to the motion was therefore due on October 3, 2003. As of March 3, 2004, when this Court granted VBMC's motion, plaintiffs and intervenors had not filed any response. After summary judgment was already granted, plaintiffs and intervenors finally responded to the motion on March 24, 2004, 190 days after the motion was filed, 170 days after any response was due, and 21 days after the case was effectively dismissed against VBMC.

### D. Plaintiffs and Intervenors have shown no good cause to permit a late response.

Brownsville Division Local Rule 5(F) provides that:

> Any motion, response, or reply filed after the time limits contained in these rules must be accompanied by a motion for leave to file that explains why the document was not timely filed. The Court will only grant a motion for leave to file a motion, response or reply late if good cause is shown.

Plaintiffs and intervenors' motion fails to explain why the response was not timely filed and shows no good cause for permitting a late reply. The motion does state that, rather than responding to the motion, plaintiffs and intervenors "relied on their pleadings." This suggests a conscious decision not to respond to the motion. Now that VBMC's motion has been granted, plaintiffs and intervenors are apparently reconsidering that decision. This situation provides neither a satisfactory explanation for the failure to timely respond to VBMC's motion nor "good cause" to permit a late filing.

## II. Summary Judgment Was Proper

**A.     Because security and treatment for mentally ill patients is beyond the knowledge and experience of laypeople, expert testimony was required.**

Plaintiffs and intervenors have made no attempt to demonstrate how lay jurors would be competent to evaluate their claims without the aid of expert testimony. Instead, they rely on an artificial distinction between "medical" and "non-medical" activities which is not supported by a close reading of the case law.

Plaintiffs and intervenors contend that they need no expert testimony because the negligence they allege the hospital engaged in was "non-medical." However, the deciding factor is not whether the hospital's acts or omissions are "medical" and "non-medical," but whether the nature of the alleged negligence is within the common knowledge of laypeople. The reason expert testimony is generally required when the underlying issues involve medical procedures is not simply because the procedures are labeled as "medical," but because "the nature of the alleged negligence is not within the common knowledge of laymen. *Mills v. Angel*, 995 S.W.2d 265, 268 (Tex. App.--Texarkana 1999, no pet.). The reason expert testimony is generally not required where the negligence involves "nonmedical, administrative, ministerial or routine care" is not simply because the acts or omissions fit into those categories, but "because the jury is competent from its own experience to determine and apply . . . a reasonable care standard." *Id.*

A jury is not competent from its own experience to determine the proper security and treatment for a potentially dangerous mentally ill patient. As VBMC argued in its original motion, providing for the safety and security of mentally ill patients at an acute care facility such as Valley Baptist Medical Center is a complicated task. The potentially antagonistic needs and rights of the

patient, other patients, and hospital staff must all be considered. These issues go beyond the ordinary knowledge and expertise of lay people.

**B.    Plaintiffs and intervenors also need expert testimony regarding the deceased's mental illness.**

A fundamental element of plaintiffs' and intervenors' complaint was that the deceased was "suffering from a serious mental illness that made him a possible danger to himself or others." Their criticism of the security at VBMC is wholly dependent on proof that the deceased was, indeed, suffering from a dangerous and menacing mental illness. Plaintiffs and intervenors attempt to distance themselves from these pleadings in their response to VBMC's summary judgment motion, arguing that the deceased's mental illness is not an essential element of their claim. But if the deceased was not suffering from a dangerous mental illness, then there would have been no need for any special security measures. Plaintiffs and intervenors cannot have it both ways. Either they will contend that extraordinary security was required to address the deceased's mental illness, in which case they must prove the nature of that mental illness through competent expert testimony, or the evidence will fail to establish that the deceased suffered from a dangerous mental illness, in which case there will be no basis for contending that any special security was warranted.

### III. Conclusion and prayer

Plaintiffs and intervenors have disregarded this court's rules for service of papers on opposing counsel and certificates of conference. They let VBMC's motion for summary judgment sit pending before the court for approximately six months without a response, stirring only when this court granted the motion. They fail to show any "good cause" for allowing their late briefing or reconsidering this Court's ruling. They advance strained interpretations of their pleadings and the case law in an attempt to excuse their failure to obtain any expert testimony supporting their claims.

This court properly granted summary judgment and should deny plaintiffs' and intervenors' motion for reconsideration and motion for leave to respond to VBMC's motion for summary judgment.

Respectfully submitted,

*William L. Pope w/perm*

**WILLIAM L. POPE**, Attorney in Charge
State Bar No. 16139020
Federal ID No. 8970
**SCOTT T. CLARK**, Of Counsel
State Bar No. 00795896
Federal ID No. 21676
**ADAMS & GRAHAM, L.L.P.**
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551
Telephone: (956) 428-7495
Facsimile:  (956) 428-2954

Attorney for *Defendant*, VALLEY BAPTIST MEDICAL CENTER

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing DEFENDANT VALLEY BAPTIST MEDICAL CENTER'S RESPONSE TO PLAINTIFFS' AND INTERVENOR'S POST-SUMMARY JUDGMENT MOTIONS AND BRIEFING has on April 6th, 2004, been forwarded via certified mail, return receipt requested to all counsel of record, as follows:

Attorney for *Plaintiffs*, MARY E. CARRANZA, INDIVIDUALLY AND AS NEXT FRIEND OF ANGEL MATTHEW GONZALEZ, GUSTAVO GONZALEZ, JR., AND ALYSSA LAUREN GONZALEZ, MINOR CHILDREN, ET. AL.:

| | |
|---|---|
| G. Joseph Barrientos<br>**WATTS LAW FIRM, L.L.P.**<br>555 N. Carancahua, Suite 1400<br>Corpus Christi, Texas 78478 | *Via CM/RRR 7003 2260 0000 0440 2817* |

Attorney for *Intervenor*, GUSTAVO GONZALEZ, INDIVIDUALLY PURSUANT TO THE TEXAS WRONGFUL DEATH ACT, FOR THE DEATH OF GUSTAVO GONZALEZ, DECEASED:

| | |
|---|---|
| Phillip J. Stein<br>**LAW OFFICE OF PHILLIP J. STEIN, P.C.**<br>14-A Palm Village Center<br>Brownsville, Texas 78520 | *Via CM/RRR 7003 2260 0000 0440 2824* |

Attorney for *Defendant*, CITY OF LA FERIA, TEXAS, LA FERIA POLICE DEPARTMENT, OFFICER GERARDO "JERRY" RAMIREZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY:

| | |
|---|---|
| Charles Willette<br>**WILLETTE & GUERRA, L.L.P.**<br>International Plaza, Suite 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas 78521 | *Via Ordinary Mail* |

_____
**SCOTT T. CLARK**